MICHAEL J. AGUIRRE, City Attorney
WENDY E. DAVISSON, Deputy City Attorney
California State Bar No. 199146
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856

Attorneys for Defendants
TAGABAN AND GRIFFIN

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS WILSON; ESMERALDA TAGABAN; GRIFFIN; LEMUS,<br><br>    Defendants. | Case No.  08cv408 (WQH)  BLM<br><br>**DEFENDANTS GRIFFIN AND TAGABAN'S ANSWER TO PLAINTIFF'S COMPLAINT** |

    Defendants TAGABAN and GRIFFIN (hereinafter "Defendants") named in the caption of the Plaintiff's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("Complaint"), and sued therein both in an individual and official capacity, do hereby individually and collectively, answer that Complaint and demand a trial by jury for all issues pursuant to Federal Rule of Civil Procedure 38(b), and as follows:

    Paragraph 1 [A. Jurisdiction of the Parties] Defendants affirmatively alleged that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all, and every allegation contained in said paragraph is denied.

    Paragraph 2 [B. Parties] Defendants have insufficient information to admit or deny the allegations contained therein, and therefore, generally and specifically, deny the same.  Certain allegations may or do present legal conclusions and questions of law to be determined by the

court to which no answer is required or a general and specific denial is made.

Paragraph 3 [2. Defendants] Defendants have insufficient information to admit or deny the allegations contained therein, and therefore, generally and specifically, deny the same. Defendants admit that the San Diego Police Department and/or the City of San Diego hire and/or employ police officers, that Defendants were so employed in or about the year 2006, and the month of March therein, and that their employment was within the County of San Diego. Certain allegations may or do present factual and/or legal questions and/or conclusions to be admitted by others or to be determined by the Court to which no answer is required or a general and specific denial is made.

Paragraph 4 [C. Cause of Action- Count 1 [And 2] - Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive use of Force"] Defendants deny the allegations contained therein, and/or have insufficient information to admit or deny the allegations and therefore, generally and specifically, deny the same. A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain allegations may or do present factual and/or legal questions and/or conclusions to be admitted by others or to be determined by the Court to which no answer is required or a general and specific denial is made.

Page 4 of 8 indicates in the initial paragraph Count 2 - Violation of Civil Rights – "14th Amendment USCA Unreasonable Search and Seizure; Excessive use of Force", and the subsequent sub-paragraph "Supporting Facts" appears to be a continuance of the factual allegations set forth on the previous page relating to Cause of Action- Count 1 [and/or 2] - Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive use of Force". Defendants deny the allegations contained therein, and/or have insufficient information to admit or deny the allegations and therefore, generally and specifically, deny the same. A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain allegations may or do present factual and/or legal questions and/or conclusions to be admitted by others or to be determined by the Court to which no answer is required or a general and specific denial is made.

/ / / /

1      Page 5 of 8 indicates in the initial paragraph Count 3 - Violation of Civil Rights – "14th
2  Amendment USCA Unreasonable Search and Seizure; Excessive use of Force", and the
3  subsequent sub-paragraph "Supporting Facts" appears to be a continuance of the factual
4  allegations set forth on the previous page(s) relating to Cause of Action- Count 1 [and/or 2] -
5  Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive
6  use of Force".  Defendants deny the allegations contained therein, and/or have insufficient
7  information to admit or deny the allegations and therefore, generally and specifically, deny the
8  same.  A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain
9  allegations may or do present factual and/or legal questions and/or conclusions to be admitted by
10 others or to be determined by the Court to which no answer is required or a general and specific
11 denial is made.
12      Paragraph 5 [D. Previous Lawsuits and Administrative Relief] Defendants have
13 insufficient information to admit or deny the allegations contained therein, and therefore,
14 generally and specifically, deny the same.  A general and specific denial is made as to the sub-
15 paragraph regarding the question "have you previously sought and exhausted all forms of
16 informal or formal relief . . . ." and as to the allegations specifically made therein.
17      Paragraph 6 [E. Request for Relief] Defendants have insufficient information to admit or
18 deny the allegations contained therein, and therefore, generally and specifically, deny the same.
19 A general and specific denial is made as to sub-paragraph "2. Damages."  A general and specific
20 denial is made as to sub-paragraph "3. Punitive Damages." Certain allegations may or do present
21 legal conclusions and questions of law to be determined by the court to which no answer is
22 required or a general and specific denial is made.
23      Paragraph 7 [F. Demand for Jury Trial] Defendants have insufficient information to admit
24 or deny the Plaintiff's allegations, and therefore, generally and specifically, deny the same.   A
25 demand for a trial by jury for all issues is requested by the Defendants.
26      Paragraph 8 [G. Consent to Magistrate Judge Jurisdiction] Defendants have insufficient
27 information to admit or deny the Plaintiff's allegations, and therefore, generally and specifically,
28 deny the same.

**AFFIRMATIVE DEFENSES**

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, Defendants allege the following:

**I**

The Complaint fails to state facts sufficient to constitute a cause of action against Defendants, and each of them.

**II**

Plaintiff does not have standing to seek relief for the causes of actions, as set forth in the Complaint.

**III**

Defendants, and each of them, acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

**IV**

Defendants, and each of them, are immune from liability, including in that a public entity/employee is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

**V**

Defendants, and each of them, are not liable for an injury arising out of act or omission where the employee(s) and/or entity is/are immune from liability.

**VI**

Defendants, and each of them, are not liable for punitive damages.

**VII**

Defendants, and each of them, are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**VIII**

Defendants, and each of them, are not liable while acting within the scope of their duties for injuries resulting from lawful, judicial or administrative proceedings.

/ / / /

**IX**

Defendants, and each of them, are not liable for the execution or enforcement of the California Code, including the Penal Code, including where due care is exercised.

**X**

Defendants, and each of them, are not liable for violation of the plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

**XI**

The use of force, if any, at the time of the contact at issue, was undertaken and/or attempted so as to persuade the plaintiff to follow directions; and each defendant alleged to have used force conducted themselves in a manner that was necessary for the occasion.

**XII**

Plaintiff himself was negligent in and about the matters alleged in the Complaint and said carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

**XIII**

Defendants, and each of them, were at all times alleged in the Complaint performing duties required by law under conditions required by law.

**XIV**

Any and all acts and/or the alleged acts of Defendants, and each of them, at or near the time alleged in the Complaint were reasonable and each defendant had reasonable and/or probable cause to act in the manner that they did.  At the time of the detention, arrest and/or incarceration complained of in the Complaint, Defendants had probable cause to believe Plaintiff had committed an unlawful offense, and/or an unlawful offense in the presence of an officer.

**XV**

Defendants, and each of them, are not liable pursuant to Government Code section 815.2(b) and 820.2 in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public employees and officers.

### XVI

Defendants, and each of them, are not liable pursuant to Government Code section 815.2(b) and Penal Code section 847 in that any detention or arrest was lawful.

### XVII

Defendants and each of them and/or a public employee is not liable for his acts or omissions, while exercising due care, in the execution or enforcement of any law, including pursuant to Government Code section §§ 820.4 and/or 815.2.

### XVIII

Defendants and each of them and/or a public employee is not liable for an injury caused by the act or omission of another person, including pursuant to Government Code section 820.8.

### XIX

Defendants are not liable for any injury, including any injury caused by an alleged failure to furnish or obtain medical care for a person in custody, and including pursuant to Government Code sections 844.6 and or 845.6.

### XX

Defendants, and each of them, are not liable as Plaintiff's own acts and conduct caused the underlying events at issues in the Complaint to occur, and but for the acts of the Plaintiff, the events alleged in the Complaint would not have occurred, and/or Plaintiff would not have been involved or engaged or otherwise subject to the matters alleged in his Complaint, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the Complaint.

### XXI

The Complaint is barred by operation of law, including the applicable statute of limitations for this action, and/or applicable claims presentation requirements, including that Plaintiff failed to comply with the claims presentation requirements set forth in Government Code section 901, et seq.

/ / / /

## XXII

As to the acts alleged undertaken by Defendants, and each of them, the conduct in question did not constitute a violation of a federally protected right.

## XXIII

As to the acts alleged undertaken by Defendants, and each of them, each and all of the said individual defendants are shielded from liability pursuant to the doctrine of qualified immunity. At all times, Defendants acted within the scope of employment and with probable cause.

## XXIV

A reservation of right is made to allow amendment of the Answer, to change or add an Answer and/or affirmative defense.

WHEREFORE, these answering defendants pray judgment as follows:

1. Dismissal of the Plaintiff's case

2. Plaintiff takes nothing by his Complaint;

3. Defendants receive their costs of suit incurred herein;

4. Such other relief as the court deems proper.

Dated: April 15, 2008                    MICHAEL J. AGUIRRE, City Attorney

By  /s/ Wendy Davisson
     Wendy E. Davisson
     Deputy City Attorney
Attorneys for Defendants
TAGABAN AND GRIFFIN