UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, CDCR #F-79985,<br><br>              Plaintiff,<br>v.<br><br>DENNIS WILSON, San Diego Police Officer; ESMERALDA TAGABAN, San Diego Police Officer; SERGEANT GRIFFIN; DETECTIVE LEMUS,<br><br>              Defendants. | Case No. 08cv0408-WQH (BLM)<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Doc. No. 13]** |

On April 21, 2008, Plaintiff, who is proceeding *pro se* and *in forma pauperis* with a Complaint brought pursuant to 42 U.S.C. § 1983, filed an *ex parte* motion[1] requesting assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Doc. No. 13 ("Pl.'s Mot."). Plaintiff requests appointment of counsel because he is disabled, indigent and incarcerated. Id. at 4. He claims his incarceration prevents him from accessing (1) "means to investigate or gather evidence including court documents and witnesses" and (2) documents involving police personnel,

---

[1] The Court construes Plaintiff's Request for Appointment of Counsel as an *ex parte* motion.

1  which he contends are "protected by laws of anonymity and shielding."
2  Id.

3  "There is no constitutional right to appointed counsel in a § 1983 action." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981)); see also Hedges v. Resolution Trust Corp. (In re Hedges), 32 F.3d 1360, 1363 (9th Cir. 1994) ("there is no absolute right to counsel in civil proceedings"). Thus, federal courts do not have the authority "to make coercive appointments of counsel." Mallard v. United States District Court, 490 U.S. 296, 310 (1989); see also United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under [28 U.S.C. § 1915] is discretionary, not mandatory").

District courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff first requests the appointment of counsel because he cannot afford to hire an attorney. Pl.'s Mot. at 4. While indigence is one prerequisite to any request for appointment of counsel under section 1915(e)(1), Plaintiff must also plead facts which show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.

Agyeman, 390 F.3d at 1103.  Plaintiff has not made such a showing.  In fact, the district judge already has determined that Plaintiff's *pro se* Complaint alleges excessive force claims sufficient to survive the initial screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and has directed the U.S. Marshal to effect service on Plaintiff's behalf. See Doc. No. 3.  Moreover, Plaintiff's claims of excessive force against San Diego Police Officers are not particularly "complex" or unique. C.f. Agyeman, 390 F.3d at 1103.

Similarly, Plaintiff provides no explanation of how he is disabled or in what way his alleged disability impacts his ability to articulate his claims.  Petitioner also provides no specific description of what documents he believes are necessary to prove his case or why his present state of incarceration would prevent his from serving written document requests or subpoenas on Defendants in accordance with the Federal Rules of Civil Procedure.  Accordingly, the Court concludes that Plaintiff has failed to demonstrate that he cannot adequately articulate his claims or pursue his case without counsel.  See Agyeman, 390 F.3d at 1103.

For the foregoing reasons, the Court find that Plaintiff has not alleged the requisite "exceptional circumstances" and hereby **DENIES** Plaintiff's Request for Appointment of Counsel [Doc. No. 13].

**IT IS SO ORDERED.**

DATED:  April 23, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL