1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 | WILLIAM JOHN DAUGHTERY, CDCR    ) Case No. 08cv0408-WQH (BLM)
   | #F-79985,                       )
12 |                                 ) **ORDER DENYING *EX PARTE* MOTION**
   |              Plaintiff,         ) **FOR RECONSIDERATION OF ORDER**
13 | v.                              ) **DENYING APPOINTMENT OF COUNSEL**
   |                                 )
14 | DENNIS WILSON, San Diego Police ) **[Doc. No. 20]**
   | Officer; ESMERALDA TAGABAN, San )
15 | Diego Police Officer; SERGEANT  )
   | GRIFFIN; DETECTIVE LEMUS,       )
16 |                                 )
   |              Defendants.        )
17 |_____)

18        On April 21, 2008, Plaintiff, who is proceeding *pro se* and *in forma*

19 *pauperis* with a Complaint brought pursuant to 42 U.S.C. § 1983, filed a

20 request for assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).

21 Doc. No. 13.  This Court denied his request on April 23, 2008, finding

22 that Plaintiff had failed to demonstrate the requisite "exceptional

23 circumstances" to justify appointment of counsel.  Doc. No. 14.

24        Plaintiff now seeks reconsideration of the Court's order.  Doc. No.

25 20 ("Pet'r Mot.").  In support of his motion, Plaintiff presents

26 additional facts and argument, which he contends provide justification

27 for alteration of this Court's prior findings and appointment of

28 counsel.  First, Plaintiff explains that he suffers from, and takes

medication for, clinical depression and anxiety. Id. at 3-4. According to Plaintiff, these mental illnesses, coupled with the medications he takes to treat them, impact his concentration, "rational processes" and ability to "act as a normal person can act." Id. at 4. Second, Plaintiff contends that several physical infirmities - some caused by the alleged excessive force and some pre-existing - cause him constant pain. Id. at 4-5. The pain, and the medication he takes to ease the pain, allegedly impact Plaintiff's ability to concentrate, type and see (in regard to this last symptom, Plaintiff claims that glaucoma causes him to suffer eye fatigue, partial blindness, and headaches). Id. Third, Plaintiff lists various pieces of evidence he will need in order to pursue his case[1], which he argues may be unavailable to him without the assistance of counsel. Id. at 5-7. For instance, Plaintiff contends that without access to trial records and phone books, he cannot locate and contact the civilian and police witnesses or find and hire an expert witness. Id. Plaintiff also asserts that the prison will not disclose medical or psychological records to inmates as a matter of prison policy. Id. Finally, Plaintiff submits that he cannot adequately pursue his case because he can only make collect telephone calls (and people rarely accept the charges), he has limited access to the prison library and no access to the internet or telephone books, and he cannot afford to pay an attorney or the "jailhouse lawyers" who

---

[1] Specifically, Plaintiff states that he will require access to police reports regarding the incident, an expert witness on the topic of police procedure, a tape recording of the drug "sting" operation, two witnesses to the incident, all of the officers involved in the incident, the green coat worn by Plaintiff and entered as an exhibit at trial, photographs of Plaintiff taken after the incident, medical records, and all of the transcripts and defense records from the underlying criminal trial. Pet'r Mot. at 5-7.

08cv0408-WQH (BLM)

1    prepared the instant motion. <u>Id.</u> at 7-10. In light of the totality of

2    these claimed "exceptional circumstances", Plaintiff contends that the

3    Court must appoint counsel to assist him. <u>Id.</u> at 9.

4        As this Court explained in its April 23, 2008 order, "[t]here is no

5    constitutional right to appointed counsel in a § 1983 action." <u>Rand v.</u>

6    <u>Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing <u>Storseth v.</u>

7    <u>Spellman</u>, 654 F.2d 1349, 1353 (9th Cir. 1981)); <u>see also</u> <u>Hedges v.</u>

8    <u>Resolution Trust Corp. (In re Hedges)</u>, 32 F.3d 1360, 1363 (9th Cir.

9    1994) ("there is no absolute right to counsel in civil proceedings").

10   Thus, federal courts do not have the authority "to make coercive

11   appointments of counsel." <u>Mallard v. United States District Court</u>, 490

12   U.S. 296, 310 (1989); <u>see also</u> <u>United States v. $292,888.04 in U.S.</u>

13   <u>Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel

14   under [28 U.S.C. § 1915] is discretionary, not mandatory").

15       District courts have discretion, however, pursuant to 28 U.S.C.

16   § 1915(e)(1), to request the voluntary assistance of counsel to

17   represent indigent civil litigants upon a showing of "exceptional

18   circumstances." <u>Agyeman v. Corrections Corp. of America</u>, 390 F.3d 1101,

19   1103 (9th Cir. 2004). Because the Court does not have a reasonable

20   method to compel or compensate counsel in such situations, it "will seek

21   volunteer counsel only in the most serious and exceptional cases."

22   <u>Shelton v. Chorley</u>, 2007 WL 3146999, *4 (E.D. Cal. 2007). "A finding of

23   the exceptional circumstances of the plaintiff seeking assistance

24   requires at least an evaluation of the likelihood of the plaintiff's

25   success on the merits and an evaluation of the plaintiff's ability to

26   articulate his claims 'in light of the complexity of the legal issues

27   involved.'" <u>Agyeman</u>, 390 F.3d at 1103 (quoting <u>Wilborn v. Escalderon</u>,

28   789 F.2d 1328, 1331 (9th Cir. 1986)).

1    Having reviewed Plaintiff's additional factual assertions and
2  arguments, the Court does not presently find that they present a basis
3  for reversing its prior decision.   At this early stage in the
4  proceedings, the Court cannot make a determination as to whether
5  Plaintiff is likely to succeed on the merits.   And, regardless of
6  whether he has done so on his own or with the assistance of "jailhouse
7  lawyers," Plaintiff *already* has adequately articulated his excessive
8  force claims.   <u>See</u> <u>Rand</u>, 113 F.3d at 1525; <u>Shelton</u>, 2007 WL 3146999 at
9  *4.   Moreover, the case as detailed in the Complaint and subsequent
10  filings is not unusually complex.

11    To the extent Plaintiff expresses concerns about his ability to
12  obtain discovery, these issues are not ripe for review as Plaintiff has
13  not yet attempted to obtain any of the discovery he details in his
14  motion or filed any motions related thereto.   Moreover, the Ninth
15  Circuit addressed just these types of concerns over a decade ago in
16  response to an appeal by a *pro se* prisoner pursuing a section 1983
17  action.   The prisoner argued that "had he had the assistance of counsel
18  during the early stages of the proceedings, he may well have fared
19  better-particularly in the realms of discovery and the securing of
20  expert testimony." <u>Rand</u>, 113 F.3d at 1525.   In response, the Ninth
21  Circuit explained that "this is not the test" because "any pro se
22  litigant certainly would be better served with the assistance of
23  counsel." <u>Id.</u>   The Court reconfirmed that the "test" for appointment
24  of counsel is a prisoner's demonstration of "exceptional circumstances"
25  based on likelihood of success on the merits and the ability to
26  articulate his claims.   <u>Id.</u>

27  ///

28  ///

4

For the foregoing reasons, the Court find that Plaintiff has not alleged the requisite "exceptional circumstances" and hereby **DENIES** Plaintiff's motion for reconsideration [Doc. No. 20] **WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED:  May 9, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL