MICHAEL J. AGUIRRE, City Attorney
WENDY E. DAVISSON, Deputy City Attorney
California State Bar No. 199146
　　　Office of the City Attorney
　　　1200 Third Avenue, Suite 1100
　　　San Diego, California 92101-4100
　　　Telephone:  (619) 533-5800
　　　Facsimile:   (619) 533-5856

Attorneys for Defendants
TAGABAN, GRIFFIN & LEMUS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DENNIS WILSON; ESMERALDA<br>TAGABAN; GRIFFIN; LEMUS,<br><br>　　　　Defendants. | Case No.  08cv408 (WQH)  BLM<br><br>**ANSWER TO PLAINTIFF'S<br>COMPLAINT BY DEFENDANT LEMUS** |

　　　　Defendant LEMUS (hereinafter "Defendant") named in the caption of the Plaintiff's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("Complaint"), and sued therein both in an individual and official capacity, does hereby answer that Complaint and demand a trial by jury for all issues pursuant to Federal Rule of Civil Procedure 38(b), and as follows:

**ANSWER**

　　　　Paragraph 1 [A. Jurisdiction of the Parties] Defendant affirmatively alleges that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all, and every allegation contained in said paragraph is denied.

　　　　Paragraph 2 [B. Parties] Defendant has insufficient information to admit or deny the allegations contained therein, and therefore, generally and specifically, deny the same.  Certain allegations relate to the Plaintiff's residency to which Defendant does not have personal

knowledge. Certain allegations may or do present legal conclusions and questions of law to be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 3 [2. Defendant] Defendant has insufficient information to admit or deny the allegations contained therein, and therefore, generally and specifically, deny the same.

Defendant admits that the San Diego Police Department and/or the City of San Diego hire and/or employ police officers, that Defendant was so employed in or about the year 2006, and the month of March therein, and that his employment was within the County of San Diego.

Defendant does also admit that in or about March 2006 Plaintiff did sell a controlled substance to an undercover law enforcement officer, and upon information and belief Plaintiff was taken into custody, arrested and charged with crime(s) relating to his conduct to engage in the sale of controlled substance(s) and or illegal activity.

Certain allegations may or do present factual and/or legal questions and/or conclusions to be admitted by others or to be determined by the Court to which no answer is required or a general and specific denial is made.

Paragraph 4 [C. Cause of Action- Count 1 [And 2] - Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive use of Force"] There is no allegation specific to this Defendant. Defendant denies the allegations contained therein, and/or have insufficient information to admit or deny the allegations and therefore, generally and specifically, deny the same.  A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain allegations may or do present factual and/or legal questions and/or conclusions to be admitted by others or to be determined by the Court to which no answer is required or a general and specific denial is made.

Defendant does also admit that in or about March 2006 Plaintiff did sell a controlled substance to an undercover law enforcement officer, and upon information and belief Plaintiff was taken into custody, arrested and charged with crime(s) relating to his conduct to engage in the sale of controlled substance(s) and or illegal activity.

Defendant does have insufficient information to admit or deny those matters which are alleged to have occurred and/or those matters which did occur outside of his presence, and he

1  therefore does generally and specifically deny the same.

2  Page 4 of 8 indicates in the initial paragraph - Count 2 - Violation of Civil Rights – "14th
3  Amendment USCA Unreasonable Search and Seizure; Excessive use of Force", and the
4  subsequent sub-paragraph "Supporting Facts" appears to be a continuance of the factual
5  allegations set forth on the previous page relating to Cause of Action- Count 1 [and/or 2] -
6  Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive
7  use of Force". There is no allegation specific to this Defendant. Defendant denies the allegations
8  contained therein, and/or have insufficient information to admit or deny the allegations and
9  therefore, generally and specifically, deny the same. A specific and general denial is made as to
10 the sub-paragraph "Supporting Facts." Certain allegations may or do present factual and/or legal
11 questions and/or conclusions to be admitted by others or to be determined by the Court to which
12 no answer is required or a general and specific denial is made.

13 Defendant does also admit that in or about March 2006 Plaintiff did sell a controlled
14 substance to an undercover law enforcement officer, and upon information and belief Plaintiff
15 was taken into custody, arrested and charged with crime(s) relating to his conduct to engage in the
16 sale of controlled substance(s) and or illegal activity.

17 Defendant does have insufficient information to admit or deny those matters which are
18 alleged to have occurred and/or those matters which did occur outside of his presence, and he
19 therefore does generally and specifically deny the same.

20 Page 5 of 8 indicates in the initial paragraph - Count 3 - Violation of Civil Rights – "14th
21 Amendment USCA Unreasonable Search and Seizure; Excessive use of Force", and the
22 subsequent sub-paragraph "Supporting Facts" appears to be a continuance of the factual
23 allegations set forth on the previous page(s) relating to Cause of Action- Count 1 [and/or 2] -
24 Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive
25 use of Force". Defendant denies the allegations contained therein, and/or have insufficient
26 information to admit or deny the allegations and therefore, generally and specifically, deny the
27 same. A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain
28 allegations may or do present factual and/or legal questions and/or conclusions to be admitted by

1  others or to be determined by the Court to which no answer is required or a general and specific
2  denial is made.
3    Defendant does also admit that in or about March 2006 Plaintiff did sell a controlled
4  substance to an undercover law enforcement officer, and upon information and belief Plaintiff
5  was taken into custody, arrested and charged with crime(s) relating to his conduct to engage in the
6  sale of controlled substance(s) and or illegal activity.
7    Defendant does have insufficient information to admit or deny those matters which are
8  alleged to have occurred and/or those matters which did occur outside of his presence, and he
9  therefore does generally and specifically deny the same.
10   Paragraph 5 [D. Previous Lawsuits and Administrative Relief] Defendant has insufficient
11 information to admit or deny the allegations contained therein, and therefore, generally and
12 specifically, deny the same.  A general and specific denial is made as to the sub-paragraph
13 regarding the question "have you previously sought and exhausted all forms of informal or formal
14 relief . . . ." and as to the allegations specifically made therein.
15   Paragraph 6  [E.  Request for Relief] Defendant has insufficient information to admit or
16 deny the allegations contained therein, and therefore, generally and specifically, deny the same.
17 A general and specific denial is made as to sub-paragraph "2. Damages."  A general and specific
18 denial is made as to sub-paragraph "3. Punitive Damages." Certain allegations may or do present
19 legal conclusions and questions of law to be determined by the court to which no answer is
20 required or a general and specific denial is made.
21   Paragraph 7 [F. Demand for Jury Trial] Defendant has insufficient information to admit or
22 deny the Plaintiff's allegations, and therefore, generally and specifically, deny the same.   A
23 demand for a trial by jury for all issues is requested by the Defendant.
24   Paragraph 8 [G. Consent to Magistrate Judge Jurisdiction] Defendant has insufficient
25 information to admit or deny the Plaintiff's allegations, and therefore, generally and specifically,
26 deny the same.
27 / / / /
28 / / / /

**AFFIRMATIVE DEFENSES**

As separate, distinct and affirmative defenses to the Complaint on file herein, and to each cause of action, Defendant alleges the following:

**I**

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**II**

Plaintiff does not have standing to seek relief for the causes of actions, as set forth in the Complaint.

**III**

Defendant acted in good faith and with a reasonable belief that his conduct was lawful and necessary.

**IV**

Defendant is immune from liability, including in that a public entity/employee is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

**V**

Defendant is not liable for an injury arising out of act or omission where the employee(s) and/or entity is/are immune from liability.

**VI**

Defendant is not liable for punitive damages.

**VII**

Defendant is not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**VIII**

Defendant is not liable while acting within the scope of his duties for injuries resulting from lawful, judicial or administrative proceedings.

/ / / /

### IX

Defendant is not liable for the execution or enforcement of the California Code, including the Penal Code, including where due care is exercised.

### X

Defendant is not liable for violation of the plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

### XI

The use of force, if any, at the time of the contact at issue, was undertaken and/or attempted so as to persuade the plaintiff to follow directions; and each allegation against defendant with regard to any use of force, pertains to a use of force, if any, that was undertaken and conducted in a manner that was necessary for the occasion.  Further, this answering defendant did not witness the use of force at issues, and therefore did not witness and/or have any opportunity to intervene, and is not therefore liable for any alleged unconstitutional or unreasonable use of force.

### XII

Plaintiff himself was responsible for the events at issue, did cause the events at issue to occur and/or was negligent in and about the matters alleged in the Complaint and said conduct and/or carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

### XIII

Defendant was at all times alleged in the Complaint performing duties required by law under conditions required by law.

### XIV

Any and all acts and/or the alleged acts of Defendant at or near the time alleged in the Complaint were reasonable and each defendant had reasonable and/or probable cause to act in the manner that they did.  At the time of the detention, arrest and/or incarceration complained of in the Complaint, Defendant had probable cause to believe Plaintiff had committed and/or was

committing an unlawful offense, and/or an unlawful offense in the presence of an officer.

## XV

Defendant is not liable pursuant to Government Code section 815.2(b) and 820.2 in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public employees and officers.

## XVI

Defendant is not liable pursuant to Government Code section 815.2(b) and Penal Code section 847 in that any detention or arrest was lawful.

## XVII

Defendant and/or a public employee is not liable for his acts or omissions, while exercising due care, in the execution or enforcement of any law, including pursuant to Government Code section §§ 820.4 and/or 815.2.

## XVIII

Defendant and/or a public employee is not liable for an injury caused by the act or omission of another person, including pursuant to Government Code section 820.8.

## XIX

Defendant is not liable for any injury, including any injury caused by an alleged failure to furnish or obtain medical care for a person in custody, and including pursuant to Government Code sections 844.6 and or 845.6.

## XX

Defendant is not liable as Plaintiff's own acts and conduct caused the underlying events at issues in the Complaint to occur, and but for the acts of the Plaintiff, the events alleged in the Complaint would not have occurred, and/or Plaintiff would not have been involved or engaged or otherwise subject to the matters alleged in his Complaint, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the Complaint.

/ / / /

/ / / /

## XXI

The Complaint and/or certain causes of action therein is/are barred by operation of law, including the applicable statute of limitations for this action, and/or applicable claims presentation requirements, including that Plaintiff failed to comply with the claims presentation requirements set forth in Government Code section 901, et seq.

## XXII

As to the acts alleged undertaken by Defendant the conduct in question did not constitute a violation of a federally protected right.

## XXIII

As to the acts alleged undertaken by Defendant, Defendant is shielded from liability pursuant to the doctrine of qualified immunity. At all times, Defendant acted within the scope of employment and with probable cause.

## XXIV

A reservation of right is made to allow amendment of the Answer, to change or add an Answer and/or affirmative defense.

WHEREFORE, this answering defendant prays judgment as follows:

1. Dismissal of the Plaintiff's case
2. Plaintiff takes nothing by his Complaint;
3. Defendant receives his costs of suit incurred herein;
4. Such other relief as the court deems proper.

Dated: May 27, 2008　　　　　　　　　　　　MICHAEL J. AGUIRRE, City Attorney

　　　　　　　　　　　　　　　　　　　　　　By  */s/ Wendy Davisson*
　　　　　　　　　　　　　　　　　　　　　　　　Wendy E. Davisson
　　　　　　　　　　　　　　　　　　　　　　　　Deputy City Attorney
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　TAGABAN, GRIFFIN & LEMUS