UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, CDCR #F-79985,<br><br>        Plaintiff,<br>v.<br><br>DENNIS WILSON, San Diego Police Officer; ESMERALDA TAGABAN, San Diego Police Officer; SERGEANT GRIFFIN; DETECTIVE LEMUS,<br><br>        Defendants. | Case No. 08cv0408-WQH (BLM)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND DENYING MOTION FOR CONTINUANCE**<br><br>**[Doc. No. 18]** |

On April 30, 2008, Plaintiff, who is proceeding *pro se* and *in forma pauperis* with a Complaint brought pursuant to 42 U.S.C. § 1983, moved for leave to amend his Complaint. Doc. No. 18. In the same motion, Plaintiff also requests that the Court continue certain dates set forth in the Court's April 17, 2008 scheduling order. Id.

The Court issued a briefing schedule for Plaintiff's motion on May 13, 2008. Doc. No. 22. Defendants did not oppose by the deadline set forth in the briefing schedule and the Court took the motion under submission pursuant to Civil Local Rule 7.1(d)(1).

Having reviewed the briefing submitted, and for the reasons set forth below, Plaintiff's motion to amend his Complaint is **GRANTED** and

his motion to modify the Court's April 17, 2008 scheduling order is **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

In his Complaint, Plaintiff alleges that San Diego Police Officers Wilson and Tagaban used excessive force prior to arresting him in violation of his constitutional rights. Doc. No. 1. He further alleges that San Diego Police Sergeant Griffin and Detective Lemus were "integral participants" in the allegedly unlawful beating because they witnessed it but did nothing to intervene. Id. at 2, 4. Plaintiff sues all four officers in both their individual and official capacities. Id. at 2. He seeks $635,000.00 in compensatory damages and $225,000.00 in punitive damages. Id. at 7.

Officers Griffin and Tagaban jointly filed an Answer to the Complaint on April 15, 2008. Doc. No. 8. Detective Lemus answered the Complaint on May 27, 2008. Doc. No. 23. It does not appear from the docket that Plaintiff has yet succeeded in serving Defendant Wilson. See Doc. Nos. 7 & 15 (summons twice returned unexecuted).

## LEGAL STANDARD

**A.    Leave to Amend the Pleadings**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading after the opposing party has served a responsive pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Upon motion to the court, "[t]he court should freely give leave when justice so requires." Id. "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).

The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). In assessing these factors, the consideration of prejudice should carry the greatest weight. Eminence Capital, 316 F.3d at 1052.

**B.   Modifying the Scheduling Order**

Dates set in a scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); Doc. No. 11 (scheduling order stating that dates may be modified for "good cause"). The Rule 16 "good cause" standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Company, 232 F.3d 1271, 1294 (9th Cir. 2000) (Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). However, a court may also consider the "existence or degree of prejudice to the party opposing the modification." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992).

**DISCUSSION**

**A.   Amending the Complaint**

Plaintiff seeks to amend his Complaint to add the San Diego Police Department and the City of San Diego as defendants. Mot. to Amend at 4. Additionally, because Plaintiff alleges that the extent and severity of his physical injuries and the likelihood of long-term effects were not factored into his original damage estimate, Plaintiff seeks to increase

his prayer for compensatory damages to $2.5 million. <u>Id.</u> He also asks the Court's permission to increase the punitive damages request to $1.5 million. <u>Id.</u> As previously noted, Defendants have not opposed Plaintiff's motion.

While motions for leave to amend are measured by several factors, prejudice is the "touchstone of the inquiry under Rule 15(a)," and absent prejudice or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. <u>Eminence Capital</u>, 316 F.3d at 1052 (citations and quotations omitted). To justify denying leave to amend, prejudice to the non-moving party must be substantial. <u>See</u> e.g. <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying leave to amend dismissed complaint two years after original complaint's filing where new claims were legally tenuous and "would have greatly altered the nature of the litigation and required defendants to [undertake] an entirely new course of defense"). Here, Defendants have not opposed or in any way asserted that they would be prejudiced by the proposed amendments. Additionally, it has been less than two months since the Court issued a scheduling order regulating discovery and pretrial proceedings and none of the discovery deadlines have passed (<u>see</u> Doc. No. 11), so Defendants would not be prejudiced as a result of the stage of the proceedings. In fact, Plaintiff filed his motion several weeks in advance of the May 26, 2008 deadline this Court set for amending the pleadings.[1] <u>Id.</u> Thus, this Court does not find that Defendants would be unduly prejudiced if Plaintiff is granted leave to amend his Complaint.

---

[1] Because Plaintiff sought leave to amend prior to the deadline for doing so set forth in this Court's order, Rule 16(b)(4) is not implicated in this Court's analysis of Plaintiff's motion for leave to amend the Complaint.

The Court also does not find that any of the other factors weigh against granting Plaintiff leave to amend. His motion was timely filed and there is nothing in the pleadings to suggest bad faith or dilatory motive. See Foman, 371 U.S. at 182. While the bases for Plaintiff's claims against the San Diego Police Department and the City of San Diego are less than clear from his motion, the Court cannot say at this stage that these claims would be futile. Therefore, the Court finds the justice requires that Plaintiff's motion be granted. Fed. R. Civ. P. 15(a)(2).

**B.   Modifying the Scheduling Order**

Plaintiff also asks that the deadlines set forth in this Court's April 17, 2008 Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [Doc. No. 11] ("Scheduling Order") be continued for an unspecified period of time. Mot. to Amend at 1-3. Again, Defendants did not oppose this motion.

As previously noted, both this Court's Scheduling Order and Rule 16 require a showing of good cause to justify modification of the discovery and pretrial schedule. Plaintiff has set forth nothing more than speculation as to possible problems he may, but has not yet, encountered in complying with the present schedule. Mot. to Amend at 1-3. In fact, Plaintiff has not alleged that he has even begun engaging in the discovery process.[2] See Noyes, 488 F.3d at 1174 n.6 (moving party must show that he has acted with reasonable diligence in attempting to comply

---

[2] Plaintiff appears to be under the belief that he need not begin discovery until counsel is appointed. See Mot. to Amend at 1-4. However, this Court has twice denied Plaintiff's requests for appointment of counsel. See Doc. Nos. 14 & 21. Plaintiff is reminded that he is responsible for conducting discovery, responding to discovery, and complying with all applicable rules, laws and court orders.

with the scheduling order). Under the present discovery schedule, Plaintiff still has sufficient time to comply with all of his obligations. Therefore, the Court does not find that Plaintiff has shown good cause to modify the Scheduling Order.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to amend his Complaint is **GRANTED.** On or before **July 1, 2008**, Plaintiff shall file a First Amended Complaint that incorporates the existing Defendants and claims and only the amendments requested in Plaintiff's motion and set forth above. Plaintiff's First Amended Complaint must be complete in and of itself without reference to the prior pleading. See CivLR 15.1. Defendants not named and all claims not re-alleged in the First Amended Complaint will be deemed to have been waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Plaintiff's motion to modify the Scheduling Order is **DENIED**. All dates and deadlines remain as previously set.

**IT IS SO ORDERED.**

DATED: June 5, 2008

*Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL