MICHAEL J. AGUIRRE, City Attorney
WENDY E. DAVISSON, Deputy City Attorney
California State Bar No. 199146
Office of the City Attorney
1200 Third Avenue, Suite 1100
San Diego, California 92101-4100
Telephone: (619) 533-5800
Facsimile: (619) 533-5856

Attorneys for Defendants
TAGABAN, GRIFFIN and LEMUS

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY,<br><br>Plaintiff,<br><br>v.<br><br>DENNIS WILSON; ESMERALDA TAGABAN; GRIFFIN; LEMUS, SDPD OFFICERS, THE CITY OF SAN DIEGO, SAN DIEGO POLICE DEPARTMENT<br><br>Defendants. | Case No. 08cv408 (WQH) BLM<br><br>**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS TAGABAN, GRIFFIN AND LEMUS** |

San Diego Police Officer Defendants TAGABAN, GRIFFIN and LEMUS (hereinafter "Defendants") named in the caption of the Plaintiff's First Amended Complaint, Under the Civil Rights Act 42 U.S.C. § 1983 (hereinafter "complaint"), filed June 19, 2008, sued therein both in their individual and official capacity, do answer that complaint as follows:

Paragraph 1 [A. Jurisdiction of the Parties, at page 1] Defendants affirmatively alleged that said paragraph contains jurisdictional allegations which present legal conclusions and questions of law to be determined solely by the court, to which no answer is required. To the extent an answer is required, each, all, and every allegation contained in said paragraph is denied.

Paragraph 2 [B. Parties, at pages 1, 2 and 3] Defendant do not deny and admit that Plaintiff was arrested on or about March 9, 2006, including for charges related to the Plaintiff's possession, sale and/or transportation of a controlled substance and/or narcotic, principally an off

white substance and/or cocaine base. Defendants do not deny and admit that the Plaintiff's arrest corresponded with a buy/bust operation in the area of 1400 J Street, in the City and County of San Diego, California. As to the allegation(s), concerning any involvement, failure to intervene and the occurrence of an "unlawful beating", as alleged by Plaintiff, Defendants deny the allegation(s). As to the allegations concerning the dress of the officer-defendants who answer herein, Officer Lemus was dressed in casual attire, and Officer Tagaban was dressed in full uniform and with a marked police vehicle. Defendants admit that the San Diego Police Department and/or the City of San Diego hire and/or employ police officers, that Defendants were so employed in or about the year 2006, and the month of March therein, and that their employment was within the County of San Diego. As to the remaining allegations, Defendants have insufficient information to admit or deny the allegations contained therein, and therefore, generally and specifically, deny the same. Certain allegations may or do present or allege statements of law and/or legal conclusions and/or questions of law, which shall be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 3 [C. Cause of Action- Count 1 – [and 2] Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure, Excessive Use of Force", at pages 4 and 5] Defendant do not deny and admit that Plaintiff was arrested on or about March 9, 2006, including for charges related to the Plaintiff's possession, sale and/or transportation of a controlled substance and/or narcotic, principally an off white substance and/or cocaine base; that Officer Tagaban was dressed in full uniform, with a marked police vehicle and did use reasonable and effective force, physical strength and distraction techniques, as to Plaintiff and in connection with Plaintiff's arrest; and that Officer Wilson, although not an answering party herein and upon information and belief, was present, dressed in a full police uniform and with a marked police vehicle, and did use reasonable and effective force, physical strength, control hold (without impact weapon) and take down, as to Plaintiff and in connection with Plaintiff's arrest Defendants do not deny and admit that the Plaintiff's arrest corresponded with a buy/bust operation in the area of 1400 J Street, in the City and County of San Diego, California. Defendants do not deny and admit that the Plaintiff was convicted of the sale of crack cocaine in

the San Diego Superior Court, as is alleged by the Plaintiff. As to the remaining allegations in the sub-paragraph "Supporting Facts", Defendants have insufficient information to admit or deny the allegations contained therein and, therefore a specific and general denial is made. As to the remaining allegations, generally, Defendants have insufficient information to admit or deny the allegations contained therein and, therefore, generally and specifically, deny the same. Certain allegations may or do present or allege statements of law and/or legal conclusions and/or questions of law, which shall be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 4 - [C. Cause of Action- Count [not defined] Violation of Civil Rights – "14th Amendment USCA Unreasonable Search and Seizure; Excessive Use of Force", at page 6.] Defendants deny the allegations contained therein, and/or have insufficient information to admit or deny the allegations and therefore, generally and specifically, deny the same. A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain allegations may or do present or allege statements of law and/or legal conclusions and/or questions of law, which shall be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 5 - [C. Cause of Action- Count 5 Violation of Civil Rights – "4th Amendment USCA Unreasonable Search and Seizure; Excessive Use of Force", at page 7.] Defendants deny the allegations contained therein, and/or have insufficient information to admit or deny the allegations and therefore, generally and specifically, deny the same. A specific and general denial is made as to the sub-paragraph "Supporting Facts." Certain allegations may or do present or allege statements of law and/or legal conclusions and/or questions of law, which shall be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 6 - [at page 8.] Defendants are uncertain as to the indication of "No" and therefore deny the allegation contained at page 8 line one, and/or state that they have insufficient information to admit or deny the allegations and therefore, generally and specifically, deny the same. The allegation may present or allege a statement of law and/or a legal conclusion and/or question of law, which shall be determined by the court to which no answer is required or a

general and specific denial is made.

Paragraph 7 - [Number 2, at page 8] Defendants have insufficient information to admit or deny the allegations and therefore, generally and specifically deny the same. The allegation may present or allege a statement of law and/or a legal conclusion and/or question of law, which shall be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 8 [E. Request for Relief] Defendants have insufficient information to admit or deny the allegations contained therein, and therefore generally and specifically deny the same. A general and specific denial is made as to sub-paragraph "2. Damages." A general and specific denial is made as to sub-paragraph "3. Punitive Damages." Certain allegations may or do present legal conclusions and questions of law to be determined by the court to which no answer is required or a general and specific denial is made.

Paragraph 7 [F. Demand for Jury Trial] No demand is made, Defendants state a general and specific denial.

Paragraph 8 [G. Consent to Magistrate Judge Jurisdiction] Defendants have insufficient information to admit or deny the Plaintiff's allegations, and therefore, generally and specifically, deny the same.

## AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the [First Amended Complaint ("complaint")] complaint on file herein, and to each cause of action, Defendants allege the following:

**I**

The complaint fails to state facts sufficient to constitute a cause of action against Defendants, and each of them.

**II**

Plaintiff does not have standing to seek relief for the causes of actions, as set forth in the complaint.

/ / / /

**III**

Defendants, and each of them, acted in good faith and with a reasonable belief that their conduct was lawful and necessary.

**IV**

Defendants, and each of them, are immune from liability, including in that a public entity/employee is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

**V**

Defendants, and each of them, are not liable for an injury arising out of act or omission where the employee(s) and/or entity is/are immune from liability.

**VI**

Defendants, and each of them, are not liable for punitive damages.

**VII**

Defendants, and each of them, are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**VIII**

Defendants, and each of them, are not liable while acting within the scope of their duties for injuries resulting from lawful, judicial or administrative proceedings.

**IX**

Defendants, and each of them, are not liable for the execution or enforcement of the California Code, including the Penal Code, including where due care is exercised.

**X**

Defendants, and each of them, are not liable for violation of the plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

/ / / /

/ / / /

/ / / /

**XI**

At all times relevant, the use of force, if any, was reasonable and not legally excessive or otherwise unlawful, and was undertaken and/or attempted so as to persuade the plaintiff to follow directions and/or comply in connection with his detention and/or arrest; and each defendant alleged to have used force conducted themselves in a manner that was necessary for the occasion. Each defendant-witness to any such use of force did not have an obligation to intervene on the Plaintiff's behalf given the circumstances presented, the conduct of the parties and the type of force used.

**XII**

Plaintiff himself was responsible and/or negligent in and about the matters alleged in the complaint and said carelessness on his own part proximately contributed to the happening of the alleged incident, injuries and damages complained of, if any such exist.

**XIII**

Defendants, and each of them, were at all times alleged in the complaint performing duties required by law under conditions required by law.

**XIV**

Any and all acts and/or the alleged acts of Defendants, and each of them, at or near the time alleged in the complaint were reasonable and each defendant had reasonable and/or probable cause to act in the manner that they did. At the time of the detention, arrest and/or incarceration complained of in the complaint, Defendants had probable cause to believe Plaintiff had committed an unlawful offense, and/or an unlawful offense in the presence of an officer.

**XV**

Defendants, and each of them, are not liable pursuant to Government Code section 815.2(b) and 820.2 in that the injuries and damages, if any, were the result of the exercise of the discretion vested in public employees and officers.

**XVI**

Defendants, and each of them, are not liable pursuant to Government Code section 815.2(b) and Penal Code section 847 in that any detention or arrest was lawful.

**XVII**

Defendants and each of them and/or a public employee is not liable for his acts or omissions, while exercising due care, in the execution or enforcement of any law, including pursuant to Government Code section §§ 820.4 and/or 815.2.

**XVIII**

Defendants and each of them and/or a public employee is not liable for an injury caused by the act or omission of another person, including pursuant to Government Code section 820.8.

**XIX**

Defendants are not liable for any injury, including any injury caused by an alleged failure to furnish or obtain medical care for a person in custody, and including pursuant to Government Code sections 844.6 and or 845.6.

**XX**

Defendants, and each of them, are not liable as Plaintiff's own acts and conduct caused the underlying events at issues in the complaint to occur, and but for the acts of the Plaintiff, the events alleged in the complaint would not have occurred, and/or Plaintiff would not have been involved or engaged or otherwise subject to the matters alleged in his complaint, including any citation, detention, apprehension, arrest, or control or force, if any, or otherwise having sustained the matters alleged, including any and all injuries, inconvenience and damages alleged in the complaint.

**XXI**

The complaint and/or certain counts, claims and/or causes of action therein is/are barred by operation of law, including the applicable statute of limitations for this action, and/or applicable claims presentation requirements, including but not limited to the following: that Plaintiff failed to timely file his claims and/or complaint as against certain defendants, and/or that Plaintiff failed to comply with the claims presentation requirements set forth in Government Code section 901, et seq.

/ / / /

/ / / /

**XXII**

As to the acts alleged undertaken by Defendants, and each of them, the conduct in question did not constitute a violation of a federally protected right.

**XXIII**

As to the acts alleged undertaken by Defendants, and each of them, each and all of the said individual defendants are shielded from liability pursuant to the doctrine of qualified immunity. At all times, Defendants acted within the scope of employment and with probable cause.

**XXIV**

A reservation of right is made to allow amendment of the Answer, to change or add an Answer and/or affirmative defense.

WHEREFORE, these answering defendants pray judgment as follows:

1. Dismissal of the Plaintiff's case, claims and/or counts therein
2. Plaintiff takes nothing by his complaint;
3. Defendants receive their costs of suit incurred herein;
4. Such other relief as the court deems proper.

Dated: June 26, 2008

MICHAEL J. AGUIRRE, City Attorney

By *_/s/ Wendy Davisson_*
Wendy E. Davisson
Deputy City Attorney
Attorneys for Defendants
TAGABAN, GRIFFIN and LEMUS