1 | MICHAEL J. AGUIRRE, City Attorney
WENDY E. DAVISSON, Deputy City Attorney
2 | California State Bar No. 199146
    Office of the City Attorney
3 |     1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
4 |     Telephone: (619) 533-5800
    Facsimile: (619) 533-5856
5 |
Attorneys for Defendants
6 | Tagaban; Griffin; Lemus;
San Diego Police Department and
7 | City of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, | Case No. 08cv408 (WQH) BLM |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF** |
| v. | **DEFENDANTS TAGABAN, GRIFFIN, LEMUS, SAN DIEGO POLICE** |
| DENNIS WILSON; ESMERALDA TAGABAN; GRIFFIN; LEMUS, CITY OF SAN DIEGO AND SAN DIEGO POLICE DEPARTMENT | **DEPARTMENT AND CITY OF SAN DIEGO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLANT AGAINST SAN DIEGO POLICE DEPARTMENT AND CITY OF SAN DIEGO** |
| Defendants. | (Fed. R. Civ. P. 12(b)(6)) |

1

TABLE OF CONTENTS

2

INTRODUCTION ................................................................................................ 1

3

FACTUAL AND PROCEDURAL BACKGROUND ......................................... 1

4

STANDARD OF REVIEW.................................................................................. 2

5

SUMMARY OF ARGUMENT............................................................................ 2

6

7    a. Dismissal of Plaintiff's Pendent Claim(s) Against The City of San Diego and its San
Diego Police Department is Appropriate, Where The Claim(s) Are Barred For Failure To Plead
8    and Show Compliance With California's Government Code. ...................................... 3

9    b.  To the Extent Plaintiff Seeks to Assert Claim(s) Under California's Penal Code,
Dismissal of the Claim(s) is Appropriate Where The Penal Code Does Not Create Enforceable
10   Individual Rights. ......................................................................................... 4

11   c.  To the Extent Plaintiff Seeks to Assert Any New Claim Under 42 U.S.C. § 1983,
12   Including through "Count 5" Against The City of San Diego or The San Diego Police
Department, Dismissal Is Appropriate Where The Claim is Time-Barred by the Two Year Statute
13   of Limitations And Where Plaintiff Fails To State A Claim. ................................... 4

14   DISCUSSION...................................................................................................... 6

15   1. Dismissal of Plaintiff's Action(s) Against The San Diego Police Department and The
16   City of San Diego is Appropriate, Upon Plaintiff's Failure to State A Claim Upon Which Relief
May Be Granted. ............................................................................................ 6

17   a. The Claim(s) Are Barred For Failure To Plead and Show Compliance With
18   California's Government Code. ........................................................................ 6

19   i.  Plaintiff States Pendent Claim(s) Against The San Diego Police Department and
The City of San Diego For Respondeat Superior Liability Under California Law. ............ 6
20

21   ii. Analysis of Pertinent Allegations in the Operative Complaint and California and
Law Shows That Plaintiff's Pendent Claims Are Barred As A Matter of Law ................ 7

22   1. Pertinent Allegations in the Operative Complaint ...................................... 7

23   2. Pertinent Provision of the California Code ............................................... 7

24   a. Preliminary Provisions. .................................................................. 7

25   b. The Mandatory Claims Presentation Provisions ...................................... 8

26   c. Pleading Compliance with the Claims Presentation Requirement is
27   Mandatory. .................................................................................... 9

28

i

d. An Action Is Barred And Subject to Dismissal for A Plaintiff's Failure to Comply With the Mandatory Presentation and Pleading Requirements .................................................... 10

3. Application of the Pleading Requirements Shows That Plaintiff's Pendent Claims Are Barred ....................................................................................................................... 11

4. Application of the Accrual And Limitations Provisions Shows That Plaintiff's Pendent Claims Accrued on March 9, 2006, And Are Now Time-Barred. ............................... 11

a Plaintiff's Claim(s) Accrued on March 9, 2006. ...................................................... 11

b Plaintiff's Claim(s) Are Now Time-Barred. ............................................................. 13

i Dismissal is, therefore, appropriate. ................................................................... 15

a. To the Extent that the Plaintiff Asserts a Claim for Violation of California's Penal Code, Dismissal of the Claim is Appropriate Where The Penal Code Does Not Create Enforceable Individual Rights ........................................................................................... 15

b. To the Extent Plaintiff Seeks to Assert Any New Claim Under 42 U.S.C. § 1983, Including through "Count 5" Against The City of San Diego or The San Diego Police Department, Dismissal Is Appropriate Where The Claim is Time-Barred by the Two Year Statute of Limitations And Where Plaintiff Fails To State A Claim. ...................................................... 16

i The Limitations Period Set Forth in California Code of Civil Procedure Section 335.1 Applies to Plaintiff's Civil Rights Action. ................................................................... 17

ii Plaintiff's Claims Accrued on March 9, 2006. ...................................................... 18

iii Plaintiff's Conduct Shows His Ability to Commence and Prosecute This Action While Incarcerated, And Plaintiff Cannot Show Any Legitimate Excuse To Avoid Application of Section 335.1 To His Action ........................................................................................... 19

iv The Action Against The San Diego Police Department or The City of San Diego For the March 9, 2006, Event(s) at Issue, Are Not Actionable If Time Barred. .......................... 20

v. Conclusion ...................................................................................................... 21

CONCLUSION ........................................................................................................... 21

TABLE OF AUTHORITIES

**Cases**

Baldwin County Welcome Center v. Brown
466 U.S. 147 (1984) ................................................................................... 20

Boxall v. Sequoia Union High School Dist.
464 F.Supp.1104 (N.D.Cal. 1979) .......................................................... 10, 11

Brandon G. v. Gray
111 Cal. App. 4th 29 (App. 1 Dist. 2003) .......................................... 3, 14, 15

Burke v. City of El Cajon
2007 WL 2915067 (S.D.Cal. 2007) ........................................................ 9, 10, 14

Carpinteria Valley Farms, Ltd. v. County of Santa Barbara
344 F.3d 822 (9th Cir. 2003) .............................................................. 5, 18, 20

Cholla Ready Mix, Inc. v. Civish
382 F.3d 969 (9th Cir. 2004) .............................................................. 5, 18, 20

County of Santa Clara v. Superior Court
4 Cal. 3d 545 (1971) ...................................................................................... 11

Del Real v. City of Riverside
95 Cal. App. 4th 761 (2002) ........................................................................... 9

DelCostello v. International Broth. of Teamsters
462 U.S. 151 (1983) ................................................................................. 5, 18

Ellis v. City of San Diego
176 F.3d 1183 (9th Cir. 1999) ......................................... 3, 4, 10, 11, 13, 15, 16

Fink v. Shedler
192 F.3d 911 (9th Cir. 1999) ..................................................................... 5, 18

Fisher v. Johnson
174 F.3d 710 (5th Cir. 1999); ....................................................................... 19

Goldrich v. Natural Y Surgical Specialties, Inc.
25 Cal. App. 4th 772 (1994) ......................................................................... 12

Guerrero v. Gates
442 F.3d 697 (9th Cir. 2006) ..................................................................... 5, 18

Hart v. County of Alameda
76 Cal. App. 4th 766 (1999) ........................................................................... 9

Hillery v. Pulley
533 F.Supp.1189 (E.D.Cal. 1982) .................................................................. 2

Hughes v. Idaho State Bd. of Corrections
800 F.2d 905 (9th Cir. 1986) ......................................................................... 19

Knox v. Davis
  260 F.3d 1009 (9th Cir. 2001) ................................................................. 5, 18

Lee v. United States
  809 F.2d 1406 (9th Cir.1987) ................................................................. 5, 18

Levald, Inc. v. City of Palm Desert
  998 F.2d 680 (9th Cir. 1993) ................................................................. 17

Luz v. Tri-City Hospital
  179 Cal. App. 3d 807 (1986). ................................................................. 9

Massa v. Southern Cal. Rapid Transit Dist.
  43 Cal. App. 4th 1217 (1996) ................................................................. 12

Miles v. Prunty
  187 F.3d 1104 (9th Cir. 1999) ................................................................. 19, 20

Morales v. City of Los Angeles
  214 F.3d 1151 (9th Cir. 2000) ................................................................. 5, 18, 19

Nat'l R.R. Passenger Corp. v. Morgan
  536 U.S. 101 (2002) ................................................................. 20

Neal v. Gatlin
  35 Cal. App. 3d 871 (1973). ................................................................. 9

O'Bremski v. Maass
  915 F.2d 418 (9th Cir. 1990) ................................................................. 2

Phelps v. Desert Hospital Dist.
  49 Cal. 3d 699 (1989). ................................................................. 9

RK Ventures, Inc. v. City of Seattle
  307 F.3d 1045 (9th Cir. 2002). ................................................................. 20

Rose v. Dole
  945 F.2d 1331 (6th Cir. 1991) ................................................................. 19

Shouse v. Pierce County
  559 F.2d 1142 (9th Cir. 1977) ................................................................. 5, 18

State v. Superior Court (Bodde)
  32 Cal. 4th 1234 (2004) ................................................................. 9, 10, 11

Stone v. City and County of San Francisco
  735 F.Supp. 340 (N.D.Cal. 1990) ................................................................. 8

Tapia v. County of San Bernardino
  29 Cal. App. 4th 375 (1994) ................................................................. 9

Wall v. Sonora Union High School Dist.
  240 Cal. App. 2d 870 (App. 5 Dist. 1966) ................................................................. 3, 14

Ward v. Westinghouse Canada, Inc.
   32 F.3d 1405 (9th Cir. 1994) ......................................................................... 12

White v. Lewis
   874 F.2d 599 (9th Cir. 1989) ........................................................................ 2

Williams v. Horvath
   16 Cal. 3d 834 (1976).................................................................................... 9

Williams v. Townsend
   283 F.Supp. 580 (C.D.Cal. 1968) ................................................................. 8

Wilson v. Garcia
   471 U.S. 261 (1985) ...................................................................................... 18

**Statutes**

**United States Code**

42 U.S.C. § 1983 ................................................................................................ 1, 5

**Federal Rules of Civil Procedure:**

Section 4 ............................................................................................................ 2

Section 8 ............................................................................................................ 2

Section 12 (b)(1)-(6)........................................................................................... 2

Section 12(b)(6)................................................................................ 1, 3, 4, 9, 21

**California Government Code:**

Section 815 .................................................................................................... 6, 7

Section 815.2 .......................................................................................... 4, 6, 7, 16

Section 815.2(a)............................................................................................... 6

Section 900.4 ................................................................................................... 8

Section 901 ....................................................................................... 3, 11, 12, 15

Section 905 ...................................................................................................... 8

Section 911.2 ..................................................................... 3, 9, 10, 11, 12,13,15

Section 911.2(a)............................................................................................. 13

Section 911.4 ....................................................................................... 3, 14, 15

Section 945.4 ....................................................................................... 3, 8, 10,11

Section 945.6 ..................................................................................................8, 9

Section 945.6(b) .........................................................................................14, 15

Section 945.6(c)...........................................................................................8, 14

**California Code of Civil Procedure:**

Section 335.1 ................................................3, 5, 12, 16, 17, 18, 19, 20, 21,

Section 342 .........................................................................................................8

Section 352(b) ...................................................................................................3

Section 352.1(b) .........................................................................................3, 14, 15

**INTRODUCTION**

A Motion to Dismiss the First Amended Complaint against The City of San Diego and its San Diego Police Department is hereby made, for Plaintiff's failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).

**FACTUAL AND PROCEDURAL BACKGROUND**

The following background is based upon the pleadings in this action:

Plaintiff, Pro Se, Daughtery [Plaintiff] was arrested on or about March 9, 2006.  First Amended Complaint, p. 4 ¶ C – Supporting Facts; *See* USDC File Document No. 25.  Plaintiff "was subsequently convicted for the sale of crack cocaine", in the Superior Court in and for the City and County of San Diego. First Amended Complaint, p. 5, ¶ C – Supporting Facts. (All references herein to the Complaint or First Amended Complaint refer to USDC File Document No.(s) 1 and 25, respectively. Citation to the docket numbers is hereinafter generally omitted unless necessary).

For the events relating to his March 9, 2006, arrest, Plaintiff commenced an action in this Court through the filing of a Complaint on March 3, 2008. Complaint, p. 1. The Complaint states causes of action under 42 U.S.C §1983 against four individuals and no others, for violations of the Fourth and Fourteenth Amendments of the United States Constitution. Complaint, p. 1-5. Plaintiff describes those four individual defendants as a San Diego Police officer, sergeant or detective. Complaint, p. 2.   Plaintiff also alleges that he did "file citizens' complaint with internal affairs division of San Diego Police Department". Complaint, p. 6.   In the March 3, 2008, complaint, Plaintiff alleged no cause of action against, or otherwise named as a defendant, the City of San Diego or its San Diego Police Department.

Defendants Tagaban, Griffin and Lemus were served with the Complaint and they did Answer.  *See* USDC File Document No.(s) 8 and 23.

Plaintiff subsequently moved the court for an order granting Plaintiff leave to file a First Amended Complaint, and the Court issued an order granting the motion. *See* USDC File Document No. 24.  Over two years after Plaintiff's March 9, 2006, arrest, Plaintiff filed a First Amended Complaint on June 19, 2008. *See* USDC File Document No. 25 – First Amended

1

1  Complaint. For the first time through his First Amended Complaint, Plaintiff identifies the City

2  of San Diego and its San Diego Police Department as defendants. *Compare* Complaint and First

3  Amended Complaint - USDC File Document No.(s) 1 and 25.

4       In his First Amended Complaint, Plaintiff alleges new allegations through Count 5 against

5  the City of San Diego and the San Diego Police Department. First Amended Complaint, p. 3.

6  Plaintiff alleges a violation of his Fourth Amendment Rights and that "[b]oth the City of San

7  Diego and the Police Department are liable for injuries proximately caused by the acts or

8  omissions of employees of public entities acting within the scope of their employment . . . ." *See*

9  First Amended Complaint, pp. 3 and 7. Plaintiff further alleges that "The City and Police

10  Department are vicariously liable under the doctrine of respondeat superior for three reasons . . .

11  (1) prevent reccurence of tortious conduct [sic]. (2) To give greater assurance of compensation for

12  the victim (3) and to ensure that victims losses will be equitably borne by those who benefit from

13  the enterprise that gave rise to the injury." *See* First Amended Complaint, p. 7.

14       The City of San Diego and its San Diego Police Department now move to dismiss the

15  First Amended Complaint against them.

16                                    **STANDARD OF REVIEW**

17       The Ninth Circuit has allowed the filing of a motion to dismiss in lieu of an answer,

18  including where the motion attacks the pleadings for a plaintiff's failure to state a claim upon

19  which relief may be granted, or for failure to exhaust state remedies or being in violation of the

20  state's procedural rules and for lack of jurisdiction. Fed. Rule Civ. P. 4, 8 and 12 (b)(1)-(6); *and*

21  *see e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion

22  to dismiss petition for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599, 602-603

23  (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state

24  procedural default); *Hillery v. Pulley*, 533 F.Supp.1189, 1194 & n. 12 (E.D.Cal. 1982) (same).

25       Thus, a party may file a motion to dismiss after the court orders a response, and the court

26  should use Rule 4 standards to review the motion. *See id.*

27                                    **SUMMARY OF ARGUMENT**

28       The San Diego Police Department and the City of San Diego joined and named as

                                           2

defendants in this action on June 19, 2008, through Plaintiff's First Amended Complaint,

respectfully request this Honorable Court to dismiss Plaintiff's "Count 5" and/or claims against

them, with prejudice, upon the matters set forth in 1 a-c, and each of them, pursuant to Federal

Rule of Civil Procedure 12(b)(6). The arguments are summarized as follows:

### a.  The Claim(s) Are Barred For Failure To Plead and Show Compliance With California's Government Code

Dismissal of Plaintiff's "Count 5" or pendent claim(s) against the City of San Diego and

its San Diego Police Department is appropriate upon the following:

(1)  Plaintiff's claim(s) accrued on March 9, 2006;

(2)  As a mandatory prerequisite to the commencement of any lawsuit, Plaintiff had to present a Government Claim "no later than six months after the accrual" of his claim(s) – September 9, 2006;

(3)  Plaintiff failed to plead compliance with the claims presentation requirements of the California Government Code and pleading compliance is an integral element of a claim against a public entity defendant; and,

(4)  The failure to plead compliance is a complete bar to the claim(s).[1]

Dismissal, with prejudice, of the Plaintiff's "Count 5" or pendent claim(s) against the San

Diego Police Department and the City of San Diego is appropriate where Plaintiff never

presented a timely claim and where any application to file a late claim must be presented within

one year of the accrual of the claim(s) – March 9, 2007.[2]  The California Code expressly

disallows any tolling for an action against a public entity for which a claim is required to be

presented under the California Government Code.[3] Any attempt to now comply, over two years

---

[1]   *See* Cal. Gov't Code §§ 901, 911.2, 945.4, 945.6; *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999); Cal. Civ. Proc. Code § 335.1; First Amended Complaint p. 1, ¶ B, 3 and 7.

[2]   Cal. Gov't Code § 911.4 and First Amended Complaint p. 1 (One year limitations period is based on accrual of action which occurs on date of injury - March 9, 2006); *Brandon G. v. Gray*, 111 Cal. App. 4th 29 (App. 1 Dist. 2003)(Party is not entitled to seek relief from a court once the one year period to present an application for late claim has passed, and court lacks jurisdiction to grant relief if the application to file a late claim under the Act is/will be filed more than one year after the cause of action accrued); *Wall v. Sonora Union High School Dist.*, 240 Cal. App. 2d 870 (App. 5 Dist. 1966) (State Tort Claims Act does not provide for extending the presentation period by circumstances which would toll period of limitations.).

[3]   *See* Cal. Civ. Proc. Code §§ 352(b), 352.1(b); *see also* Cal Gov't Code § 945.6(b). Further, and where Plaintiff was able to commence this action on March 3, 2008, and prosecute

3

1 | after the event, is time barred and a court is without jurisdiction to, otherwise, grant leave to file a

2 | late claim.

3 | Where Plaintiff did not and cannot show and plead timely compliance with the claims

4 | presentation requirements of the California Government Code, for his claim(s) against the public

5 | entity defendants the San Diego Police Department and the City of San Diego, a dismissal with

6 | prejudice, for Plaintiff's failure to state a claim upon which relief may be granted, is appropriate

7 | and respectfully requested. Fed. R. Civ. P. 12(b)(6).

8 |       **b. To the Extent Plaintiff Seeks to Assert Claim(s) Under California's Penal Code, Dismissal of the Claim(s) is Appropriate Where The Penal Code Does Not Create**

9 |         **Enforceable Individual Rights**

10 | At page 3 of his First Amended Complaint, Plaintiff states "PC 815.2" as a basis for his

11 | claims against Defendants City of San Diego and the San Diego Police Department. First

12 | Amended Complaint, p. 3. in "Count 5" of that complaint, Plaintiff alleges violation of "P.C.

13 | 245". (against those defendants) First Amended Complaint, p.7.

14 | In addition to the foregoing argument at sub-section "a", and to the extent that Plaintiff

15 | seeks to allege any claim(s) for violation of the California Penal Code, dismissal, with prejudice,

16 | of the claim(s) is appropriate since the California Penal Code does not create enforceable

17 | individual rights. *Ellis v. City of San Diego*, 176 F.3d 1183, 1189-90 (9th Cir. 1999). The Ninth

18 | Circuit Court of Appeal confirms that the California Penal Code does not create enforceable

19 | individual rights, and that a district court may properly dismiss such claims. *Id.*

20 | Accordingly, dismissal, with prejudice, of any claims brought pursuant to the California

21 | Penal Code is appropriate and respectfully requested. *Id.*

22 |       **c. To the Extent Plaintiff Seeks to Assert Any New Claim Under 42 U.S.C. § 1983, Including through "Count 5" Against The City of San Diego or The San Diego**

23 |         **Police Department, Dismissal Is Appropriate Where The Claim is Time-Barred by the Two Year Statute of Limitations And Where Plaintiff Fails To State A**

24 |         **Claim**

25 | For section 1983 actions filed within the forum state of California, the applicable statute

26 |

27 |

28 | this action to date, there is also no tolling provision which he may seek to utilize to his benefit because tolling necessarily implicates an inability to commence suit. *See* Cal. Gov't Code § 945.6(b).

4

1  of limitations is the forum state's statute of limitations for personal injury actions. [4]  Accordingly,

2  California's two year personal injury statute of limitations, set forth in Code of Civil Procedure

3  section 335.1, applies.

4  Federal law determines when a civil rights claim accrues and a claim accrues when the

5  plaintiff knows or has reason to know of the injury which is the basis for the action. [5]

6  Here, California's limitations period for Plaintiff's § 1983, claim based on the occurrence

7  of any injury and/or excessive force, accrued and began to run when such event(s) allegedly

8  occurred – here the only date of injury at issue is March 9, 2006.[6]  Since March 9, 2006, Plaintiff

9  knew or had reason to know of the injury which is the basis of the action.

10  Where Plaintiff has "commenced" his action, the provisions excusing or tolling

11  compliance with the statute of limitation do not apply, because those provisions implicitly require

12  a finding of an inability to commence an action.  Here, Plaintiff has commenced and prosecuted

13  his action since March 2008.

14  The commencement of a section 1983 action against the San Diego Police Department

15  and the City of San Diego on June 19, 2008, for the March 9, 2006 event, is two years beyond

16  the date when the action accrued.  A dismissal of any such claim or action is appropriate as barred

17  by the statute of limitations. Fed. R. Civ. P. 8 and 12(b)(1) and (6). Where Plaintiff cannot

18  remedy, through amendment, the commencement of a section 1983 action over two years after the

19  action accrued, a dismissal with prejudice is appropriate and respectfully requested.

---

20  [4] Cal. Civ. Proc. Code. § 335.1; *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir. 1977);
21  *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151 (1983); *Cholla Ready Mix, Inc. v.
Civish*, 382 F.3d 969 (9th Cir. 2004); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*,
22  344 F.3d 822, 828 (9th Cir. 2003) (*citing Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir.2001)
(*citing Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Fink v. Shedler*, 192 F.3d 911, 914 (9th
23  Cir.1999)); 42 U.S.C. § 1983.

24  [5] *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000) (Although state
law determines the length of the limitations period, "federal law determines when a civil rights
25  claim accrues"); *Lee v. United States*, 809 F.2d 1406, 1409-10 (9th Cir.1987) (A cause of action
accrues under federal law as soon as a potential claimant either is aware or should be aware of the
26  existence and source of his or her injury.).
   [6]  *See Guerrero v. Gates*, 442 F.3d 697, 705-706, (9th Cir. 2006); *and see* 42 U.S.C. §
27  1983; First Amended Complaint, p. 1, ¶ (B) and p. 4. The date of March 9, 2006, is the only date
identified by the Plaintiff in his complaints, Plaintiff was arrested on that date, and the events or
28  injuries at issue in this action allegedly occurred on that date. *See* First Amended Complaint, p. 4.

## DISCUSSION

1. **Dismissal of Plaintiff's Action(s) Against The San Diego Police Department and The City of San Diego is Appropriate, Upon Plaintiff's Failure to State A Claim Upon Which Relief May Be Granted**

   a. **Dismissal of Plaintiff's Pendent Claim(s) Against The City of San Diego and its San Diego Police Department is Appropriate, Where The Claim(s) Are Barred For Failure To Plead and Show Compliance With California's Government Code**

      i. **Plaintiff States Pendent Claim(s) Against The San Diego Police Department and The City of San Diego For Respondeat Superior Liability Under California Law**

Through his First Amended Complaint, Plaintiff alleges a claim against Defendants San Diego Police Department and City of San Diego pursuant to "P.C. [sic][7] 815.2", and he alleges that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within scope of employment if act give [sic] rise to action." First Amended Complaint, p. 3, ¶¶ 5-6.

Plaintiff confirms that his "Count 5" is made pursuant to California Government Code section 815.2, at page 7 of his First Amended Complaint. Through "Count 5", Plaintiff alleges that he is paraphrasing "Cal. Government Code 815.2". First Amended Complaint, p. 7. Accordingly, Plaintiff's "Count 5" is pursuant to California Government Code section 815.2. *See* Fn. 4.

California Government Code section 815.2 provides: "A public entity is liable for injury caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would  . . . have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a).

Through "Count 5", Plaintiff alleges that "[t]he City and Police Department are vicariously liable under the doctrine of respondeat superior . . . ." First Amended Complaint, p. 7. He also alleges "Assault + battery P.C. 245 and negligence." *Id.* and, Plaintiff alleges that he seeks to invoke "pendent jurisdiction." *Id.*

---

[7]    Although Plaintiff cites to "P.C. 815.2", there is no Penal Code or PC section 815.2. Penal Code section 815 does exist, but that section relates to what a "warrant of arrest shall specify". *See* Cal. Penal Code § 815.

6

1    Accordingly, Plaintiff's action against Defendants San Diego Police Department and City

2    of San Diego is brought under California law.

3          ii.    **Analysis of Pertinent Allegations in the Operative Complaint and**
             **California and Law Shows That Plaintiff's Pendent Claims Are Barred As**

4                 **A Matter of Law**

5       **1.  Pertinent Allegations in the Operative Complaint**

6    Through his June 19, 2008, First Amended Complaint, Plaintiff *commenced*[8] an action

7    against Defendants San Diego Police Department and City of San Diego; and this is evident

8    through "Count 5" at page 7 of that complaint.[9]  Plaintiff seeks money or damages. First

9    Amended Complaint, p. 9.

10   Plaintiff's "Count 5" is based upon California law. First Amended Complaint, p. 7.

11   Plaintiff confirms that he is making a state law claim, he alleges that he seeks to "invoke pendent

12   jurisdiction", and he states a cause of action for respondeat superior liability, pursuant to section

13   "815.2" (of the Government Code –*see discussion infra). Id*

14      **2.  Pertinent Provision of the California Code**

15        **a.  Preliminary Provisions**

16   Section 815.2 is part of the California Code, and specifically the California Claims Act at

17   California Government Code section 810, *et seq.* [Act or Government Claims Act].

18   The Act generally defines the liability of public entities and employees. Cal. Gov't Code

19   § 810, *et seq.*  When a person seeks to sue or does sue a public entity for state law claims the

20   California Government Code and Government Claims Act applies.  This is because public entity

21   liability is entirely statutory. Cal. Gov't Code § 815.  Accordingly, the basis for Plaintiff's action

22   and liability must be predicated upon and consistent with the Government Claims Act, and the

23   Federal and California law relating thereto.

24   Defendant San Diego Police Department is a department within Defendant City of San

25

26      [8] California Code of Civil Procedure section 350 confirms that "[a]n action is commenced
. . . when the complaint is filed." Cal. Civ. Proc. Code § 350.

27

28      [9] Plaintiff's action of March 3, 2008, states no cause of action against the San Diego
Police Department or the City of San Diego.

7

1  Diego and the City is a "local public entity" for which the California Government Code applies.

2  Cal. Gov't Code § 900.4.

### b. The Mandatory Claims Presentation Provisions

4  The California Government Code requires, with limited exception, that all claims for

5  money damages against a local public entity be presented to the public entity in a timely manner

6  and in advance of the commencement of any lawsuit therefore. *See* Cal. Gov't Code § 905.

7  California Government Code section 945.4 provides that "no suit for money or damages

8  may be brought against a public entity on a cause of action for which a claim is required to be

9  presented . . . until a written claim therefore has been *presented* to the public entity and has been

10  acted upon . . . or deemed to have been rejected." Cal. Gov't Code § 945.4 (emphasis added).

11  Here, Plaintiff's action is a "suit for money or damages". *Id.*; First Amended Complaint, p. 9.

12  California Government Code section 945.6 provides for the commencement of an action

13  against a public entity only after a claim has been presented to the entity, and either acted upon or

14  otherwise deemed rejected. Cal. Gov't Code § 954.6; *and see* 954.4. Section 945.6 specifically

15  prohibits a suit on a cause of action against a public entity for which a claim is required by a

16  person imprisoned in a state prison "unless he presents a claim" in accordance with Government

17  Code section 900 et seq. Cal. Gov't Code § 945.6(c). Accordingly, the presentation requirement

18  applies equally to all persons, including persons sentenced to imprisonment in a state prison. Cal.

19  Gov't Code § 945.6 (a)-(c); *Williams v. Townsend*, 283 F.Supp. 580 (C.D.Cal. 1968) (Strict

20  claims provisions of § 900 *et seq.* apply to prisoners' claims as well as to all other claims.).

21  To the extent that the Plaintiff seeks to argue that his "Citizens' Complaint" constitutes a

22  claim that complies with the Government Code, a citizen's complaint does not qualify as formal,

23  legal remedy, and thus does not serve as notice of possible tort claim. *Stone v. City and County of*

24  *San Francisco*, 735 F.Supp. 340 (N.D.Cal. 1990).

25  California Code of Civil Procedure section 342 requires that "[a]n action against a public

26  entity upon a cause of action for which a claim is required to be presented . . . must be

27  commenced within the time provided in section 945.6 of the Government Code. Cal. Civ. Proc.

28  Code § 342.

8

1      California Government Code section 945.6 provides only for when a lawsuit may be filed

2   following the presentation of a claim to the public entity identified as responsible for the claim or

3   otherwise subject to legal action. Cal. Gov't Code § 945.6. There is no provision under

4   California law which allows for a court to have jurisdiction over a state law action for money or

5   damages against a public entity, when the plaintiff has not complied with the claims presentation

6   requirements.

7      With limited exception, not applicable here, compliance with the Government Code and

8   the claims presentation requirement therein is mandatory. Cal. Gov't Code §§ 905, 911.2.

9          **c.   Pleading Compliance with the Claims Presentation Requirement is**
            **Mandatory**

10

11     Pleading compliance with the claims presentation requirement is an integral part of a

    plaintiff's state law claim against a public entity.

12

13     The California statutes which condition the right to sue a public entity or sovereign upon a

    timely filed claim is an element of the plaintiff's state law cause of action. *Williams v. Horvath*,

14   16 Cal. 3d 834, 840 (1976).   Submission of a claim to a public entity is not only a condition

15   precedent to the filing of an action against the entity, it is also a pleading requirement for the

16   plaintiff's action. *Id.*; *Del Real v. City of Riverside*, 95 Cal. App. 4th 761, 767 (2002).  A

17   plaintiff's failure to present the claim bars the action. *Phelps v. Desert Hospital Dist.*, 49 Cal. 3d

18   699, 708 (1989); *Luz v. Tri-City Hospital*, 179 Cal. App. 3d 807, 812 (1986).

19

20     In California courts, the failure to allege facts demonstrating compliance with the claims

21   presentation requirement of the California Government Code subjects the complaint to a demurrer

22   for failure to state a cause of action, and Courts will grant the demurrer. *State v. Superior Court*

    (*Bodde*), 32 Cal. 4th 1234, 1239-1243 (2004), *and see* Fn.'s 7-9; *Hart v. County of Alameda*, 76

23   Cal. App. 4th 766, 781 (1999); *Tapia v. County of San Bernardino*, 29 Cal. App. 4th 375, 387

24   (1994); *Neal v. Gatlin,* 35 Cal. App. 3d 871,878 (1973).  In Federal Court, a plaintiff's failure to

25   plead all of the elements essential to his claim(s), allows for a Motion to Dismiss for failure to

26   state a claim. Fed. R. Civ. P. 12(b)(6); *Burke v. City of El Cajon*, 2007 WL 2915067 (S.D. Cal.)

27   ("Failure to allege facts in a complaint demonstrating compliance with prelitigation governmental

28

9

1 claims presentation requirements of the Tort Claims Act subjects the complaint to a motion to

2 dismiss.").

### d.    An Action Is Barred And Subject to Dismissal for A Plaintiff's Failure to Comply With the Mandatory Presentation and Pleading Requirements

5        When a plaintiff commences an action against a public entity or employee for which a

6 claim is required to be presented, without having first presented a claim to the public entity, the

7 claim is barred. *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999).

8        Federal courts will not enforce pendent state claims in the absence of compliance with

9 state statutes, including California's Government Claims Act, at Government Code section 900, *et*

10 *seq.* and principally 911.2; Section 911.2 requires that prior to institution of lawsuit, a claim for

11 damages against public entity must be presented to the public entity within statutory period

12 following the accrual of cause of action. *Id.*; *Boxall v. Sequoia Union High School Dist.*, 464

13 F.Supp.1104 (N.D.Cal. 1979).

14        In *State v. Superior Court (Bodde)*, The California Supreme Court confirmed:

> Under section 911.2, '[a] claim relating to a cause of action for death or for injury to person or to personal property ... shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than six months after the accrual of the cause of action.' Section 945.4 then provides that 'no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division.' <u>Thus, under these statutes, failure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity.</u>

23 *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239 (2004) (emphasis added) (citations in

24 original omitted).

25        Citing to *Bodde*, this District Court recently confirmed that "[f]ailure to allege facts in a

26 complaint demonstrating compliance with prelitigation governmental claims presentation

27 requirements of the Tort Claims Act subjects the complaint to a motion to dismiss." *Burke v. City*

28 *of El Cajon*, 2007 WL 2915067 (S.D.Cal. 2007); *citing State v. Superior Court (Bodde)*, 32 Cal.

1  4th 1234, 1239 (2004).

2      It is "an error of law" for a court to entertain an action against a governmental entity,

3  despite noncompliance with claims requirements. *County of Santa Clara v. Superior Court*, 4 Cal.

4  3d 545, 550 (1971); *and see State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1239, Fn. 7,

5  (2004).

6      Accordingly, pleading and showing compliance with the claims presentation requirement

7  of the California Claims Act is mandatory, since it is an integral element of a plaintiff's state law

8  claim for injury, damages or money against a public entity. Cal. Gov't Code §§ 910, 911.2, 915,

9  945.4; *State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1238 (2004). The failure to timely

10  present claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against

11  that entity.

12      **3.  Application of the Pleading Requirements Shows That Plaintiff's Pendent Claims Are Barred**

13

14      Applying the foregoing California codes and case law to the Plaintiff's pendent claim(s)

15  against the City of San Diego and its San Diego Police Department, shows that Plaintiff's failure

16  to timely present a claim for money or damages to a public entity, the City of San Diego, bars the

17  Plaintiff from proceeding with his state law claims against the City of San Diego and its San

18  Diego Police Department. Cal. Gov't Code §§ 910, 911.2, 915, 945.4; *State v. Superior Court*

19  *(Bodde)*, 32 Cal. 4th 1234, 1238-39 (2004); *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th

20  Cir. 1999); *Boxall v. Sequoia Union High School Dist.*, 464 F.Supp.1104 (N.D.Cal. 1979).

21      **4.  Application of the Accrual And Limitations Provisions Shows That Plaintiff's Pendent Claims Accrued on March 9, 2006, And Are Now Time-Barred**

22      **a.  Plaintiff's Claim(s) Accrued on March 9, 2006**

23      California Government Code section 911.2 sets for the limitations period for presentation

24  of a claim to a public entity, and mandates that a person shall present to the public entity subject

25  to future legal action any "claim relating to a cause of action for death or injury to a person [or

26  personal property or growing crops]." Cal. Gov't Code § 911.2. Any such claim "shall be

27  presented no later than six months after *accrual* of the cause of action." Cal. Gov't Code § 911.2.

28  (emphasis added). "A claim relating to any other cause of action shall be presented . . . not later

11

1  than one year after the accrual of the cause of action." *Id.*

2         Government Code section 901 directs that "for the purpose of computing the time limits

3  prescribed by sections 911.2 . . . *the date of the accrual* of a cause of action to which a claim

4  relates *is the date upon which the cause of action would be deemed to have accrued within the*

5  *meaning of the statute of limitations* which would be *applicable thereto.*" Cal. Gov't Code § 901

6  (emphasis added).

7         Here, the statute of limitation applicable to Plaintiff's "Count 5" is California Code of

8  Civil Procedure section 335.1, because that section and Plaintiff's claims relate to "assault,

9  battery or injury to . . . an individual caused by the wrongful act or neglect of another." Cal. Civ.

10  Proc. Code § 335.1; First Amended Complaint, p. 7.

11         Accrual of an action pursuant to California Code of Civil Procedure section 335.1 occurs

12  on the date of the alleged "assault, battery or injury". *Id.*; *Ward v. Westinghouse Canada, Inc.*, 32

13  F.3d 1405 (9th Cir. 1994); *Massa v. Southern Cal. Rapid Transit Dist.*, 43 Cal. App. 4th 1217

14  (1996); *Goldrich v. Natural Y Surgical Specialties*, Inc., 25 Cal. App. 4th 772 (1994)[10]. Defining

15  the accrual of an action as the date of injury is followed by California and Federal Courts. *Id.*

16         Accrual of Plaintiff's pendent claim(s) against the City of San Diego or the San Diego

17  Police Department occurred on March 9, 2006, that is the only date identified by the Plaintiff in

18  his Complaint. *See* First Amended Complaint (USDC Document No. 25).  Plaintiff's alleged

19

20

21

22

---

23         [10]  *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405 (9th Cir. 1994) (Under California
law, an action ordinarily accrues on date of injury.); *Goldrich v. Natural Y Surgical Specialties*,
24  Inc., 25 Cal. App. 4th 772 (1994)(For an action concerning allegations of personal injury and for
purposes of the statute of limitations, accrual occurs on the date of injury, unless application of
25  discovery rule delays time of accrual); *Massa v. Southern Cal. Rapid Transit Dist.*, 43 Cal. App.
4th 1217 (1996)(Section 335.1 applies to actions for injury, assault and battery to a person, and
26  statute of limitations applicable to claims of assault, battery and wrongful death is satisfied if
lawsuit against governmental employee arising from conduct within course and scope of
27  employment is filed within six months of time that claim filed under Tort Claims Act against
governmental unit which is employer of defendant is denied, even if action is filed more than one
28  year from date cause of action arose.)

1  assault, battery or injury" occurred on March 9, 2006, and his action, therefore, *accrued*[11] on

2  March 9, 2006. First Amended Complaint, p. 1, ¶ (B)(1) and p. 7.

**b. Plaintiff's Claim(s) Are Now Time-Barred**

4       California Government Code section 911.2 sets for the limitations period for presentation

5  of a claim to a public entity, and that section also mandates that a person must present a claim to a

6  public entity "no later than six months after *accrual* of the cause of action" Cal. Gov't Code §

7  911.2 (emphasis added).

8       Applying Government Code section 911.2[12], Plaintiff's claim against the City of San

9  Diego and/or its San Diego Police Department, having accrued on March 9, 2006, was required to

10  be presented "no later than six months after *accrual* of the cause of action" which was "no later

11  than" September 9, 2006. Cal. Gov't Code § 911.2 (emphasis added).

12       For his personal injury, battery or assault, claim, Plaintiff had six months from the date

13  that his claim accrued to present a claim to the City of San Diego. Cal. Gov't Code § 911.2(a).

14  Where Plaintiff's claim accrued on March 9, 2006, Plaintiff was required to present a

15  Government Claim by September 6, 2006. His failure to do so is a bar to his action. *Ellis v. City*

16  *of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999).

17       Plaintiff failed to plead and he cannot prove that he presented a formal Government Claim

18  for the claim(s) set forth in "Count 5" of his First Amended Complaint.

19       Additionally, California's tolling provision regarding incarceration specifically does not

20  apply to actions against a public entity or employee for which a claim is required to be presented.

21  *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999)(Pursuant to statutory exception,

22  _____

23       [11] In fact, Plaintiff's entire action is action is exclusively based on the March 9, 2006,
     event. *Id.*  And, "Count 5" against the City of San Diego and San Diego Police Department states

24  claims for the injury, "assault", "battery" and "negligence", "proximately caused by the acts or
     omissions of employees of public entities acting within the scope of their employment" on that

25  date. First Amended Complaint, p. 7. That count also states that "[b]oth the City of San Diego
     and The Police Department are liable for injuries proximately caused by the acts or omissions of

26  employees of public entities acting within the scope of their employment". First Amended
     Complaint, p. 7. Accordingly, there is no other date applicable to the Plaintiff's Count 5.

27       [12] "A claim relating to a cause of action for death or injury to a person . . . shall be
     presented  . . . no later than six months after accrual of the cause of action." Cal. Gov't Code §

28  911.2.

13

1  California statute tolling limitations period during plaintiff's incarceration did not apply to causes

2  of action against public entities and employees for which claim presentation was required, and

3  therefore arrestee's state law claims against such defendants were untimely); Cal. Civ. Proc.

4  Code § 352.1(b).

5       Furthermore, Government Code section 945.6(c) expressly applies only to person's who

6  are "unable to commence a suit on a cause of action", which is not the circumstance here. Here,

7  Plaintiff commenced a suit against the individual defendants on March 3, 2008 and he

8  commenced a suit against the public entity defendants on June 19, 2008. *See* Initial and First

9  Amended Complaint (USDC File Document Nos. 1 and 25). Accordingly, at all times relevant,

10  Plaintiff was able to "commence a suit", including "against a public entity." *See* Cal. Gov't Code

11  § 945.6(a) and (b).

12       Moreover, the limitations period for an application to present a late claim is 1 year from

13  the date of accrual of the action. Cal. Gov't Code § 911.4. One year from the date of injury

14  identified by the Plaintiff, March 9, 2006, is March 9, 2007. *See* First Amended Complaint, p. 1,

15  ¶ (B)(1). That date has passed.

16       The law regarding the limitation period is clear – a party is not entitled to seek relief from

17  a court once the one-year period to present an application for late claim has passed. If the

18  application to file a late claim under the Government Claims Act was or will be filed more than

19  one year after the cause of action accrued a court lacks jurisdiction to grant relief. *Brandon G. v.*

20  *Gray*, 111 Cal. App. 4th 29 (2003). This court recently confirmed that "[w]hen the underlying

21  application to file a late claim is filed more than one year after the accrual of a cause of action, a

22  court is without jurisdiction to grant leave to file a late claim against the governmental entity."

23  *Burke v. City of El Cajon*, 2007 WL 2915067, citing *id.* at 34 and *Munoz v. State of California*, 33

24  Cal. App. 4th 1767, 1779 (1995).

25       Here, the Court would not have jurisdiction to grant relief where any future application to

26  file a late claim under the Claims Act will be filed more than one year after the cause of action

27  accrued. *Id.* Further, the Claims Act does not provide for extending the presentation period by

28  circumstances which would toll period of limitations. *Wall v. Sonora Union High School Dist.*,

14

1 | 240 Cal. App. 2d 870 (1966).

2 | Moreover, because Plaintiff did *commence* on March 3, 2008, and June 19, 2008, actions

3 | regarding the March 9, 2006, event, no tolling provision benefits him. This is because tolling

4 | necessarily implicates an inability to commence suit, and since March 3, 2008, Plaintiff has acted

5 | to commence and prosecute this action. *See* Cal. Gov't Code § 945.6(b).

6 | **i.    Dismissal is, therefore, appropriate**

7 | In conclusion, the Plaintiff's pendent claim(s) under California law against public entity -

8 | the City of San Diego and its San Diego Police Department, is subject to a motion to dismiss

9 | under Rule 12.

10 | Dismissal of the Plaintiff's "Count 5" or pendent claims against the City of San Diego and

11 | its San Diego Police Department is appropriate where his action accrued on March 9, 2006, and

12 | where Plaintiff failed to present a timely claim for his action "no later than six months after the

13 | accrual" which is September 9, 2006. The Plaintiff's failure to timely comply with California's

14 | Government Claims Act is a bar to the pendent claim(s) against the City of San Diego and its San

15 | Diego Police Department. Cal. Gov't Code §§ 901, 911.2, 945.6(b); Cal. Civ. Proc. Code §

16 | 352.1(b); *Ellis v. City of San Diego*, 176 F.3d 1183, 1190 (9th Cir. 1999).

17 | Where Plaintiff cannot show compliance with the Government Claim presentation

18 | requirement, and where the Court is without jurisdiction, over two years after the incident at

19 | issue, to grant leave to file a late claim, dismissal with prejudice, of the pendent claim(s) is

20 | appropriate and respectfully requested. Cal. Gov't Code § 911.4; *See* First Amended Complaint,

21 | p. 1; *Brandon G. v. Gray*, 111 Cal. App. 4th 29 (2003) (A court lacks jurisdiction to grant relief if

22 | the application to file a late claim under the Tort Claims Act is filed more than one year after the

23 | cause of action accrued).

24 | **a.   To the Extent that the Plaintiff Asserts a Claim for Violation of California's**
**Penal Code, Dismissal of the Claim is Appropriate Where The Penal Code**
25 | **Does Not Create Enforceable Individual Rights**

26 | To the extent that the Plaintiff seeks to allege a claim for violation of the California Penal

27 | Code, through his "Count 5", dismissal, with prejudice, of any claim brought pursuant to

28 | California's Penal Code is appropriate. *Ellis v. City of San Diego*, 176 F.3d 1183, 1189-90 (9th

15

1 | Cir. 1999).

2 |     At page 3 of his First Amended Complaint, Plaintiff states "PC 815.2" as a basis for his

3 | claims against Defendants City of San Diego and San Diego Police Department. First Amended

4 | Complaint, p. 3. Through "Count 5" of that complaint Plaintiff alleges violation of "P.C. 245".

5 | First Amended Complaint, p.7.

6 |     In *Ellis v. City of San Diego*, the Ninth Circuit Court of Appeal confirms that the

7 | California Penal Code does not create enforceable individual rights, and a district court may

8 | properly dismiss such claims. *Ellis v. City of San Diego* 176 F.3d 1183, 1189-90 (9th Cir. 1999).

9 |     Accordingly, dismissal, with prejudice, of any claims brought pursuant to the California

10 | Penal Code is appropriate and respectfully requested. *Id.*

11 |     **b.  To the Extent Plaintiff Seeks to Assert Any New Claim Under 42 U.S.C. § 1983, Including through "Count 5" Against The City of San Diego or The San Diego Police Department, Dismissal Is Appropriate Where The Claim is Time-Barred by the Two Year Statute of Limitations And Where Plaintiff Fails To State A Claim**

12 |

13 |

14 |     The filing of a complaint against the City of San Diego and its San Diego Police

15 | Department on June 19, 2008, for the event(s) occurring on March 9, 2006, is time barred by the

16 | two year statute of limitations set forth in California Code of Civil Procedure section 335.1.

17 |     For the event(s) arising out of his March 9, 2006, arrest, Plaintiff commenced this action

18 | against four individuals on March 3, 2008. Complaint, p. 1. The Plaintiff's complaint is limited to

19 | the Plaintiff's involvement with City of San Diego police officers on March 9, 2006. *Id.* In that

20 | Complaint, Plaintiff identified each of the four individual defendants as an officer, sergeant or

21 | detective of the San Diego Police Department. Complaint, p. 2.

22 |     Since the Plaintiff identified the individual defendants as affiliated with the San Diego

23 | Police Department, he cannot, in good faith, feign ignorance of the identity of the individual

24 | defendants' employer or otherwise feign ignorance of the identity of the San Diego Police

25 | Department. Further, Plaintiff did not name any DOE or otherwise allege any claim against a

26 | party whose identity was not readily known at the time of the commencement of the action.

27 | Complaint, pp. 1-2 (Caption and Parties). Accordingly, there is no allegation relating to an

28 | unknown party so as to support any argument that the Amended Complaint relates back to the

1  initial Complaint.

2      Moreover, the Plaintiff's commencement of the lawsuit on March 3, 2008, indicates his

3  waiver of any claim to toll the statute of limitations, because any presumption that Plaintiff's

4  incarceration is a disability is countered by his obvious ability to commence the action.

5      The Plaintiff's allegations in the initial complaint which identify the San Diego Police

6  Department as, *inter alia,* the employer of the individual police officer defendants and as the

7  recipient of Plaintiff's "citizens' complaint" concerning the officer's conduct on March 9, 2006,

8  shows that the Plaintiff was neither unable to file a lawsuit while incarcerated nor ignorant of the

9  relationship of the San Diego Police Department and/or City of San Diego to his action.

10     The commencement of the action, through the filing of the March 3, 2008, complaint,

11  shows Plaintiff's *ability* to commence a lawsuit regarding the March 9, 2006 event(s). Since that

12  time, Plaintiff has prepared and filed various motions with this Court. The Plaintiff's

13  commencement of the action and his prosecution of the action since that time show the Plaintiff's

14  ability, despite his incarceration. He, therefore, cannot support, in good faith, any argument of a

15  disability that prohibited the "commencement of the action."

16     Although untimeliness is an affirmative defense, a court may dismiss a complaint as

17  untimely as long as the defense has not been waived. *See Levald, Inc. v. City of Palm Desert,* 998

18  F.2d 680, 686-87 (9th Cir. 1993). Through the filing of this responsive pleading, since service of

19  the First Amended Complaint, the City of San Diego and the San Diego Police Department, in no

20  manner waive untimeliness as an affirmative defense.

21     Accordingly, Plaintiff's conduct shows Plaintiff's ability to commence this action,

22  concerning the March 9, 2006, events. Since The Plaintiff did not commence an action against

23  the City of San Diego and its San Diego Police Department until June 19, 2008, which is two

24  years after the March 9, 2006, incident in question, the action is time barred. Cal. Civ. Proc. Code

25  § 335.1. Dismissal is therefore appropriate. Since Plaintiff cannot remedy the time-bar through

26  any amendment, a dismissal with prejudice is appropriate and respectfully requested.

27      i.  **The Limitations Period Set Forth in California Code of Civil Procedure Section 335.1 Applies to Plaintiff's Civil Rights Action.**

28

17

1    The Civil Rights Acts do not contain a specific statute of limitations governing § 1983

2    actions. In the absence of a controlling federal statute, the federal courts adopt and apply the

3    forum state's statutes of limitations for like causes of action, when enforcing rights arising under

4    the statutes of the United States. *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir. 1977);

5    *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151 (1983); *Cholla Ready Mix, Inc. v.*

6    *Civish*, 382 F.3d 969 (9th Cir. 2004); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*,

7    344 F.3d 822, 828 (9th Cir. 2003); 42 U.S.C.§ 1983 and 1988(a). Accordingly, federal courts

8    borrow the forum state's personal-injury limitations provision in determining the timeliness of a

9    civil rights suit brought under 42 U.S.C. § 1983. *Id.*

10   For section 1983 actions filed within the forum state of California, the applicable statute

11   of limitations is the forum state's statute of limitations for personal injury actions. 42 U.S.C. §

12   1983; *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir.

13   2003) (*citing Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001) (*citing Wilson v. Garcia*, 471

14   U.S. 261, 276 (1985); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). Here, California's two

15   year personal injury statute of limitations, Code of Civil Procedure section 335.1, applies.

**ii.    Plaintiff's Claims Accrued on March 9, 2006**

17   "Although state law determines the length of the limitations period, federal law

18   determines when a civil rights claim accrues." *Morales v. City of Los Angeles*, 214 F.3d 1151,

19   1153-54 (9th Cir. 2000).

20   Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the

21   injury which is the basis of the action." *Id.* at 1154; *and see Lee v. United States*, 809 F.2d 1406,

22   1409-10 (9th Cir. 1987) (A cause of action accrues under federal law as soon as a potential

23   claimant either is aware or should be aware of the existence and source of his or her injury.).

24   California's limitations period for bringing any § 1983 excessive force claims began to run

25   when the arrest occurs. *See Guerrero v. Gates*, 442 F.3d 697, 705-706, (9th Cir. 2006); *and see*

26   42 U.S.C. § 1983.

27   Here, Plaintiff's claim accrued on March 9, 2006. The date of March 9, 2006, is the only

28   date identified by the Plaintiff in his complaints, Plaintiff was arrested on that date, and the events

18

1 | or injuries at issue in this action allegedly occurred on that date. *See* First Amended Complaint, p.
2 | 4.

3 |       Since March 9, 2006, Plaintiff knew or had reason to know of the injury which is the basis
4 | of the action." *Morales v. City of Los Angeles*, 214 F.3d at 1154. Plaintiff's presentation to the
5 | San Diego Police Department of a "citizens' complaint" "regarding the acts alleged" in his
6 | complaint shows that Plaintiff knew or had reason to know of the injury which is the basis of the
7 | action" before Plaintiff commenced his action. *See* Complaint, p. 6, ¶ 2.

8 |            iii.   **Plaintiff's Conduct Shows His Ability to Commence and Prosecute This Action While Incarcerated, And Plaintiff Cannot Show Any Legitimate**
9 |                   **Excuse To Avoid Application of Section 335.1 To His Action**

10 |       While incarcerated, Plaintiff was able to commence an action against the individual
11 | defendants on March 3, 2008. Since the time that Plaintiff commenced this action, Plaintiff has
12 | prepared and presented various documents in connection with the prosecution of his action.
13 | Plaintiff's conduct shows his ability to commence and prosecute this action. Accordingly, there is
14 | no legitimate, good faith, basis to prevent application of section 335.1 to his action against the
15 | San Diego Police Department and the City of San Diego.

16 |       Here, the filing of the complaint on March 3, 2008, for the March 9, 2006, events is
17 | evidence of the Plaintiff's ability commence the action. Equitable tolling of the statute of
18 | limitations is therefore not appropriate. *See e.g. Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.
19 | 1999) (Applying equitable tolling to inmate's petition for writ of habeas corpus).

20 |       Furthermore, Plaintiff's pro se status, or any argument that Plaintiff was ignorant of the
21 | law, is insufficient to establish cause. *See e.g., Hughes v. Idaho State Bd. of Corrections*, 800 F.2d
22 | 905, 909 (9th Cir. 1986) (Pro se prisoner's illiteracy and lack of knowledge of law unfortunate but
23 | insufficient to establish cause); *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999); *Rose v. Dole*,
24 | 945 F.2d 1331, 1335 (6th Cir. 1991).

25 |       Moreover, equitable tolling applies only where prisoner has diligently pursued claims, but
26 | has in some "extraordinary way" been prevented from asserting his rights. A petitioner who
27 | merely fails to act diligently cannot invoke equitable principles to excuse his lack of diligence.
28 | *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, (1984); *see also Miles v.*

1 | *Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999)

2 |      Therefore, the commencement of the action, through the filing of the March 3, 2008,

3 | Complaint, shows an ability to commence the action. The allegations in that complaint

4 | concerning the San Diego Police Department, as the individual defendants employer and as the

5 | recipient of the "Citizens' complaint", evidence Plaintiff's knowledge of the public entity's

6 | relationship to the individual defendants. *See* Complaint, p. 2 and 6; First Amended Complaint,

7 | pp. 2 and 7. Plaintiff's commencement of the action and his prosecution of the action since

8 | March 3, 2008, shows his ability to commence and prosecute an action while incarcerated.

9 | Accordingly, Plaintiff cannot, in good faith, show evidence to excuse or avoid the application of

10 | Code of Civil Procedure § 335.1 to his action against the City of San Diego and its San Diego

11 | Police Department.

12 |       **iv.   The Action Against The San Diego Police Department or The City of San**
13 |               **Diego For the March 9, 2006, Event(s) at Issue, Are Not Actionable If**
              **Time Barred**

14 |      "[D]iscrete discriminatory acts are not actionable if time barred, even when they are

15 | related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S.

16 | 101, 102 (2002); *Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969 (9th Cir. 2004) ("Discrete acts

17 | are not actionable if time barred, even if related to acts alleged in timely filed charges." ), *citing*

18 | *National R.R. Passenger Corp.; Carpinteria Valley Farms, Ltd. v. County of Santa Barbara,* 344

19 | F.3d 822, 828-29 (9th Cir. 2003); *RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1061-62

20 | (9th Cir. 2002); *and see RK Ventures, Inc. v. City of Seattle,* 307 F.3d 1045, 1061 (9th Cir. 2002).

21 |      Here, Plaintiff commenced his action on March 3, 2008. *See* Date of Filing of Complaint

22 | (USDC File Document No. 1). Plaintiff did not allege any action against DOE defendants. *Id.*

23 | The allegations against the San Diego Police Department and/or the City of San Diego are part

24 | and parcel to the allegations against the San Diego Officer defendants. *Id.; and see* First Amended

25 | Complaint. Accordingly, the claims against the City of San Diego and its San Diego Police

26 | Department are time barred and not actionable.

27 |       **v.   Conclusion**

28 |      In conclusion, the Plaintiff's commencement of any section 1983 action against the City

1  of San Diego and its San Diego Police Department over two years following the March 9, 2006,

2  even(s) at issue, and otherwise over two years after the accrual of any section 1983 cause of

3  action, is time barred and not actionable pursuant to the applicable statute of limitations at

4  California Code of Civil Procedure section 335.1.

5       Because Plaintiff cannot cure the time bar to the First Amended Complaint with regard to

6  any section 1983 claim asserted against the newly named public entity defendants a dismissal

7  with prejudice is appropriate and respectfully requested.

8                                   **CONCLUSION**

9       Upon the foregoing, and any evidence or arguments that may be presented upon reply or

10  at oral argument, dismissal of the Plaintiff's First Amended Complaint against the City of San

11  Diego and its San Diego Police Department is appropriate and respectfully requested. Where

12  Plaintiff cannot remedy by amendment the bar(s) to his action against these new named public

13  entity defendants a dismissal with prejudice is appropriate and respectfully requested. Fed. R.

14  Civ. P. 12(b)(6).

15  Dated:  July 29, 2008                    MICHAEL J. AGUIRRE, City Attorney

16

17                                    By    /s/ Wendy Davisson
18                                          Wendy E. Davisson

19                                    Attorneys for Defendants
                                      Dennis Wilson; Esmeralda Tagaban; Griffin;
20                                    Lemus

21

22

23

24

25

26

27

28

---

21