MICHAEL J. AGUIRRE, City Attorney
WENDY E. DAVISSON, Deputy City Attorney
California State Bar No. 199146
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856

Attorneys for Defendants
Tagaban; Griffin; Lemus;
San Diego Police Department and
City of San Diego

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, <br><br>    Plaintiff, <br><br>v. <br><br>DENNIS WILSON; ESMERALDA TAGABAN; GRIFFIN; LEMUS, CITY OF SAN DIEGO AND SAN DIEGO POLICE DEPARTMENT <br><br>    Defendants. | Case No. 08cv408 (WQH) BLM <br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLANT** <br><br>(Fed. R. Civ. P. 12(b)(6)) |

Defendants respectfully submit this reply as follows:

**REPLY**

**1.    <u>Dismissal of Any Claim Under California's Penal Code is Appropriate</u>**

Through his First Amended Complaint, Plaintiff states "PC 815.2" as a basis for his claims and he alleges violation of "P.C. 245". (As against those defendants) First Amended Complaint, pp 3 and 7.

Through his Opposition, Plaintiff makes no statement concerning the City's motion on these matters. *See generally* Opposition.

To the extent Plaintiff seeks to assert any claim(s) under California's Penal Code, dismissal of the claim(s) is appropriate where the Penal Code does not create enforceable

1

individual rights. Fed. R. Civ. P. 12(b)(6); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189-90 (9th Cir. 1999).

### 2. **Dismissal of Any New Claims Under § 1983 is Appropriate**

To the extent Plaintiff's Complaint states any new claim under 42 U.S.C. § 1983, including through "Count 5" as against the City of San Diego or the San Diego Police Department, dismissal is appropriate where the claim is time-barred by the two year statute of limitations and where plaintiff fails to state a claim.[1]

Here, Plaintiff has commenced and prosecuted his action since March 2008. California's limitations period for Plaintiff's § 1983, claim based on the occurrence of any injury and/or excessive force, accrued and began to run when such event(s) allegedly occurred – here the only date of injury at issue is March 9, 2006.[2] The commencement of a section 1983 action against the San Diego Police Department and the City of San Diego on June 19, 2008, for the March 9, 2006, event, is two years beyond the date when the action accrued. *Compare* Initial and First Amended Complaints.

Where Plaintiff has "commenced" his action, the provisions excusing or tolling compliance with the statute of limitation do not apply, because those provisions implicitly require a finding of an inability to commence an action. Moreover, and as to this and all arguments in support of the Motion to Dismiss, Plaintiff's mental disability defense is nullified by his obvious ability to commence and fully and impressively engage in the prosecution and defense of his action.

/ / / /

---

[1] Fed. R. Civ. P. 12(b)(6); Cal. Civ. Proc. Code. § 335.1; *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir. 1977); *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151 (1983); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004); *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828 (9th Cir. 2003) (*citing Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir.2001) (*citing Wilson v. Garcia,* 471 U.S. 261, 276 (1985); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)); 42 U.S.C. § 1983.

[2] *See Guerrero v. Gates*, 442 F.3d 697, 705-706, (9th Cir. 2006); *and see* 42 U.S.C. § 1983; First Amended Complaint, p. 1, ¶ (B) and p. 4. The date of March 9, 2006, is the only date identified by the Plaintiff in his complaints, Plaintiff was arrested on that date, and the events or injuries at issue in this action allegedly occurred on that date. *See* First Amended Complaint, p. 4.

1  Since March 9, 2006, Plaintiff knew or had reason to know of the injury which is the basis
2  of the action.  A dismissal of any such claim or action is appropriate as barred by the statute of
3  limitations. Fed. R. Civ. P. 8 and 12(b)(1) and (6). Where Plaintiff cannot remedy, through
4  amendment, the commencement of a section1983 action over two years after the action accrued, a
5  dismissal with prejudice is appropriate and respectfully requested.

6  **3.  Dismissal of All Pendent Claim(s) is Appropriate**

7  It is undisputed that Plaintiff failed to timely present a claim pursuant to the California
8  Government Code, for his causes of action against the City and its San Diego Police Department.
9  *Id.*; Op. Op., p. 5, ll. 18-19.

10  Therefore, he now requests for an order relieving him from the claims presentation
11  requirements. *Id.*, at p. 5, ll 2-3.

12  First, Plaintiff is not entitled to such a request through the Opposition to the City's
13  Motion. Plaintiff's request is procedurally flawed and deficient.

14  Second, in support of his request, for an order relieving him from the claims presentation
15  requirements, Plaintiff alleges excusable neglect and physical and mental incapacity; And, he
16  relies upon Government Code sub-section 945.6(c)(1) and (3), for an order excusing or extending
17  the "time specified in Government Code section 911.2". *Id.* at p. 5, ll. 2-6.  [Section 911.2
18  requires an injury claim to be presented to the public entity "not later than six months after the
19  accrual of the cause of action". Cal. Gov. Code § 911.2.]

20  Plaintiff confuses the law relating to extensions of time for the *commencement* and filing
21  of a legal action with the law prohibiting any extension for the *presentation of a claim* to a public
22  entity in advance of the *commencement* and filing of a legal action against that entity. *See* Op., p.
23  5, ll. 18-28 and p. 6, ll 1-6.

24  As to the claim presentation requirement, and as applicable to the facts of this case, the
25  law is clear – an extension is **not allowed for "an action against a public entity or public**
26  **employee** upon a cause of action for which a claim is required to be presented . . . the
27  Government Code." Cal Code Civ. Proc. §§ 352(b) and 352.1(b).
28  / / / /

3

1. <u>Here, it is undisputed that Plaintiff failed to timely present the required claim</u>. *Id*.; Op. Op., p. 5, ll. 18-19. **The failure to present a timely claim bars his action against the City and its San Diego Police Department, as well as against its police officers**. Cal. Gov. Code § 950.2. Section 950.2 provides – "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 of this division".

Part 3 of the division is entitled "Claims Against Public Entities" includes the Chapter 1 on the General Definition for the "Date of accrual of cause of action" [§ 901], and on the requirement for the pre-litigation presentation of "Claims for money or damages against local public entities" [§ 905]; and Part 3 includes Chapter 2, which addresses the particular requirements for "Presentation and Consideration of Claims". Chapter 2 contains the requirements on the following: "Contents of claim" [§ 910], "Time of presentation of claims; limitation" [§911.2], "Application to present late claim; one year limitation; computation of limitation period; tolling (for minors) [§ 911.4] and "Presentation to local public entity or to state; means of presentation" [§ 915].

The California Code expressly disallows any tolling for an action against a public entity for which a claim is required to be presented under the California Government Code. *See* Cal. Civ. Proc. Code §§ 352(b), 352.1(b); *see also* Cal Gov't Code § 945.6(b). The attempt to now comply, over two years after the event, is time barred and a court is without jurisdiction to, otherwise, grant leave to file a late claim.

Here, Plaintiff admits that he never presented any claim. *Id*.; Op. Op., p. 5, ll. 18-19. And, Plaintiff failed to presented evidence to show that he timely presented an "application to present late claim", as required under Government Code section 911.4. *See generally* Opposition. Without such evidence Plaintiff action is barred. Plaintiff is not entitled to seek a Court order estopping the City form asserting this defense [Op., p. 7, l.23], Plaintiff is not entitled to any trial on the merit of the City's entitlement to the defense [*See* Op., p. 8, ll. 1-12], plaintiff is not entitled to any equitable relief otherwise and the Plaintiff is not entitled to an order that

circumvents or nullifies the California law on the mandatory claims/application presentation requirement.

The law on the limitation period applicable to the presentation of a claim and to the application for late claim is clear – a party is not entitled to seek relief from a court once the one year period to present an application for late claim has passed. Cal. Gov. Code § 945.4; *Brandon G. v. Gray*, 111 Cal. App. 4th 29 (2003); *and see* cal. Gov. Code §§ 901, 905  910, 911.2,  911.4. [Here, the claim accrued on the date of the event in question - March 9, 2006. Cal Gov. Code § 901; From the accrual date, Plaintiff had six months to present a claim and one year to present an application for late claim. Cal Gov. Code § 905, 911.2 and 911.4; One year, from March 9, 2006, passed.]

If the application to file a late claim under the Government Claims Act was or will be filed more than one year after the cause of action accrued then a court lacks jurisdiction to grant relief. *Brandon G. v. Gray*, 111 Cal. App. 4th 29 (2003). This court recently confirmed that "[w]hen the underlying application to file a late claim is filed more than one year after the accrual of a cause of action, a court is without jurisdiction to grant leave to file a late claim against the governmental entity." *Burke v. City of El Cajon*, 2007 WL 2915067, citing *Id.* at 34 and *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1779 (1995).

Here, and even if Plaintiff properly moved the Court for an Order, the Court is, respectfully, without jurisdiction to grant relief, since any future application to file a late claim under the Claims Act will be filed more than one year after the cause of action accrued. *Id*.

Further, the Claims Act does not provide for extending the presentation period by circumstances which would or may otherwise allow for the tolling of a limitations period. *Wall v. Sonora Union High School Dist.,* 240 Cal. App. 2d 870 (1966). The Code of Civil Procedure clearly provides that section 352, on the exceptions applicable to persons with disabilities of minority and insanity, does not apply to actions against public entities for which a timely claim is required in advance of litigation. Cal. Code Civ. Proc. § 352(b).  The Plaintiff agrees. Op., p. 4, ll. 9-10.

/ / / /

1       The Plaintiff's reference to sections 350, 351, 353-363, and his reliance on those sections and Government Code section 913 and Civil Code sections 51 and 51.7 is misplaced; Those sections are inapplicable to the operative complaint, those sections have no bearing on the relief sought though the Motion to Dismiss, and specifically Civil Code sections 51 and 51.7 are not mentioned in the operative complaint *See Id.*, at p. 4, ll 10-13 and p. 7, ll 9-11 and 18-19; *and see generally* First Amended Complaint. And, where Plaintiff was able to commence this action on March 3, 2008, and prosecute this action to date, there is also no tolling provision which he may seek to utilize to his benefit because tolling necessarily implicates an inability to commence suit. *See* Cal. Gov't Code § 945.6(b).

      Additionally, the Plaintiff's lacks sufficient evidence to support any claim for relief. A request for a court order relieving a Plaintiff from the claims presentation requirement in section 954.4, is barred where a Plaintiff or petitioner has not presented an application for leave to present a late claim. Cal. Gov't Code § 946.6. Section 946.6 expressly requires the following before an Motion for Relief is made or considered - [1] that a Plaintiff present an application for leave to present a claim, to the public entity, and [2] that such application be deemed denied; only then may a petition be made to the court for an order relieving the petitioner from section 945.4. Cal. Gov. Code §§954.4 and 946.6. Here, plaintiff failed to present any evidence that he did apply to the City or its police department, or that he otherwise received a denial. *See generally* Opposition. In the absence of such evidence, the Plaintiff's request is barred by operation of section 946.6(a).

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

# CONCLUSION

Based on the moving papers, this Reply and Plaintiff's Opposition, the Court is respectfully requested to issue an order in favor of the City defendants on the Motion to Dismiss the First Amended Complaint. Fed. R. Civ. P. 12(b)(6).

Because the Plaintiff cannot remedy by amendment the deficiencies addressed in the Motion and herein, a dismissal with prejudice is respectfully requested, and including for the following:

First, to the extent Plaintiff's Complaint states any claim under California's Penal Code, a dismissal, with prejudice, of any claims brought pursuant to the California Penal Code is respectfully requested, since the Penal Code does not create enforceable individual rights and since Plaintiff, therefore, fails to state a claim.

Second, to the extent Plaintiff's Complaint states any new claim under 42 U.S.C. § 1983, including through "Count 5" against the City of San Diego or the San Diego Police Department, a dismissal is respectfully requested, since any claim is time-barred by the two year statute of limitations, since Plaintiff's commencement of the action indicates his ability to commence an action and since Plaintiff, therefore, fails to state a timely claim.

Third, a dismissal, with prejudice, of any state law claims subject to the California Claim Presentation requirement is respectfully requested.

It is undisputed that Plaintiff failed to timely present the required claim, for his causes of action against the City and its San Diego Police Department. Op., p. 5, ll. 18-19.  It is also undisputed that Plaintiff did not present evidence to show compliance with the late claim application requirement. *See generally* Opposition; Gov. Code §§ 954.4 and 946.6.  Accordingly, Plaintiff's pendent claim(s) under California law against any public entity - the City of San Diego and its San Diego Police Department - is subject to a motion to dismiss under Rule 12.

Moreover, any pendent claim under California law against any San Diego City police officer, which may be construed under the liberal pleading requirements applicable to pro se plaintiffs, is similarly barred. Cal. Gov. Code § 950.2.  The failure to present a timely claim bars the action against the City and its San Diego Police Department, as well as against its police

officers. Cal. Gov. Code § 950.2: "A cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 of this division".

                                        Respectfully submitted,

Dated: August 28, 2008               MICHAEL J. AGUIRRE, City Attorney

                                      By   */s/ Wendy Davisson*
                                                Wendy E. Davisson

Attorneys for Defendants
Tagaban; Griffin; Lemus;
San Diego Police Department and
City of San Diego