1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   WILLIAM JOHN DAUGHTERY, CDCR    )   Civil No. 08cv0408-WQH (BLM)
     #F-79985,                       )
12                                   )   **REPORT AND RECOMMENDATION FOR**
                          Plaintiff, )   **ORDER GRANTING DEFENDANTS CITY**
13   v.                              )   **OF SAN DIEGO AND SAN DIEGO**
                                     )   **POLICE DEPARTMENTS' MOTION TO**
14   DENNIS WILSON, et al.,          )   **DISMISS**
                                     )
15                        Defendants. )   **[Doc. No. 42]**
                                     )
16   ——————————————————————————————

17        This Report and Recommendation is submitted to United States

18   District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and

19   Local Civil Rules 72.1(c) and 72.3(f) of the United States District

20   Court for the Southern District of California.

21        On March 3, 2008, Plaintiff William John Daughtery, a state

22   prisoner proceeding *pro se* and *in forma pauperis*, filed this civil

23   rights suit against Defendants Wilson, Tagaban, Griffin and Lemus

24   under 42 U.S.C. § 1983.  Doc. No. 1.  After having been granted

25   leave to do so by the Court [Doc. No. 24], Plaintiff filed a First

26   Amended Complaint ("FAC") on June 19, 2008, which added the City of

27   San Diego and the San Diego Police Department as Defendants [Doc.

28   No. 25].

1    On July 29, 2008, the City of San Diego and the San Diego
2    Police Department ("Defendants") filed a motion to dismiss the FAC
3    for failure to state a claim upon which relief may be granted.  Doc.
4    No. 42 (pursuant to Fed. R. Civ. P. 12(b)(6)).  Plaintiff timely
5    opposed the motion [Doc. No. 51] and Defendants filed a reply on
6    August 28, 2008 [Doc. No. 52].   Thereafter, Plaintiff filed two
7    documents [Doc. Nos. 54 & 56], which the Court construed as sur-
8    replies [Doc. Nos. 53 & 55].

9    This Court finds the issues appropriate for decision on the
10   papers and without oral argument pursuant to Local Civil Rule
11   7.1.(d)(1).  See Doc. No. 49.  The Court has considered the FAC,
12   Defendants' Motion to Dismiss, Plaintiff's Opposition, Defendants'
13   Reply, Plaintiff's "Answer to Defendants' Reply to Plaintiff's
14   Opposition to Motion to Dismiss First Amended Complaint" [Doc. No.
15   54], and Plaintiff's "Supplemental to Opposition to Motion to
16   Dismiss First Amended Complaint" [Doc. No. 56] and all supporting
17   documents submitted by the parties.  For the reasons set forth
18   below, this Court **RECOMMENDS** that Defendants' Motion to Dismiss
19   [Doc. No. 42] be **GRANTED.**

20                              **BACKGROUND**

21   In his Complaint, Plaintiff alleged that on March 9, 2006,
22   San Diego Police Officers Wilson and Tagaban used excessive force
23   prior to arresting him in violation of the Fourth and Fourteenth
24   Amendments.  Doc. No. 1.  He further alleged that San Diego Police
25   Sergeant Griffin and Detective Lemus were "integral participants" in
26   the allegedly unlawful beating because they witnessed it but did
27   nothing to intervene.  Id. at 2, 4.
28   ///

1    In his FAC, filed on June 19, 2008, Plaintiff reasserts the

2    same claims against the four officers, verbatim, and adds an

3    additional cause of action, listed as "Count 5," against the City of

4    San Diego and the San Diego Police Department.   FAC at 7.   Under

5    Count 5, Plaintiff alleges that the City of San Diego and the San

6    Diego Police Department violated his Fourth Amendment rights and

7    committed the "state tort[s]" of "Gov't Code § 810 *et seq.*, assault

8    and battery P.C. 245 and negligence in failure to provide medical

9    assistance."   Id.   Plaintiff elaborates on this allegation,

10   explaining that "[b]oth the City of San Diego and the Police

11   Department are liable for injuries proximately caused by acts or

12   omissions of employees of public entities acting within scope of

13   their employment, if the acts or omissions would, apart from this

14   section, have given rise to a cause of action against those

15   employees."   Id. (paraphrasing Government Code § 815.2).   In other

16   words, Plaintiff claims that both entities are "vicariously liable

17   under the doctrine of *respondeat superior*" for the officers'

18   conduct.   Id.   Plaintiff asks the Court to invoke pendant

19   jurisdiction over his state claim.   Id.

20   The City of San Diego and the San Diego Police Department now

21   move to dismiss the FAC.   Doc. No. 42.

22                          **LEGAL STANDARD**

23   A motion to dismiss under Rule 12(b)(6) of the Federal Rules

24   of Civil Procedure tests the legal sufficiency of the plaintiff's

25   claims.   See Fed. R. Civ. P. 12(b)(6).   In considering a Rule

26   12(b)(6) motion, "we do not require heightened fact pleading of

27   specifics, but only enough facts to state a claim to relief that is

28   plausible on its face."   Bell Atlantic Corp. v. Twombly, 127 S.Ct.

1  1955, 1974 (2007).  "However, the court is not required to accept

2  legal conclusions cast in the form of factual allegations if those

3  conclusions cannot reasonably be drawn from the facts alleged."

4  Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004)

5  (quoting Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th

6  Cir. 1994)).  The issue is not whether the plaintiff ultimately

7  will prevail, but whether he has properly stated a claim upon which

8  relief could be granted.  Jackson v. Carey, 353 F.3d 750, 755 (9th

9  Cir. 2003).

10      When the plaintiff is appearing pro se, the court must

11  construe the pleadings liberally and afford the plaintiff any

12  benefit of doubt.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir.

13  2002) (citing Karim-Panahi v. Los Angeles Police Dept., 839 F.2d

14  621, 623 (9th Cir. 1988)).  This rule of liberal construction is

15  "particularly important" in civil rights cases.  Ferdik v. Bonzelet,

16  963  F.2d  1258,  1261  (9th  Cir.  1992).   In  giving  liberal

17  interpretation to a pro se civil rights complaint the court is not,

18  however, permitted to "supply essential elements of the claim that

19  were not initially pled."  Ivey v. Bd. of Regents of the Univ. of

20  Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  "Vague and conclusory

21  allegations of official participation in civil rights violations are

22  not sufficient to withstand a motion to dismiss."  Id.

23      If the court concludes that dismissal is appropriate, the

24  court has discretion to dismiss the complaint either with or without

25  leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127, 1130 (9th Cir.

26  2000) (en banc) (concluding that the PLRA did not strip district

27  courts of this discretion).  Because the language of § 1915(e)(2)

28  parallels the language of Rule 12(b)(6), the Ninth Circuit has

1  suggested that there is no reason to depart from its longstanding
2  policy that when dismissing a complaint for failure to state a
3  claim, "a district court should grant leave to amend even if no
4  request to amend the pleading was made, unless it determines that
5  the pleading could not possibly be cured by the allegation of other
6  facts."  Id. at 1127.

**DISCUSSION**

8        The City of San Diego and the San Diego Police Department
9  seek dismissal of Plaintiff's FAC based upon several alleged
10  deficiencies in the pleadings.  As an initial matter, Defendants
11  argue that Plaintiff's FAC must be dismissed because his pleadings
12  do not show compliance with applicable California Government Code
13  sections[1], which require that all claims for money or damages
14  against local public entities be presented to the public entities
15  prior to commencement of any lawsuits.  Defs.' Mem. at 3-4, 8-11.
16  Further, Defendants submit that the dismissal should be with
17  prejudice because the deadline for Plaintiff to present his claims
18  to the City of San Diego has passed and cannot be revived by this
19  Court, so Plaintiff cannot amend his pleadings to remedy this
20  deficiency.  Id. at 11-15.  Defendants next argue that to the extent
21  Plaintiff's claim is premised upon a violation of California's Penal
22  Code, Plaintiff's claim must be dismissed with prejudice because the
23  Penal Code does not create enforceable individual rights.  Id. at
24  15-16.  Finally, Defendants contend that even if the Court finds
25  that Plaintiff sufficiently plead compliance with the California

26  _____

27        [1]    Collectively, these portions of the Government Code (Cal. Gov't Code
     § 810 et seq.) are known as California's Tort Claims Act.  For purposes of
     clarity, the Court will use this term when referring to the applicable sections
28  of the Government Code.

1  Government Code's claim presentation requirement, Plaintiff's claim
2  still must be dismissed because Count 5 is time-barred.  Id. at 16-
3  20.

4       In response, Plaintiff acknowledges that his Opposition does
5  not address each point raised by Defendants, but asks that the Court
6  consider several arguments that weigh against granting Defendants'
7  motion.  Pl.'s Opp'n at 2.  First, Plaintiff seeks permission from
8  the Court to present late claims to the City of San Diego and the
9  San Diego Police Department and thereafter amend his pleadings
10 before this Court.  Id. at 4.  Second, Plaintiff cites to California
11 Code of Civil Procedure section 358 in arguing that for individuals,
12 like himself, who had two or more disabilities at the time the right
13 of action accrued, the statute of limitations did not attach until
14 the disabilities were removed.[2]  Id. at 3.  Third, Plaintiff relies
15 upon California Civil Code sections 51 and 51.7 and argues that his
16 action is subject to a three-year statute of limitation, not a two-
17 year limitations period, as Defendants argue.  Id. at 6.  Finally,
18 to the extent the Court is inclined to address Defendants' argument
19 that Plaintiff's FAC is untimely, Plaintiff requests that the Court
20 conduct a trial on this affirmative defense prior to deciding on the
21 motion to dismiss.  Id. at 7 (citing Cal. Code Civ. P. § 597).

22      Defendants rebut Plaintiff's arguments in their Reply and re-
23 assert that Plaintiff's Count 5 must be dismissed with prejudice.
24 In response to Plaintiff's mental disability allegations, Defendants
25 argue that Plaintiff's "ability to commence and fully and

26 _____

27      [2]  Plaintiff claims to have two mental disabilities.  Pl.'s Opp'n at 3.
   He attaches records in support of his claim but does not explicitly specify which
28 disabilities he believes fall within the ambit of the state code.

1  impressively engage in the prosecution and defense of his action"
2  nullifies any mental disability defense.   Defs.' Reply at 2.
3  Additionally, Defendants contend that in seeking relief from the
4  California Government Code's claim presentation requirement,
5  Plaintiff confuses the law relating to extensions of time for the
6  commencement and *filing of a legal action* with the law prohibiting
7  any extension for the *presentation of a claim* to a public entity in
8  advance of commencing a legal action.   Id. at 3.   In regard to the
9  other code sections Plaintiff cites, Defendants argue that none are
10  applicable to the operative complaint or have any bearing on the
11  relief sought in Defendant's motion to dismiss.   Id. at 6.

12       In two subsequent filings by Plaintiff, which the Court
13  construed as sur-replies [Doc. Nos. 53 & 55], Plaintiff further
14  elaborates on his arguments.   In his "Answer to Defendants' Reply to
15  Plaintiff's Opposition to Motion to Dismiss First Amended Complaint"
16  (hereinafter "Answer to Defendants Reply"), Plaintiff argues that
17  the date of accrual of his claim did not commence until March 2008
18  when he "emerged" from his "mentally disabled 'fog.'" Answer to
19  Defs.' Reply at 3.   In his "Supplemental to Opposition to Motion to
20  Dismiss First Amended Complaint" (hereinafter "Supplemental
21  Opposition"), Plaintiff contends that California Code of Civil
22  Procedure section 338 (which provides for a three year limitations
23  period), not section 335.1, sets forth the applicable statute of
24  limitations.   Suppl. Opp'n at 2.   Additionally, Plaintiff submits
25  that he did not have to first present his claim to the appropriate
26  public entity because § 1983 claims are not subject to California's
27  Tort Claims Act.   Id. at 3.
28  ///

**A.      Claims Alleging Violations of California's Penal Code**

On page 3 of his FAC, Plaintiff alleges that the City of San Diego and the San Diego Police Department are liable for injuries proximately caused by their employees pursuant to "P.C. 815.2." FAC at 3.   In Count 5, Plaintiff further alleges that the same Defendants violated "P.C. 245." Id. at 7.

Presuming Plaintiff's use of "P.C." refers to the California Penal Code, Defendants are correct that these allegations fail to state a claim.  California's Penal Code does not create enforceable individual rights.  Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of pro se plaintiff's claims against arresting officers where claims were based on alleged California Penal Code violations); c.f. Cal. Penal Code § 684 (West 2008) ("A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense").   As such, Plaintiff has not stated a legally cognizable claim or one for which relief could be granted.[3]  See Jackson, 353 F.3d at 755.

Because Plaintiff's claims pursuant to the California Penal Code are legally barred, Plaintiff's claims also could not possibly be cured by amendment to his FAC and, thus, dismissal with prejudice is appropriate.  Lopez, 203 F.3d at 1127, 1130.  Accordingly, to the extent Plaintiff asserts claims against the City of San Diego and the San Diego Police Department premised upon California Penal Code violations, this Court **RECOMMENDS** that Defendants' motion be **GRANTED** and Plaintiff's claims be **DISMISSED WITH PREJUDICE**.

---

[3]      Additionally, as Defendant points out, the California Penal Code does not contain a section "815.2."

**B.**    **Plaintiff's Lack of Compliance With the California Tort Claims Act's Claim Presentation Requirement**

At one point in Count 5, Plaintiff wrote "Cal. Penal Code 815.2" and then crossed out "Penal" and inserted "Government."  FAC at 7.  He also paraphrased California Government Code section 815.2, which indicates that Plaintiff in fact is alleging that Defendants are liable under this code section.  See Thompson, 295 F.3d at 895 (explaining that the court must construe *pro se* pleadings liberally).  Government Code section 815.2 provides as follows:

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
>
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov't Code § 815.2 (West 1995).  Plaintiff explains that he believes the City of San Diego and the San Diego Police Department are vicariously liable under the doctrine of *respondeat superior*, and pursuant to Government Code section 815.2, for the acts of the arresting officers.  FAC at 7.

Defendants submit that Plaintiff cannot pursue a civil action against them premised on Government Code section 815.2 because Plaintiff has not plead compliance with the California Tort Claims Act's claim presentation requirement.  Defs.' Mem. at 3, 8.

**1.**    **The Requirements of the California Tort Claims Act**

The California Tort Claims Act provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented ... until a

1    written claim therefor has been presented to the public entity and

2    has been acted upon by the board, or has been deemed to have been

3    rejected by the board..."  Cal. Gov't Code § 945.4[4]; Ovando v.

4    County of Los Angeles, 159 Cal. App. 4th 42, 62-63 (2nd Dist. 2008)

5    (confirming continued applicability of claim presentation

6    requirement to those seeking money or damages from a local public

7    entity); see also Cal. Gov't Code § 905 (imposing presentation

8    requirement and listing limited exceptions, none of which are

9    applicable to the facts of this case).  The purpose of the claims

10   presentation requirement is to afford public entities (1) the

11   opportunity to remedy the condition giving rise to the injury (thus

12   minimizing the risk of harm to others), (2) the time to investigate

13   while evidence is still available, and (3) the chance to settle

14   meritorious claims without incurring the cost of litigation.  Shirk

15   v. Vista Unified School Dist., 42 Cal. 4th 201, 213 (2007).  In

16   light of this overriding purpose, the requirement set forth in

17   Government Code section 945.4 applies equally to individuals

18   sentenced to imprisonment in a state prison.  Cal. Gov't Code

19   § 945.6(c).

20        The California Court of Appeal provided a thorough overview

21   of the Tort Claims Act's presentation requirement in Doe v.

22   Bakersfield City School District, 136 Cal. App. 4th 556 (5th Dist.

23   2006), explaining:

24              Under the Tort Claims Act, a person may not sue
             a public entity for personal injury or wrongful death
25           unless he or she first presented a written claim to
             the public entity within six months following the
26           accrual of the claim and the public entity rejected

27   ───────────────────

28        [4]   The "board" referred to is the California Victim Compensation and
     Government Claims Board.

the claim. [Cal. Gov't Code](§§ 911.2, 945.4; *Munoz v.
State of California* (1995) 33 Cal.App.4th 1767, 1776,
39 Cal.Rptr.2d 860 ( *Munoz* ).) If a claim is presented
late, the public entity, within a prescribed time, may
send the claimant written notice that the claim is
being returned without action due to its untimely
presentation. In that instance, the claimant's only
recourse is to apply for leave to present a late
claim. (§ 911.3, subd. (a).)

A claimant has a period of one year from the
accrual of the claim to present a written application
to the public entity for leave to file a late claim.
§§ 911.4, 911.6.) If the public entity denies leave to
present a late claim, the claimant can petition the
court under section 946.6 for an order relieving him
or her of the requirement of presenting a claim. The
court must relieve the petitioner from presentation
and claim requirements if it finds the claimant's
application under section 911.4 was made within a
reasonable time, was denied or deemed denied under
section 911.6, and the "failure to present the claim
was through mistake, inadvertence, surprise, or
excusable neglect unless the public entity establishes
that it would be prejudiced in the defense of the
claim if the court relieves the petitioner from the
requirements of Section 945.4." (§ 946.6, subd.
(c)(1).) In determining whether relief is warranted,
the court will consider the petition, any supporting
or opposing affidavits, and any other evidence
presented at the hearing.

Bakersfield City School Dist., 136 Cal. App. 4th at 566-567.

Filing a late-claim application with a government entity

within one year after the cause of action accrued is a

jurisdictional prerequisite to a claim-relief petition under the

Tort Claims Act.  See Munoz, 33 Cal. App. 4th at 1779.  In other

words, if the underlying application to file a late claim was made

more than one year after the cause of action accrued, the court is

*without jurisdiction* to grant relief from the claim presentation

requirement.  Brandon G. v. Gray, 111 Cal. App. 4th 29, 34 (1st

Dist. 2003); see also Ellis, 176 F.3d at 1190 (explaining that after

the one-year deadline passes, the court has no discretion to grant

applications).  "Notwithstanding these rules, '[i]t is well settled

that a public entity may be estopped from asserting the limitations of the claims statute where its agents or employees have prevented or deterred the filing of a timely claim by some affirmative act.'" Bakersfield City School Dist., 136 Cal. App. 4th at 567.

Because claim presentation is mandatory, failure to expressly plead compliance with the claim presentation requirement subjects the complaint to dismissal for failure to state a claim. California courts repeatedly have explained that "submission of a claim to a public entity pursuant to section 900 et seq. 'is a condition precedent to a tort action and the failure to present the claim bars the action.'" Phillips v. Desert Hospital Dist., 49 Cal. 3d 699, 708 (Cal. 1989) (quoting Lutz v. Tri-City Hospital, 179 Cal. App. 3d 807, 812 (4th Dist. 1986)); see also Del Real v. City of Riverside, 95 Cal. App. 4th 761, 767 (4th Dist. 2002) ("The filing of a claim is a condition precedent to the maintenance of any cause of action against the public entity and is therefore an element that a plaintiff is required to prove in order to prevail"). If a plaintiff nonetheless files a civil action but fails to allege facts demonstrating or excusing compliance with the claim presentation requirement, the complaint is subject to dismissal for failure to state a cause of action. See State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (complaint subject to demurrer in state court) and Burke v. City of El Cajon, 2007 WL 2915067, *6 (S.D. Cal. 2007) (recognizing that complaint subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) in federal court).

///

///

///

1   **2.   Plaintiff's   Arguments   Pertaining   to   the   Claim**
**Presentation Requirement**

2

3          On its face, Plaintiff's FAC does not contain any allegation

4   suggesting that Plaintiff complied with the Tort Claims Act's claim

5   presentation requirement or is entitled to be excused from complying

6   with the same.[5]   In fact, in his Opposition Plaintiff acknowledges

7   as much by seeking permission now to file an application to present

8   a late claim.   Pl.'s Opp'n at 4.   As such, it appears Count 5 of

9   Plaintiff's FAC does not include sufficient facts to state a claim

10  for relief and that it, therefore, should be dismissed.   <u>Twombly</u>,

11  127 S.Ct. At 1974; <u>see also</u> <u>Burke</u>, 2007 WL 2915067 at *6.

12          Nonetheless, as noted above, Plaintiff presents several

13  arguments against dismissal.   Plaintiff's first argument, which he

14  raises for the first time in his Supplemental Opposition, is that a

15  § 1983 action is not subject to the Tort Claims Act.   Suppl. Opp'n

16  at 3-4.   While it is true that claims against a public entity based

17  on 42 U.S.C. § 1983 need not meet the requirements of the Tort

18  Claims Act, <u>see</u> <u>Felder v. Casey</u>, 487 U.S. 131, 134 (1988),

19  Plaintiff's allegations against the City of San Diego and the San

20  Diego Police Department are premised upon violations of California

21  _____

22          [5]     Even if the Court liberally construed Plaintiff's allegations in his
FAC that he filed a "Citizen's Complaint" with the Internal Affairs Division of
23  the San Diego Police Department (FAC at 8) as alleging compliance with the claim
presentation requirement, Plaintiff's pleadings are insufficient.  Plaintiff did
not attach a copy of his Citizen's Complaint to the FAC, state the date on which
24  the "Citizen's Complaint" was filed, or otherwise allege compliance with the six-
month deadline.  Additionally, the California Government Code requires that a
25  claim be presented and *acted upon* by the public entity before a lawsuit may be
filed.  Cal. Gov't Code § 945.4.  Plaintiff acknowledges in his FAC that he did
26  not comply with this requirement in that he describes his Citizen's Complaint as
"pending at present."  FAC at 8.  Furthermore, Plaintiff essentially concedes in
his Opposition that he has not presented a proper claim to the appropriate public
27  entity because he asks for relief from the claim presentation deadline or for the
opportunity to file an application to present a late claim.  <u>See</u> Pl.'s Opp'n at
28  3-6.

1  Government Code section 815.2, see FAC at 7, for which claim
2  presentation is a prerequisite to suit.  Count 5 plainly seeks to
3  impose respondeat superior liability on Defendants via Government
4  Code section 815.2 and Plaintiff cannot pursue that claim without
5  having complied with the Tort Claims Act's presentation requirement.
6  Moreover, it ultimately would not benefit Plaintiff to attempt to
7  convert Count 5 into a pure § 1983 claim because the Supreme Court
8  has long held that "a municipality cannot be held liable solely
9  because it employs a tortfeasor-or, in other words, a municipality
10 cannot be held liable under § 1983 on a respondeat superior theory."
11 Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658,
12 691-692 (1978).   Therefore, Plaintiff's first argument fails to
13 alter this Court's finding that Count 5 should be dismissed.

14       Plaintiff's other arguments to avoid dismissal are likewise
15 unavailing.   For instance, Plaintiff attempts to rely upon
16 California Code of Civil Procedure section 358 and Government Code
17 section 945.6(b) to excuse his failure to comply with the Tort
18 Claims Act's presentation requirement. Pl.'s Opp'n at 3-6. However,
19 these statutes do not address nor excuse a failure to present a
20 claim to a public entity; they merely provide possible relief for
21 failure to timely file suit.  Accordingly, the Court remains
22 convinced that Count 5 should be dismissed for failure to state a
23 claim based upon Plaintiff's failure to comply with the Tort Claims
24 Act's claim presentation requirement.  The question is whether the
25 dismissal should be with or without prejudice.

26       The Court will construe Plaintiff's remaining arguments as
27 requests that the dismissal be without prejudice. See Thompson, 295
28 F.3d at 895 (court must construe pro se pleadings liberally).

1   Plaintiff argues that he should be excused from complying with the
2   presentation requirement because he suffers from mental disabilities
3   and the failure was the result of these disabilities or excusable
4   neglect. Alternatively, Plaintiff argues that the Court should find
5   that the claim did not begin to accrue (or the limitations period
6   should be tolled) until his mental disability abated. Pl.'s Opp'n at
7   3-6. Under either scenario, Plaintiff requests additional time to
8   present his claim to the Defendants and the ability to then amend
9   his federal complaint.

10          **a.    Relief Based on Excusable Neglect and/or Alleged
                    Physical and Mental Incapacity**
11

12          Plaintiff first argues that the Court should provide him with
13   relief pursuant to Government Code section 946.6(c). Pl.'s Opp'n at
14   3-6. Government Code section 946.6(c) provides that a court may
15   provide relief from the requirements of section 945.4 if "[t]he
16   failure to present the claim was through mistake, inadvertence,
17   surprise, or excusable neglect" or "[t]he person who sustained the
18   alleged injury, damage or loss was physically or mentally
19   incapacitated during all of the time specified in section 911.2 for
20   the presentation of the claim and by reason of that disability
21   failed to present a claim during that time." Cal. Gov't Code
22   § 946.6(c). Plaintiff claims that his failure was due both to
23   excusable neglect and to physical and mental incapacity. FAC at 5.
24   However, section 946.6(c) makes clear that courts may only grant
25   relief if the plaintiff first filed an application to submit a late
26   claim within a year of the accrual date and the claim was denied.
27   Cal. Gov't Code § 946.6(c) ("The court shall relieve the petitioner
28   from the requirements of Section 945.4 if the court finds that the

1    application to the board under Section 911.4 was made within a

2    reasonable time not to exceed that specified in subdivision (b) of

3    Section 911.4 [one year] and was denied or deemed denied...”); see

4    also Munoz, 33 Cal. App. 4th at 1779.  Because Plaintiff makes no

5    allegation that he filed an application to submit a late claim, this

6    Court cannot provide Plaintiff with any relief pursuant to section

7    946.6(c) and it does not provide a basis for dismissing Count 5

8    without prejudice.

9               **b.   Relief Arising From Allegedly Delayed Accrual Date**

10              Alternatively, Plaintiff submits that this Court should

11   exercise its jurisdiction and allow him leave to amend his pleadings

12   because his claim did not actually accrue until March 2008.[6]  Answer

13   to Defs.’ Reply at 2-3.  Specifically, Plaintiff contends that:

14              the date of accrual must not commence on the date of
                the complained incident, but rather on the date that
15              he “became aware or reasonably should have been aware”
                that tortious conduct had occurred, which in the
16              instant case would be March 2008 when he “emerged”
                from his mentally disabled “fog” and was able to
17              conduct coherent, linear, cogent, deductive reasoning
                with clarity, i.e. he was no longer non compos mentis
18              (in toto).

19   Answer to Defs.’ Reply at 3.  Plaintiff’s argument suggests that

20   even if Count 5 is dismissed, the dismissal should be without

21   prejudice because if the claim accrued in March 2008, the one-year

22   period for applying for leave to file a late claim would not expire

23   until March 2009.  Thus, Plaintiff would have time to submit an

_____

25              [6]   In framing this argument, the Court construes Plaintiff’s *pro
     se* pleadings liberally and affords Plaintiff any benefit of doubt.  Thompson, 295
26   F.3d at 895.  Plaintiff’s arguments in his sur-reply suggest an understanding
     that if the underlying application to file a late claim was made more than one
27   year after the cause of action accrued, the Court would be *without jurisdiction*
     to grant relief from the claim presentation requirement, see Brandon G., 111 Cal.
     App. 4th at 34 and Ellis, 176 F.3d at 1190, and thus, unable to allow Plaintiff
28   leave to amend his FAC.

1   application to file a late claim, obtain a decision from the public

2   entity or waiver from the court, and then cure his pleadings by

3   alleging compliance with the Tort Claims Act.

4        The Court rejects Plaintiff's argument.   Under California

5   law, a cause of action generally accrues "at the time when the cause

6   of action is complete with all of its elements."  Grisham v. Philip

7   Morris U.S.A., Inc., 40 Cal. 4th 623, 634 (2007) (quoting Fox v.

8   Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 806-807 (2005)).   In

9   Count 5, Plaintiff alleges that Defendants are responsible for the

10  misconduct of their employees.  FAC at 7.  The alleged misconduct of

11  Defendants' employees is that the arresting officers used excessive

12  force in violation of the Fourth Amendment.  Id. at 4-6.

13       To establish a claim for excessive force, Plaintiff must

14  establish that (1) the officer was acting under the color of law,

15  that is, he was performing his official duties, (2) he used

16  excessive force in performing those duties, and (3) the officer's

17  acts were the proximate cause of damages sustained by Plaintiff.  3B

18  Fed. Jury Prac. & Instr. §§ 165.20 & 165.40 (5th ed.).   "[A]ll

19  claims that law enforcement officers have used excessive

20  force-deadly or not-in the course of an arrest, investigatory stop,

21  or other 'seizure' of a free citizen should be analyzed under the

22  Fourth Amendment and its 'reasonableness' standard."  Graham v.

23  Connor, 490 U.S. 386, 395 (1989).  Thus, the elements of Plaintiff's

24  claim are that officers used unreasonable force in arresting him.

25       Plaintiff alleges in his FAC that, on March 9, 2006, Officer

26  Wilson, "a uniformed officer, driving [a] marked patrol car,"

27  approached him and "gripped [his] throat" and "bang[ed] [his]

28  forehead into [the] concrete sidewalk."  FAC at 4.  He further

1    alleges that Officer Tagaban, "also in uniform and driving [a]

2    marked squad car," "beat[] [his] head and left shoulder with [a]

3    metal 2 foot flashlight with batteries installed" numerous times

4    until he lost consciousness. Id. at 4-5. Thereafter, Plaintiff

5    describes his arrest and conviction. Id. at 5. The FAC does not

6    describe any conduct that occurred on any date other than March 9,

7    2006. Accordingly, Plaintiff's FAC clearly states that all of the

8    alleged wrongs occurred on March 9, 2006 and Plaintiff's claims,

9    therefore, accrued on March 9, 2006.[7]

10          In his supplemental pleadings, Plaintiff argues that he was

11   in a "mentally disabled 'fog'" and that the accrual date should be

12   delayed until March 2008, when he "emerged" from that "fog." Ans.

13   to Defs.' Reply at 3; Suppl. Opp'n at 5. The law does provide that

14   "[a]n important exception to the general rule of accrual is the

15   'discovery rule,' which postpones accrual of a cause of action until

16   the plaintiff discovers, or has reason to discover, the cause of

17   action." Grisham, 40 Cal. 4th at 634. "A plaintiff has reason to

18   discover a cause of action when he or she 'has reason at least to

19   suspect a factual basis for its elements.'" Id.

20          While it is unclear the degree of mental incapacity necessary

21   to delay accrual of a claim, the Court finds persuasive the

22   standards applied in similar claim presentation circumstances. For

23   instance, to justify tolling of the one-year late claim application

24   deadline pursuant to California Government Code section 911.4(c)(1),

25

26   _____

27       [7]    The analysis would be the same under the state standard described in
     California Code of Civil Procedure section 335.1 (applying to claims of "assault,
     battery or injury to ... an individual caused by the wrongful act or neglect of
28   another"). Plaintiff alleges that he was battered and injured by Officers Wilson
     and Tagaban and that their conduct was wrongful.

a plaintiff must demonstrate evidence that he is "mentally incapacitated." Santee v. Santa Clara County Office of Educ., 220 Cal. App. 3d 702, 717 (6th Dist. 1990). Moreover, it is the petitioner's burden to make such a showing by a preponderance of the evidence. Id. (citing Tammen v. County of San Diego, 66 Cal. 2d 468, 474 (1967)). Similarly, in analyzing application of California Government Code section 946.6 (which allows a plaintiff to seek relief from the court if a timely application to file a late claim is denied by the public entity), the California Supreme Court has explained:

> The subdivision is designed to assure both that the claimant was disabled during the filing period and that the disability was the reason the claimant could not file timely. A person can be disabled yet be able to file a timely claim. The decisions construing subdivision (c)(3) and its predecessor apply the disability provision in just this way: they analyze the extent of the injured person's disability and determine whether it was so great as to preclude filing a timely claim or authorizing someone to do so.

Draper v. City of Los Angeles, 52 Cal.3d 502, 509 (1990). These sections demonstrate a legislative intent that (1) the disability rise to the level of "mental incapacity," (2) the burden of demonstrating mental incapacity falls on the party seeking relief and must be shown by a preponderance of the evidence, and (3) the claimant must show that the disability was the reason the claimant could not file in a timely manner. Plaintiff has not satisfied this burden.

Initially, Plaintiff does not allege that he did not discover the claim or the factual basis for it until March 2008. FAC at 1-7. Second, the fact that Plaintiff subsequently was prosecuted for, and convicted of, the crimes that led up to the March 9, 2006 arrest

1  indicates that Plaintiff was competent and aware of the factual
2  basis for the current claims, the alleged illegal arrest on March 9,
3  2006.    Finally  and  most  importantly,  the  medical  records  that
4  accompany Plaintiff's Opposition do not support Plaintiff's argument
5  that he was in a "mentally disabled fog" that prevented him from
6  understanding  the  factual  basis  of  his  claims  and  filing  an
7  appropriate claim.

8       Plaintiff submitted medical records covering the period of
9  March 2006 through July 2007 and from an appointment on March 20,
10 2008.  Pl.'s Opp'n at 19-82.  The 2006 and 2007 records show that
11 Plaintiff  experienced headaches and depression, at times expressed
12 suicidal ideations, and was treated with anti-depressants.  Id. at
13 20, 28-80.  The records also indicate several medical visits in
14 which Plaintiff reported that he was asymptomatic and that his
15 outlook on life improved when he was taking Zoloft and other
16 medication.  Id. at 42, 44, 50, 76.  However, the records do not
17 contain  any  complaints  or  indications  that  Plaintiff  was
18 experiencing a "mentally disabling fog" or did not understand what
19 was going on around him.  Id. at 20, 28-80.  And, none of the
20 physician notes or other records reflect any concerns regarding
21 competency, an inability to understand what was happening around or
22 to him, or an inability to perform important tasks such as filing a
23 claim.  Id.  The records also reflect that Plaintiff complained
24 about being beat up by the police in 2006.  Id. at 45, 70, 75, 78.
25 The March 20, 2008 records reflect that Plaintiff was not currently
26 experiencing any medical symptoms but that he wanted to see a
27 psychiatrist to determine whether his past head injuries contributed
28 to his past criminal conduct.  Id. at 21-23, 25-26.  Accordingly,

the medical records establish that Plaintiff was competent, was able to perform important tasks, such as filing a claim, and knew that he had been arrested and believed that the officers had used excessive and unreasonable force in doing so.  The records do not support Plaintiff's claim that he had a mental disability that prevented him from filing a timely claim.

The Court finds that Plaintiff's allegations of having been in a "mentally disabled fog" do not satisfy his burden of showing by a preponderance of the evidence that his alleged disability rose to the level of mental incapacity, nor do they demonstrate how the "mentally disabled fog" actually prevented him from presenting his claim in a timely manner.  <u>See</u> <u>Santee</u>, 220 Cal. App. 3d at 717; <u>Draper</u>, 52 Cal.3d at 509.  Therefore, the Court rejects Plaintiff's argument that his claim did not accrue until March 2008 and his attendant argument that Count 5 must be dismissed without prejudice.[8]

### 3.   Conclusion Regarding Dismissal for Failure to Comply with California's Tort Claims Act

In sum, because "submission of a claim to a public entity pursuant to section 900 *et seq.* 'is a condition precedent to a tort action and the failure to present the claim bars the action,'" <u>Phillips</u>, 49 Cal. 3d at 708, Plaintiff's failure to present the allegations against Defendants described in Count 5 bars suit on that claim.  As such, dismissal of Count 5 is appropriate.  <u>Burke</u>, 2007 WL 2915067, at *6.  Further, because it is apparent that

---

[8]   For the same reasons, the Court also rejects Plaintiff's argument to the extent he asserts that the deadline for filing a late claim should be tolled due to his claimed mental deficiencies.

1   Plaintiff did not present a claim to the appropriate public entity
2   or timely apply for leave to present a late claim, and because it
3   now is too late for Plaintiff to do so, Plaintiff could not possibly
4   cure his FAC by alleging other facts.  See Lopez, 203 F.3d at 1127.
5   Accordingly, this Court finds that it would be futile to grant
6   Plaintiff leave to amend Count 5 and, therefore, **RECOMMENDS** that
7   Defendants' motion be **GRANTED** and Count 5 against the City of San
8   Diego and the San Diego Police Department be **DISMISSED WITH**
9   **PREJUDICE.**

10  **C.**      **The Statute of Limitations**

11          Defendant argues that Plaintiff's claims in Count 5 also are
12  barred by the two-year statute of limitations set forth in
13  California Code of Civil Procedure section 335.1.  Defs.' Mem. at
14  16.  Since Plaintiff's allegations arise from Officers Wilson and
15  Tagaban's alleged use of excessive force on March 9, 2006, and
16  Plaintiff did not file his FAC until June 19, 2008, Defendants
17  contend that Count 5 is time-barred.  Id.

18          Plaintiff counters that the Court should apply California
19  Code of Civil Procedure section 338, which provides for a three-year
20  statute of limitations on actions premised "upon a liability created
21  by statute" [Cal. Code Civ. Pro. § 338(a)].[9]  Pl.'s Opp'n at 6.
22  Plaintiff also requests that, because untimeliness is an affirmative
23  defense, the Court conduct a separate trial on all special defenses
24  prior to deciding the instant motion to dismiss.  Pl.'s Opp'n at 7.

25          Because 42 U.S.C. § 1983 does not contain a specific statute

26  _____

27          [9]      Plaintiff also cites California Civil Code sections 51 and 51.7 as
    providing a three-year time limit for commencing civil actions.  FAC at 6.
28  However, neither section lists a statute of limitations nor creates enforceable
    individual rights.

of limitations, the Court looks to the statute of limitations for personal injury actions in the forum state. <u>Maldonado v. Harris</u>, 370 F.3d 945, 954 (9th Cir. 2004). Under California law:

> To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action. [T]he nature of the right sued upon and not the form of action nor the relief demanded determines the applicability of the statute of limitations under our code.

<u>Marin Healthcare Dist. v. Sutter Health</u>, 103 Cal. App. 4th 861, 874-875 (3rd Dist. 2002) (quoting <u>Hensler v. City of Glendale</u>, 8 Cal. 4th 1, 22-23 (1994)). Here, the "gravamen" of Plaintiff's FAC is Plaintiff's assertion that he was injured as a result of Officers Wilson and Tagaban's use of excessive force. Therefore, section 335.1, which addresses personal injury actions, dictates the applicable statute of limitations, not section 338, which provides only the statutory authority for asserting that Defendants are vicariously liable for the officers' actions. <u>See Burke</u>, 2007 WL 2915067 at *3 (rejecting argument that statute of limitations under section 338 instead of section 335.1 applies to a vicarious liability claim against a city based upon personal injuries inflicted by one of its officers).

Applying the two-year statute of limitations, it appears that Plaintiff's claim is, in fact, time-barred. As previously discussed, Plaintiff's claim accrued on the date of his arrest, March 9, 2006. Plaintiff, therefore, had until March 8, 2008, to file a civil action against the City of San Diego and the San Diego Police Department. While Plaintiff filed his original federal complaint on March 3, 2008, he did not amend his complaint to add claims against the City of San Diego and the San Diego Police

1    Department until June 19, 2008.[10]   Thus, unless Plaintiff

2    demonstrates that Count 5 relates back to the original complaint,

3    Plaintiff's claims against the City of San Diego and the San Diego

4    Police Department are untimely as a matter of law.

5          Defendants argue that Plaintiff is not entitled to benefit

6    from the relation-back doctrine.  Defs.' Mem. at 16-17.  Rule 15 of

7    the Federal Rules of Civil Procedure provides that an amendment to

8    a pleading may relate back to the date of the original pleading when

9    "the law that provides the applicable statute of limitations allows

10   relation back."[11]   Fed. R. Civ. P. 15(c)(1)(A).   In this case,

11   California law provides the applicable statute of limitations, so

12   this Court looks to California's policy regarding relation back.  In

13   California, "[t]he general rule is that an amended complaint that

14   adds a new defendant does not relate back to the date of filing the

15   original complaint and the statute of limitations is applied as of

16   the date the amended complaint is filed, not the date the original

17   complaint is filed." Woo v. Superior Court, 75 Cal. App. 4th 169,

18   176 (4th Dist. 1999) (citing Liberty Transport, Inc. v. Harry W.

19   Gorst Co., 229 Cal. App. 3d 417, 428 (2nd Dist. 1991), disapproved

20

21   ————————————

22   [10]    Plaintiff first moved to amend his complaint on April 30, 2008.  Doc.
     No. 18.   This date also falls beyond the two-year statute of limitations.

23   [11]    In the Advisory Committee Notes following Rule 15, the committee
     explains that paragraph (c)(1) was added to "to make it clear that the rule does
24   not apply to preclude any relation back that may be permitted under the
     applicable limitations law." Fed. R. Civ. P. 15 Advisory Committee Notes (1991
25   Amendment) (acknowledging that the applicable limitations law generally will be
     state law).   The committee further clarified that "[w]hatever may be the
     controlling body of limitations law, if that law affords a more forgiving
26   principle of relation back than the one provided in this rule, it should be
     available to save the claim." Id.   In this case, California law is less
27   stringent than federal law as to relation-back because, in some instances, it
     allows for new defendants to be added (as opposed to merely allowing a change in
     a defendant's name) by way of the use of Doe defendants.   Compare Fed. R. Civ.
28   P. 15(c)(1)(C) with Cal. Code Civ. Pro. § 474.

on other grounds in Adams v. Murakami, 54 Cal. 3d 105, 115-116 (1991)).  "A recognized exception to the general rule is the substitution under [California Code of Civil Procedure] section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint."  Id.  Only if the requirements of section 474 are satisfied can the amended complaint substituting a new defendant for a fictitious Doe defendant and filed after the statute of limitations has expired be deemed filed as of the date the original complaint.  Id. (citing Austin v. Mass. Bonding & Ins. Co., 56 Cal. 2d 596, 599 (1961)).

In this case, though Plaintiff has not squarely addressed the relation-back issue, the Court finds it appropriate to consider briefly whether it would apply to Count 5.  California law requires Plaintiff to have listed Doe defendants in his original complaint in accordance with California Code of Civil Procedure section 474.  Id. Section 474 allows the use of Doe defendants "[w]hen the plaintiff is ignorant of the name of a defendant."  Cal. Code Civ. P. § 474. The amended pleading may then substitute a named defendant for a Doe defendant "when [the defendant's] true name is discovered."  Id. Here, Plaintiff did not name any Doe defendants in his original complaint and he did not allege the substance of Count 5.  He also cannot plausibly claim that, at the time he filed his original complaint, he was ignorant of the names of the City of San Diego and the San Diego Police Department, since he listed all of the individual defendants as "San Diego Police" officers, sergeants or detectives and alleged that he filed a Citizen's Complaint with the San Diego Police Department.  Compl. at 2, 6.  Accordingly, the

Court finds that Plaintiff has neither sought the benefit of, nor satisfied the requirements for, California's relation-back doctrine. The allegations against the City of San Diego and the San Diego Police Department, contained in Count 5 of the FAC, therefore, do not relate back to the date of the original complaint. Woo, 75 Cal. App. 4th at 176.

To the extent Plaintiff seeks equitable relief, in the form of tolling of the statute of limitations, due to his mental issues and incarceration, the Court finds Plaintiff's arguments unpersuasive. For the same reasons discussed previously in regard to the claim presentation requirement, the Court finds that Plaintiff has not plead facts demonstrating that his mental illness was so debilitating that it prevented him from being able to comply with the statute of limitations. The fact that Plaintiff is incarcerated also does not entitle him to tolling because California Penal Code section 2601 expressly provides prisoners the right to initiate civil actions and Plaintiff has not alleged that he was prevented from taking advantage of this right.[12] See Cal. Penal Code § 2601. Accordingly, tolling does not save Plaintiff's action from being untimely.

For the foregoing reasons, the Court finds that Count 5 of Plaintiff's FAC is untimely. The Court, therefore, **RECOMMENDS** that Defendants' motion, alternatively, be **GRANTED** on this basis and Count 5 against the City of San Diego and the San Diego Police

---

[12] Plus, of course, Plaintiff was able to initiate his *federal action* within the two-year limitations period - he simply failed to include Defendants at that time.

1    Department be **DISMISSED**.[13]

2                                    **CONCLUSION**

3         For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the

4    District Court issue an Order: (1) approving and adopting this

5    Report and Recommendation and (2) granting Defendants' Motion to

6    Dismiss the City of San Diego and the San Diego Police Department

7    and Count 5 of Plaintiff's FAC.

8         **IT IS HEREBY ORDERED** that any written objections to this

9    Report must be filed with the Court and served on all parties **no**

10   **later than November 14, 2008**.   The document should be captioned

11   "Objections to Report and Recommendation."

12        **IT IS FURTHER ORDERED** that any reply to the objections shall

13   be filed with the Court and served on all parties **no later than**

14   **December 5, 2008.**   The parties are advised that failure to file

15   objections within the specified time may waive the right to raise

16   those objections on appeal of the Court's order.   See Turner v.

17   Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

18   DATED:  October 23, 2008

19                                    _Barbara Major_

20                                    BARBARA L. MAJOR
                                      United States Magistrate Judge

21

22

23

24        [13]    The Court also denies Plaintiff's request that the Court conduct a
     trial on Defendants' statute of limitations affirmative defense prior to deciding
25   the motion to dismiss.  See Pl.'s Opp'n at 7.  As an initial matter, Plaintiff's
     authority for his request is California Code of Civil Procedure § 597 and this
26   Court's conduct is not governed by California's procedural rules.  Furthermore,
     the Supreme Court has confirmed that even though the statute of limitations is
27   raised as an affirmative defense, if the allegations of the complaint "show that
     relief is barred by the applicable statute of limitations, the complaint is
28   subject to dismissal for failure to state a claim."  Jones v. Bock, 549 U.S. 199,
     127 S.Ct. 910, 920-21 (2007).

1    COPY TO:

2    HONORABLE WILLIAM Q. HAYES
     UNITED STATES DISTRICT JUDGE
3
     ALL COUNSEL AND PARTIES
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28