UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, CDCR #F-79985,<br><br>　　　　　　Plaintiff,<br>v.<br>DENNIS WILSON, San Diego Police Officer; ESMERALDA TAGABAN, San Diego Police Officer; SERGEANT GRIFFIN; DETECTIVE LEMUS,<br><br>　　　　　　Defendants. | Case No. 08cv0408-WQH (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER**<br><br>[Doc. No. 58] |

On September 9, 2008, Plaintiff, who is proceeding *pro se* and *in forma pauperis* with a Complaint brought pursuant to 42 U.S.C. § 1983, filed a document entitled "Notice of Motion to Modify Subpoena Duces Tecum Pursuant to Cal. Code of Civil Procedure § 1985.3(g) and C.C.P. § 1987.1," which the Court construed as a motion for a protective order. Doc. Nos. 58 & 59. The Court issued a briefing schedule for Plaintiff's motion [Doc. No. 59] and, on October 2, 2008, Defendants filed an opposition. Doc. No. 60. Plaintiff did not file a reply and the Court took the matter under submission pursuant to Civil Local Rule 7.1(d)(1) [Doc. No. 59].

///

**BACKGROUND**

In his First Amended Complaint ("FAC"), Plaintiff alleges that on March 9, 2006, San Diego Police Officers Wilson and Tagaban used excessive force prior to arresting him in violation of the Fourth and Fourteenth Amendments. Doc. No. 1. He further alleges that San Diego Police Sergeant Griffin and Detective Lemus were "integral participants" in the allegedly unlawful beating because they witnessed it but did nothing to intervene. Id. at 2, 4.

Plaintiff also alleges, under an additional cause of action listed as "Count 5," that the City of San Diego and the San Diego Police Department violated his Fourth Amendment rights and committed the "state tort[s]" of "Gov't Code § 810 *et seq.*, assault and battery P.C. 245 and negligence in failure to provide medical assistance." FAC at 7. Plaintiff elaborates on this allegation, explaining that "[b]oth the City of San Diego and the Police Department are liable for injuries proximately caused by acts or omissions of employees of public entities acting within scope of their employment, if the acts or omissions would, apart from this section, have given rise to a cause of action against those employees." Id. (paraphrasing Government Code § 815.2). In other words, Plaintiff claims that both entities are "vicariously liable under the doctrine of *respondeat superior*" for the officers' conduct. Id. The City of San Diego and the San Diego Police Department's motion to dismiss Count 5 is pending before the Court. Doc. No. 42.

///
///
///
///
///

**LEGAL STANDARD**

Rule 26(c) of the Federal Rules of Civil Procedure allows a party from whom discovery is sought to move for a protective order. Fed. R. Civ. P. 26(c)(1). In ruling on such a motion,

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>    (A) forbidding the disclosure or discovery;
>
>    (B) specifying terms, including time and place, for the disclosure or discovery;
>
>    (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
>    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>    ...

Id. Rule 26(c) "was enacted as a safeguard for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)." U.S. v. Columbia Broadcasting Sys., Inc., 666 F.2d 364, 368-69 (9th Cir. 1982). "District courts need not condone the use of discovery to engage in 'fishing expedition[s].'" Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004).

**DISCUSSION**

The subpoena Plaintiff challenges was issued to the San Diego County Sheriff's Department, Records Department. Pl.'s Mot. at 2. It commands production to Defendants of "Any and all copies of the booking records, including photos, of WILLIAM JOHN DAUGHTERY... [i]ncluding, but not limited to Booking Numbers 7735747 and 6704525." Id. (see also subpoena attached to motion). Plaintiff objects that the subpoena is overbroad because it is not limited to the time period relevant to the lawsuit. Id. at 2. Because the claims in his FAC relate only to

several officers' use of excessive force during Plaintiff's arrest on March 9, 2006, Plaintiff asks the Court to limit the scope of the subpoena to documents existing from January 1, 2006 to the present. Id. at 3. Any booking records prior to 2006 would, in Plaintiff's view, provide irrelevant, prejudicial information that Defendants would try to use as impermissible character impeachment evidence. Id. at 2.

In their two-page opposition, Defendants "submit on the issues of relevance and the scope of discovery" and state only that the intent of the subpoena is to identify relevant evidence within the parameters of the Federal Rules of Evidence and that "it is notable that it is the Plaintiff who is placing his health and well being, and his credibility, at issue." Defs.' Opp'n at 1-2.

Defendants fail to explain how Plaintiff's booking records prior to March 9, 2006 would be relevant to the claims or defenses in the case or how they would be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff's claims against the individual officers are all premised upon the use of excessive force on March 9, 2006, in violation of the Fourth and Fourteenth Amendments. FAC at 4-6. Plaintiff's claims against the City of San Diego and the San Diego Police Department seek to impose *respondeat superior* liability on these entities for the events that occurred on March 9, 2006. Id. at 7. Accordingly, the Court finds the booking records prior to March 9, 2006 are not relevant to any of Plaintiff's claims.

The same is true of the defenses raised by Defendants. In the answer three of the four named officers filed in response to the FAC[1], the officers raise twenty-three affirmative defenses. Doc. No. 27.

---

[1] Plaintiff has not yet succeeded in effecting service of process on Officer Wilson. See Doc. No. 48.

However, Defendants do not argue that booking records prior to March 9, 2006, would be relevant to any of these affirmative defenses nor does the Court discern any potential relevance. As such, Defendants' request for booking records created prior to Plaintiff's March 9, 2006 arrest date appears to be nothing more than an improper fishing expedition. Rivera, 364 F.3d at 1072.

Defendants argument that these records are somehow rendered relevant because Plaintiff has placed his health and credibility at issue also lacks merit. While Defendants fail to elaborate on this assertion, they presumably allude to potential trial arguments such as, for example, that Plaintiff's medical claim lacks merit because he had preexisting medical conditions or that his anticipated testimony lacks credibility.[2] However, criminal booking records are unlikely to contain Plaintiff's past medical history. And, again, Defendants have not provided the Court with any arguments establishing the relevance of the challenged records.

In light of the foregoing, the Court finds that Defendants' subpoena is overbroad and must be limited as to time. See Fed. R. Civ. P. 26(c)(1). While the arrest at issue in the FAC did not take place until March 9, 2006, Plaintiff objects only to booking records prior to January 1, 2006, so the Court will use that date.

///
///
///
///

---

[2] The Court is providing only hypothetical arguments based on Defendants' assertions and makes no finding as to whether any of these circumstances exist in this case.

**CONCLUSION**

Plaintiff's motion for a protective order is hereby **GRANTED**. Defendants' subpoena to the San Diego County Sheriff's Department, Records Department shall be limited to any and all copies of the booking records, including photos, of William John Daughtery created from January 1, 2006 to the present.

**IT IS SO ORDERED.**

DATED: October 23, 2008

*Barbara L. Major* (signature)

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE WILLIAM Q. HAYES
U.S. DISTRICT JUDGE

ALL COUNSEL