1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**
10         **SOUTHERN DISTRICT OF CALIFORNIA**
11

12  WILLIAM JOHN DAUGHTERY,                    CASE NO. 08cv408-WQH-BLM

13                              Plaintiff,     ORDER

         vs.
14  DENNIS WILSON, et al.,

15                              Defendants.

16  HAYES, Judge:

17         The matter before the Court is the review of the Report and Recommendation (Doc. #

18  109) issued by United States Magistrate Judge Barbara L. Major, recommending that the Court

19  grant the Motion for Summary Judgment filed by all Defendants (Doc. # 65), deny the Motion

20  for Summary Judgment filed by Defendant Lemus (Doc. # 82), and deny the Rule 56(f) motion

21  filed by Plaintiff (Doc. # 103).

22                          **BACKGROUND**

23         On March 3, 2008, Plaintiff William John Daughtery, a state prisoner proceeding pro

24  se, filed a Complaint pursuant to 42 U.S.C. § 1983 against San Diego Police Officer Dennis

25  Wilson, San Diego Police Officer Esmeralda Tagaban, San Diego Police Sergeant Griffin, and

26  San Diego Police Detective Lemus.  (Doc. # 1).  The Complaint alleges that Defendants

27  Wilson and Tagaban used excessive force while arresting Plaintiff on March 9, 2006, in

28  violation of Plaintiff's Fourth and Fourteenth Amendment rights.  (Doc. # 1 at 3-5; *see also*

First Amended Complaint, Doc. # 25 at 4-6).  Plaintiff further alleges that Defendants Griffin and Lemus violated his constitutional rights because they witnessed the use of excessive force but did nothing to intervene.  (Doc. # 1 at 2,4; *see also* First Amended Complaint, Doc. # 25 at 2, 5).

On June 19, 2008, Plaintiff filed a First Amended Complaint adding the City of San Diego ("City") and the San Diego Police Department ("SDPD") as Defendants, and alleging that the City and the SDPD violated his Fourth Amendment rights and committed the "state tort[s]" of "Gov't Code § 810 et seq., assault and battery P.C. 245 and negligence in failure to provide medical assistance."  (Doc. # 25 at 7).  On July 29, 2008, the City and the SDPD filed a motion to dismiss the claims against them with prejudice.  (Doc. # 42).  On August 14, 2008, the Magistrate Judge issued a Report and Recommendation recommending that this Court dismiss the City and the SDPD because Plaintiff's claims against the City and the SDPD were barred by the applicable statute of limitations, and Plaintiff failed to comply with the claim presentation requirement of the California Tort Claims Act.  (Doc. # 61).  On January 28, 2009, this Court issued an Order adopting the August 14, 2008 Report and Recommendation in its entirety and granting the motion to dismiss the City and the SDPD.  (Doc. # 86).

On November 19, 2008, all remaining Defendants filed a Motion for Summary Judgment.  (Doc. # 65).  On January 9, 2009, Defendant Lemus filed an individual Motion for Summary Judgment on the alternative basis that, as a matter of law, he was not present during the conduct alleged by Plaintiff, and therefore he had no opportunity to intervene.  (Doc. # 82).  Plaintiff filed briefs and other materials in opposition to each Motion.  (Doc. # 87, 95, 103, 106).  In Plaintiff's sur-reply brief to Defendants' Motion for Summary Judgment, Plaintiff requested that the Court deny Defendants' Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(f) because Plaintiff needed further discovery to obtain evidence to support his opposition.  (Doc. # 103 at 8-9).

On June 15, 2009, the Magistrate Judge issued the Report and Recommendation.  (Doc. # 109).  The Report and Recommendation summarized the factual background as follows:

> This case stems from a March 9, 2006 'buy bust' operation by the San Diego Police Department.  That evening, Detective Lemus was operating in an

undercover capacity attempting to purchase narcotics from street level dealers in an area known for drug trafficking activity.  Other members of the San Diego Police Department's Central Narcotics Division were in communication with Lemus and located nearby. Lemus approached Plaintiff and purchased 'rock' cocaine from him for twenty dollars.   Lemus then walked away and communicated a description of Plaintiff to the other officers. Lemus states that he did not lose sight of Plaintiff until he saw a marked police car approach Plaintiff.

The parties agree that the officer who arrived and first contacted Plaintiff was Officer Wilson.  Wilson took Plaintiff to the ground and, with his arm around Plaintiff's throat, ordered Plaintiff to spit out what was in his mouth. Plaintiff refused to do so. Shortly thereafter, Officer Tagaban arrived and struck Plaintiff in the shoulder repeatedly with her flashlight.    The officers subsequently arrested Plaintiff.

### 1. Plaintiff's Contentions

Plaintiff contends that 'without giving any orders or any preamble, Wilson exited his car, walked up to [Plaintiff] and grabbed [him] by the front of the throat.'  Pl.'s Aff. at 2. According to Plaintiff, Wilson 'exerted strong pressure' on Plaintiff's throat and then 'adjusted his grip and moved to a position where he continued choking [Plaintiff] from behind.' Id. Wilson then kicked Plaintiff's legs out from under him and tripped him to the ground. Plaintiff states that he 'neither provoked, instigated or resisted the attack.' Id. at 4.  Yet, despite his complete submission, Wilson demanded he spit out any possible evidence he had in his mouth and banged Plaintiff's forehead on the concrete sidewalk for approximately two minutes.

At that point, Tagaban arrived in full uniform and driving a marked police vehicle.  Plaintiff submits that Tagaban immediately began to beat his head and left shoulder approximately twelve times with a large metal flashlight and that Officers Wilson and Tagaban shouted 'spit it out' at him during the alleged beating. Id. Thereafter, Plaintiff 'lost consciousness from the combined beating and choking.'  Id.  He also contends he suffered serious injury to his forehead, knees, elbows, left shoulder and neck.

During this altercation, Plaintiff asserts that Lemus and Griffin were near the opposite side of the intersection, but neither took any action 'to halt the vicious beating.'  Id. at 3-4.

### 2. Defendants' Contentions

According to Defendants, upon arriving at the scene, Wilson used his car to block Plaintiff's movement and ordered him to stop but Plaintiff refused to do so.  Wilson observed that Plaintiff had quickened his pace and appeared to be chewing on something so Wilson grabbed Plaintiff and took him to the ground. Wilson placed his arm around Plaintiff's neck so that he could apply a carotid restraint and disarm Plaintiff if he had a weapon (Plaintiff's hands were underneath him at that time).  Because Wilson believed Plaintiff was chewing drugs in an attempt to destroy evidence, Wilson ordered Plaintiff to spit them out.

When Tagaban arrived, she saw that Plaintiff was resisting arrest and that she could not see his hands so she ordered him to put his hands behind his back. 'To distract him into complying with her commands,' she twice struck him on

the shoulder with her flashlight.  Ct. Appeal Order at 7.  When he refused to comply, she struck him several more times.  Plaintiff then spit out a chewed plastic bindle but still refused to put his hands behind his back so Tagaban struck him two more times.  The officers were then able to handcuff Plaintiff.  They subsequently pried from Plaintiff's hand a prerecorded $20 bill used by Lemus in the drug transaction.

B. Procedural History

Plaintiff was charged with one count of selling or furnishing a controlled narcotic substance and one count of possession or purchase of cocaine base for sale.  Plaintiff filed a pre-trial motion to suppress evidence under California Penal Code § 1538.5 'for certain tangible and intangible things seized' from him without a warrant and in violation of the Fourth Amendment.  Lodgment of Evid. Supporting Officers' Mot. for Summ. J., Ex. B at 9.  The matter was fully briefed and the San Diego County Superior Court conducted a two-day hearing.  During the hearing, four officers from the San Diego Police Department testified and presented the prosecution's theory of the case.  Plaintiff and four other witnesses, including an eye-witness to the alleged beating, also testified and they presented the Plaintiff's theory.  The court made crucial credibility determinations and then denied the motion to suppress evidence in a written opinion.  Plaintiff subsequently was found guilty of both counts and sentenced to a term of eight years in prison.

Plaintiff appealed to the California Court of Appeal, Fourth Appellate District, Division One challenging the denial of the section 1538.5 motion to suppress evidence and a related motion in limine.  The court affirmed the judgment.

(Report and Recommendation, Doc. # 109, at 2-6 (citations omitted)).

In the Report and Recommendation, the Magistrate Judge recommended this Court grant the Motion for Summary Judgment filed by all Defendants (Doc. # 65), for the following reasons: (1) the doctrine of issue preclusion bars relitigation of Plaintiff's Fourth Amendment excessive use of force claim (Doc. # 109 at 11-23); (2) to the extent Plaintiff attempts to re-frame his excessive force claim under various legal theories, those claims are barred by the doctrine of claim preclusion (Doc. # 109 at 23-25); (3) as an alternative basis for granting summary judgment, Plaintiff's Fourteenth Amendment claims fail as a matter of law because claims of unreasonable search and seizure and excessive force during arrest are properly analyzed under the Fourth Amendment (Doc. # 109 at 29-31); and, as an alternative basis for granting summary judgment, Defendants are entitled to qualified immunity (Doc. # 109 at 31-33).  The Magistrate Judge also recommended this Court deny Plaintiff's request for additional discovery (Doc. # 103) pursuant to Federal Rule of Civil Procedure 56(f).  (Doc. # 109 at 25-26).  Finally, the Magistrate Judge recommended this Court deny Defendant Lemus' Motion

for Summary Judgment (Doc. # 82).  (Doc. # 109 at 26-29).

On July 24, 2009, Plaintiff filed Objections to the Report and Recommendation.  (Doc. # 112).  Plaintiff objects to the Magistrate Judge's conclusions that: (1) his claims are barred by issue preclusion and/or claim preclusion (Doc. # 112 at 2-18); (2) he did not meet his burden to justify additional discovery pursuant to Rule 56(f) (Doc. # 112 at 14-15); and (3) the Defendants are entitled to qualified immunity (Doc. # 112 at 15).  Plaintiff's Objections also contain a section entitled, "Error to dismiss Complaint without leave to amend to cure deficiencies." (Doc. # 112 at 16-18).  This section refers to a "negligence in failure to provide medical assistance" claim against Defendants Tagaban and Wilson.  (Doc. # 112 at 16).

On July 27, 2009, Defendants filed a reply brief requesting that the Court adopt the Report and Recommendation and dismiss Plaintiff's action in its entirety.  (Doc. # 113).

On August 6, 2009, Plaintiff filed a sur-reply brief.  (Doc. # 116).

### RULING OF THE COURT

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).  A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The Court has considered all objections filed by Plaintiff and reviewed de novo all portions of the Report and Recommendation.  The Magistrate Judge correctly concluded that issue preclusion and claim preclusion bar relitigation of Plaintiff's Fourth and Fourteenth Amendment "excessive use of force" and "unreasonable search and seizure" claims.  Plaintiff litigated his excessive force and unreasonable search and seizure claims before the San Diego County Superior Court.  (Order Denying Motion to Suppress, Lodgement, Ex. B, Doc. # 65-5, at 3 ("Under the circumstances, the officers used reasonable force in obtaining the cocaine

from the defendant's mouth and the $20 bill from his closed fist."); *see also* Ct. Appeal Order, Re-Lodgement, Ex. E, Doc. # 98-3, at 8 ("Wilson and Tagaban did not use unreasonable force to obtain evidence from Daughtery"); *id.* at 8-13 (holding that trial court did not err when it concluded that Wilson and Tagaban did not use excessive force when arresting and searching Plaintiff)).  The Magistrate Judge correctly found that, as a matter of law, each of the requirements of issue preclusion have been satisfied in this case and there are no other policy considerations which would make it inappropriate to apply issue preclusion.  The Magistrate Judge also correctly found that the requirements of claim preclusion have been satisfied and, to the extent Plaintiff re-frames his excessive force claim under other legal theories, those claims are barred by the doctrine of claim preclusion.

The Court has reviewed Plaintiff's requests for additional discovery (Doc. # 103 at 9; Doc. # 112 at 14-15), made pursuant to Rule 56(f).[1]  The Court finds that Plaintiff has failed to meet his burden of showing "the existence of additional essential and discoverable evidence." *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991)  ("The party opposing summary judgment bears the burden of showing what facts she hopes to discover to raise a material issue of fact.  The party seeking additional discovery also bears the burden of showing that the evidence sought exists....  Here, denial of [plaintiff]'s Rule 56(f) request was proper because [plaintiff] failed to show the existence of additional essential and discoverable evidence.") (quotation omitted).

The Court adopts the June 15, 2009 Report and Recommendation of the Magistrate Judge in its entirety.  (Doc. # 109).  The Motion for Summary Judgment filed by all Defendants (Doc. # 65) is granted.  Each of the counts in the First Amended Complaint (Doc.

---

[1]  Rule 56(f) provides: "If a party opposing the motion [for summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." Fed. R. Civ. P. 56(f).

1 | # 25) have been dismissed.[2]

2       In Plaintiff's Objections to the June 15, 2009 Report and Recommendation, Plaintiff

3 includes a section entitled, "Error to dismiss Complaint without leave to amend to cure

4 deficiencies." (Doc. # 112 at 16-18). This section states in part: "While the Court dismissed

5 State claims for non-compliance with State[] Government Code § 900 et seq. requirements,

6 Plaintiff made sufficient allegation[s] to support a negligence claim under § 1983. In

7 Plaintiff's First Amended Complaint (Doc. 25, page 7) Count 5, alleges assault and battery <u>and</u>

8 negligence in failure to provide medical assistance. ... The Court should allow negligence

9 claim against the Defendants (Tagaban and Wilson)." (Doc. # 112 at 16 (emphasis in

10 original)). Later in the section entitled, "Error to dismiss Complaint without leave to amend

11 to cure deficiencies," "Plaintiff ... asserts ... that ameliorative aid in the form of medical

12 attention is compelled and that offending officers have a Constitutional duty to seek aid and

13 treatment for injuries they have inflicted." (Doc. # 112 at 17). In the August 6, 2009 sur-reply

14 brief, Plaintiff references "Plaintiff's ability to amend Complaint to allege and state a claim of

15 violation of his Constitutional rights ... regarding the denial of effective and meaningful

16 medical care as gross negligence under 42 § 1983." (Doc. # 116 at 2).

17       Although "Count 5" of the First Amended Complaint purported to state a claim against

18 the City and the SDPD for "negligence in failure to provide medical assistance" (Doc. # 25 at

19 7), the First Amended Complaint does not allege such a claim against any of the individual

20 Defendants. Construing Plaintiff's July 24, 2009 Objections liberally, as the Court must,[3]

21

22     [2] The first two counts of the First Amended Complaint (Doc. # 25 at 4-6) allege claims
23 of "unreasonable search and seizure; excessive use of force" in violation of the Fourth and
Fourteenth Amendments. Those counts are dismissed in this Order adopting the June 15, 2009
24 Report and Recommendation.
    The final count of the First Amended Complaint, labeled "Count 5," alleged claims
25 against the City and the SDPD for "unreasonable search and seizure; excessive force" in
violation of the Fourth Amendment, and "State tort: Gov't Code § 810 et seq. assault & battery
26 P.C. 245 and negligence in failure to provide medical assistance invoke pendent jurisdiction."
(Doc. # 25 at 7). "Count 5" was dismissed in this Court's January 16, 2009 Order (Doc. # 86)
27 adopting the Magistrate Judge's October 23, 2008 Report and Recommendation (Doc. # 61).

28     [3] *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts
have a duty to construe pro se pleadings liberally, including pro se motions as well as
complaints.").

1  Plaintiff requests leave to amend the First Amended Complaint to allege a claim against the
2  individual Defendants for "failure to provide medical assistance." (Doc. # 112 at 16).  No later
3  than sixty days from the date of this Order, Plaintiff may file a "Motion for Leave to File a
4  Second Amended Complaint," alleging a claim against the individual Defendant(s) related to
5  the alleged "failure to provide medical assistance" (Doc. # 112 at 16).  If Plaintiff files a
6  "Motion for Leave to File a Second Amended Complaint," Plaintiff must attach a copy of his
7  proposed "Second Amended Complaint" to the motion.  If Plaintiff does not file a "Motion for
8  Leave to File a Second Amended Complaint" within sixty days of this Order, the Court will
9  order judgment to be entered in favor of Defendants.

10       IT IS HEREBY ORDERED that (1) the Report and Recommendation (Doc. # 109) is
11  **ADOPTED IN ITS ENTIRETY**; (2) the Motion for Summary Judgment filed by all
12  Defendants (Doc. # 65) is **GRANTED**; (3) the Motion for Summary Judgment filed by
13  Defendant Lemus (Doc. # 82) is **DENIED**; and (4) the Rule 56(f) motion filed by Plaintiff
14  (Doc. # 103; Doc. # 112) is **DENIED**.

15       No later than **SIXTY (60) DAYS** from the date of this Order, Plaintiff may file a
16  "Motion for Leave to File a Second Amended Complaint," alleging a claim against the
17  individual Defendant(s) related to the alleged "failure to provide medical assistance" (Doc. #
18  112 at 16).  If Plaintiff files a "Motion for Leave to File a Second Amended Complaint,"
19  Plaintiff must attach a copy of his proposed "Second Amended Complaint" to the motion.  If
20  Plaintiff does not file a "Motion for Leave to File a Second Amended Complaint" within sixty
21  days of this Order, the Court will order judgment to be entered in favor of Defendants.

22  DATED:  August 18, 2009

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

23
24
25
26
27
28