1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

10

## SOUTHERN DISTRICT OF CALIFORNIA

11
12  WILLIAM JOHN DAUGHTERY,                     CASE NO. 08cv408-WQH-BLM

13                                Plaintiff,    ORDER

         vs.
14  DENNIS WILSON, et al.,

15                              Defendants.

16  HAYES, Judge:

17          The matter before the Court is the Motion for Leave to File a Second Amended

18  Complaint, filed by Plaintiff, a state prisoner proceeding pro se.  (Doc. # 119).

19  **I.      Background**

20          On August 18, 2009, the Court issued an Order adopting the report and recommendation

21  of the Magistrate Judge, granting the motion for summary judgment filed by all Defendants,

22  and stating: "No later than sixty (60) days from the date of this Order, Plaintiff may file a

23  'Motion for Leave to File a Second Amended Complaint,' alleging a claim against the

24  individual Defendant(s) related to the alleged 'failure to provide medical assistance.'"  (Doc.

25  # 118 at 8).

26          On October 8, 2009, Plaintiff filed the Motion for Leave to File a Second Amended

27  Complaint.  (Doc. # 119).  Plaintiff also submitted a "proposed Second Amended Complaint,"

28  which contains a single Count for violation of "Right to Medical Care" (Doc. # 124), and an

"alternate proposed Second Amended Complaint," which contains two Counts—one for violation of "Right to Medical Care" (which is identical to the single Count in the "proposed Second Amended Complaint"), and one for "Perjury, False Police Reports, Fabricating Evidence" (Doc. # 125). Because the "alternate proposed Second Amended Complaint" includes all allegations made in the "proposed Second Amended Complaint," hereinafter the Court will refer solely to the "alternate proposed Second Amended Complaint" (Doc. #125).

On October 22, 2009, Defendants filed an Opposition to Plaintiff's Motion to File a Second Amended Complaint. (Doc. # 122). Defendants contend that "the claims proposed by the Plaintiff [in the 'alternate proposed Second Amended Complaint'] are barred as a matter of law." (Doc. # 122 at 1).

## II.    Discussion

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting

1   leave to amend." *Eminence Capital*, 316 F.3d at 1052.

2       "While some courts liken the futility inquiry with that of a motion to dismiss, most

3   recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister,*

4   *Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quoting *Netbula*

5   *v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); citing, inter alia, *Big Bear Lodging*

6   *Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999) ("Because this litigation is

7   still in its early stages, leave should be liberally granted unless amendment would be futile.")).

8       Defendant's sole argument against granting leave to amend is futility. "In view of Rule

9   15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits

10  of a proposed amended pleading until after leave to amend is granted and the amended

11  pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL

12  3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a

13  motion to dismiss or for summary judgment, not in an opposition to the present motion for

14  leave to amend."); *see also Netbula*, 212 F.R.D. at 539 (same).  After reviewing the "alternate

15  proposed Second Amended Complaint," the Court finds that this procedure is appropriate in

16  this case.

17  **III.   Conclusion**

18      IT IS HEREBY ORDERED that the Motion for Leave to Amend is **GRANTED**.  (Doc.

19  # 122).  The "alternate proposed Second Amended Complaint," filed as Docket number 125,

20  is the operative complaint in this action.

21  DATED:  October 26, 2009

22                                             _William Q. Hayes_
                                               **WILLIAM Q. HAYES**
23                                             United States District Judge

24

25

26

27

28