UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, CDCR #F-79985,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DENNIS WILSON, et al.,<br><br>　　　　　　　Defendants. | Civil No. 08cv0408-WQH (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT [AND AMENDED MOTION]**<br><br>[Doc. Nos. 128 & 129] |

This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California.

## BACKGROUND

**A.　Procedural History**

On March 3, 2008, Plaintiff William John Daughtery, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights suit against Officers Wilson, Tagaban, Griffin and Lemus (collectively "Defendants") under 42 U.S.C. § 1983. Doc. No. 1. This Court issued a scheduling order on April 17, 2008. Doc. No. 11. Thereafter, the Court granted Plaintiff's motion for leave to file an amended complaint [Doc. No. 24] and Plaintiff filed his First Amended Complaint ("FAC") on June 19, 2008 [Doc. No. 25]. In his FAC, Plaintiff

added a claim entitled "Claim 5" against the City of San Diego and the San Diego Police Department. Doc. No. 25. These defendants moved to dismiss the FAC and, on October 23, 2008, this Court issued a Report and Recommendation ("R&R") recommending that the motion be granted. Doc. No. 61. On January 16, 2009, the district judge adopted this Court's R&R in its entirety and dismissed Claim 5 and the City of San Diego and the San Diego Police Department. Doc. No. 86.

In the meantime, Defendants filed a motion for summary judgment on the remaining claims against the four officers. Doc. No. 65. Defendant Lemus also separately filed a second motion for summary judgment. Doc. No. 82. On June 15, 2009, this Court issued an R&R recommending that Defendants' motion for summary judgment be granted and Defendant Lemus' motion be denied. Doc. No. 109. The district judge adopted the R&R in its entirety on August 18, 2009. Doc. No. 118. However, in the same order, the district judge allowed Plaintiff leave to revive his case by filing a motion to amend his complaint to raise a claim against the four individual Defendants that was similar to a portion of Claim 5 that had been dismissed as to the City of San Diego and the San Diego Police Department. Id.

Plaintiff filed his motion to amend and, subsequently, filed a proposed second amended complaint and then an "alternate proposed Second Amended Complaint." Doc. Nos. 124 & 125. The alternate proposed Second Amended Complaint contained a second, entirely new claim. Doc. No. 125. On October 26, 2009, the district judge granted Plaintiff's motion and deemed the alternate proposed Second Amended Complaint (hereinafter "SAC") to be the operative pleading. Doc. No. 126.

On December 2, 2009, Defendants filed a motion to dismiss the SAC.[1] Doc. No. 128. Plaintiff opposed the motion [Doc. No. 133], Defendants filed a reply [Doc. No. 134], and this Court took the matter under submission [Doc. No. 135].

///

---

[1] Later the same day, Defendants filed an amended motion to dismiss the SAC, which corrected a typographical error in the hearing date. Doc. No. 129.

**B.     Factual Background**

This case stems from a March 9, 2006 "buy bust" operation by the San Diego Police Department. As Plaintiff relays the facts in his SAC, he was walking down the street when Wilson pulled his car across Plaintiff's path, walked up to Plaintiff, grabbed him by the throat, choked him, and then kicked Plaintiff's legs out from under him and tripped him to the ground. SAC at 3. Plaintiff landed on his back, but claims Wilson then banged Plaintiff's forehead on the concrete sidewalk. Id. At that point, Tagaban arrived and beat Plaintiff in the head and left shoulder approximately twelve times with a large metal flashlight. Id. at 4. Thereafter, Plaintiff lost consciousness and awoke to find himself in Wilson's squad car. Id. Plaintiff asserts that Lemus and Griffin witnessed the beating but did nothing to halt it. Id.

Plaintiff "complained of injuries and was refused medical attention to conceal the abuse" and instead taken to the County Mental Health Hospital for a psychiatric evaluation. Id. At the hospital, he complained of his injuries and was given "a cursory exam" by a nurse, who discovered bruising. Id. at 5. The psychiatric doctor did not physically examine him but promised pain medication if Plaintiff signed a contract not to commit suicide. Id. Plaintiff did so, but did not receive treatment. Id. He then was transported to county jail, where he told the intake nurse that he was injured and needed help. Id. He did not see a medical doctor until five or six days later. Id.

Plaintiff claims Wilson and Tagaban's beating resulted in a crushed scrotum, damage to his third cervical vertebra, a fracture in his left lamina papyracea (a skull fracture), a torn left rotator cuff and labrum, bruising of several internal organs, and nerve damage in his neck. Id. He also claims additional residual injuries stemming from the beating. Id. at 6.

## LEGAL STANDARD

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims. See Fed. R. Civ. P. 12(b)(6). The issue is not whether the plaintiff ultimately will prevail, but whether he has properly stated a claim upon which relief could be granted. Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003). In order to survive a motion to dismiss, a Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). If the facts alleged in the complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the plausibility standard. Id. (quoting Twombly, 550 U.S. at 557). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556).

When the plaintiff is appearing *pro se*, the court must construe the pleadings liberally, Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), and afford the plaintiff any benefit of doubt, Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). This rule of liberal construction "is particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a *pro se* civil rights complaint the court is not, however, permitted to "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.

**DISCUSSION**

In his SAC, Plaintiff raises the following claims:

Claim 1: "Right to medical care, due process 4th, 5th, 14th Amendment, Cal. Gov. Code § 845.6, C.C.C. 1714."

Claim 2: "Perjury, false police reports, fabricating evidence, 4th, 5th, 6th Amendments + 14 Amendment."

SAC at 3-11. Defendants have moved to dismiss Claim One on the grounds that: (1) Plaintiff fails to state a claim for denial of medical care since he was taken to a hospital and then seen by a nurse at the jail[2], (2) Plaintiff's Fourth and Fifth Amendment claims fail because his allegations do not invoke the protections of these amendments, (3) Plaintiff's claim is barred by the statute of limitations, (4) Plaintiff failed to present his pendent state claims to the City of San Diego in accordance with the requirements of California's Tort Claims Act, and (5) Plaintiff waived any viable claims which could have been presented at the time he filed his First Amended Complaint (citing Doc. No. 24).[3] Mem. P. & A. Supp. Mot. to Dismiss SAC ("Defs.' Mem.") at 7-18. Defendants argue that Claim Two is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Id. at 6-7.

**A.  Claim One**

In his first claim for relief, Plaintiff alleges he was denied his right to medical care in violation of "due process, [the] 4th, 5th, [and] 14th Amendment[s], Cal. Gov. Code § 845.6, [and] C.C.C. 1714." SAC at 3. More specifically, Plaintiff claims Defendants had knowledge of his injuries and need for aid, but were "deliberately indifferent" and "objectively unreasonable" in their "failure to provide medical assistance for Plaintiff." Id. at 7.

   **1.  Plaintiff has Stated a Claim for Relief**

Defendants argue that the SAC fails to state a claim for deliberate indifference or any other claim for failure to provide medical care because the SAC alleges that Plaintiff was taken to a hospital after his arrest and before his admission to jail. Defs.' Mem. at 8. Plaintiff responds that it was not reasonable for the officers to take him to the County Mental Health Hospital because the due process clause requires adequate care, which he contends was not available at the County Mental Health Hospital. Pl.'s Opp'n at 8-12.

---

[2] Defendants add that to the extent many of Plaintiff's allegations are directed to the staff of the mental hospital and the prison medical staff, Plaintiff fails to state a claim against the four officers.

[3] The Court declines to address Defendants' fifth basis for dismissal as the issue is moot. See Doc. No. 118 (order allowing Plaintiff to file SAC) and Doc. No. 126 (order deeming "alternate proposed Second Amended Complaint" as operative pleading in this action).

Though Plaintiff cites the Fourth, Fifth and Fourteenth Amendments as bases for his claim, only the Fourteenth Amendment is applicable.[4] "Claims of failure to provide care for serious medical needs, when brought by a detainee ... who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment." Lolli v. County of Orange, 351 F.3d 410, 418-419 (9th Cir. 2003). The due process rights of someone injured in the process of being apprehended by the police "are at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. General Hosp., 463 U.S. 239, 244 (1983); Conn v. City of Reno, 591 F.3d 1081, 1094 (9th Cir. 2010) ("Although courts have borrowed from Eighth Amendment jurisprudence in giving shape to pretrial detainees' substantive due process rights, that amendment establishes only 'a *minimum standard of care*.'" (emphasis in original)). "Jail personnel violate a prisoner's eighth amendment rights if they are deliberately indifferent to the prisoner's serious medical needs." Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). In order to show that the medical need was "serious," the plaintiff must demonstrate that "failure to treat [the] prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citation omitted). Proving that the defendants' response was deliberately indifferent requires a showing of "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Id. "Deliberate indifference thus requires an objective risk of harm *and* a subjective awareness of that

---

[4] To the extent Plaintiff attempts to extend the Fourth Amendment's prohibition against unreasonable searches and seizures to fit his "failure to obtain medical assistance" claim, SAC at 3, the Court notes that the district judge already has granted summary judgment in favor of Defendants on Plaintiff's Fourth Amendment claim. Doc. No. 118. The Court finds no basis in Plaintiff's SAC for a Fifth Amendment violation claim since Plaintiff's substantive due process claim is directed at state, not federal, officers. See Dusenbery v. U.S., 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law'"); Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) (finding Fifth Amendment claim against local law enforcement official in section 1983 action foreclosed by the Constitution because "the Fifth Amendment's due process clause only applies to the federal government").

harm." Conn, 591 F.3d at 1095 (citing Farmer v. Brennan, 511 U.S. 825, 837(1994)).

Here, construing the pleadings liberally as the Court is required to do, Thompson, 295 F.3d at 895, the Court finds that Plaintiff has alleged a Fourteenth Amendment claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949. In his SAC, Plaintiff states that he informed Defendants that he was injured and needed medical attention, that Defendants took him to County Mental Health Hospital where he was not physically examined by a medical doctor, and that, as a result, he has sustained ongoing injuries including, among other things, chronic migraine headaches, backaches, limited use of his left arm, chronic testicular pain, and depression. SAC at 3-6. These facts allege the threshold "serious" medical need and allow the Court to draw the reasonable inference that Defendants were deliberately indifferent in responding to Plaintiff's alleged pain. Iqbal, 129 S.Ct. at 1949. The Court, therefore, **RECOMMENDS** that Defendants' Motion to Dismiss on this basis be **DENIED**.

### 2. The Statute of Limitations Does Not Bar Plaintiff's Claim

Defendants contend that since Plaintiff's allegations arise from his arrest on March 9, 2006, and Plaintiff did not add this claim until October 26, 2009, this claim is barred by the two-year statute of limitations set forth in California Code of Civil Procedure section 335.1. Defs.' Mem. at 10-11. As explained in this Court's October 23, 2008 R&R [Doc. No. 61], and as adopted by the district judge on January 16, 2009 [Doc. No. 86], because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the Court looks to the applicable statute of limitations in the forum state. Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Because the "gravamen" of Plaintiff's claim is that he was injured, and remains injured, as a result of Wilson and Tagaban's beating, see Marin Healthcare Dist. v. Sutter Health, 103 Cal. App. 4th 861, 874-875 (3rd Dist. 2002) (quoting Hensler v. City of Glendale, 8 Cal. 4th 1, 22-23 (1994)) ("To determine the statute of limitations which applies to a cause of action it is necessary to identify the nature of the cause of action, i.e., the 'gravamen' of the cause of action"), California Code of Civil Procedure section 335.1's two-year statute of limitations for personal injury actions applies. Here, Plaintiff brings his

claim over two years after he knew or should have known of the injury. Thus, absent application of the relation back doctrine, Plaintiff's claim is time-barred.

Plaintiff argues his SAC does relate back to his original complaint. Pl.'s Opp'n at 14. Rule 15 of the Federal Rules of Civil Procedure provides that an amendment to a pleading may relate back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). In this case, California law provides the applicable statute of limitations, so this Court looks to California's policy regarding relation back. Under California law, in order for an amended complaint to relate back to the original complaint, the amended complaint "must (1) rest on the *same general set of facts,* (2) involve the *same injury,* and (3) refer to the *same instrumentality,* as the original one." Norgart v. Upjohn Co., 21 Cal. 4th 383, 408-409 (1999) (emphasis in original); Massey v. Mercy Med. Center Redding, 180 Cal. App. 4th 690, 698 (3d Dist. 2009). California has a "well-established policy of liberally allowing amendments to avoid the bar of the statute of limitations where the recovery sought in both pleadings is based on the same general set of facts." Rowland v. Superior Court, 171 Cal. App. 3d 1214, 1216 (4th Dist. 1985).

Though Plaintiff presents a new cause of action in Claim One, his SAC does relate back. First, Plaintiff's claim rests on the same general set of facts. See Norgart, 21 Cal. 4th at 408-409. While Plaintiff cites in his Opposition to factual allegations from his FAC (dated June 16, 2008 and filed June 19, 2008)[5], which also was filed after the two-year statute of limitations expired, the same factual allegations also appear in Plaintiff's original complaint (dated February 25, 2008 and filed March 3, 2008), which he filed a few days *before* the limitations period expired.[6] Second, though Plaintiff elaborated in his SAC as to the nature

---

[5] Plaintiff highlights the phrase "refused medical attention to conceal the abuse." Pl.'s Opp'n at 14.

[6] Notably, Plaintiff cites to facts from the section of his FAC alleging claims against the individual officers, as opposed to the entity defendants (i.e. not Claim 5). This section appeared in his Complaint as well and was not under the Claim 5 heading "negligence in failure to provide medical assistance..." Pl.'s Opp'n at 14 (citing FAC at 5, line 13). This appears in keeping with Plaintiff now seeking by way of his SAC to allege a claim under the deliberate indifference standard instead of arguing that Defendants were negligent

of his injuries (in his Complaint, he mentioned only having "complained of injuries" following the beating), both pleadings and both claims allege physical injuries as a result of the officers' actions on March 9, 2006. Finally, the "instrumentality" in this case would be the officers, all of whom were described in the original complaint as well as the SAC as the source of Plaintiff's injuries and ongoing injuries (i.e. those that resulted from their failure to obtain adequate medical care for him). As such, the Court concludes that Plaintiff's SAC is not barred by the statute of limitations[7] and, therefore, **RECOMMENDS** that Defendants' Motion to Dismiss on this basis be **DENIED**.[8]

### 3. The California Tort Claims Act Bars Plaintiff's Pendant State Claims

As a further grounds for dismissal, Defendants argue that Plaintiff's claims under California Government Code § 845.6 and California Civil Code § 1714 are barred as a matter of law because Plaintiff failed to comply with the California Government Code's claim presentation requirement. Defs.' Mem. at 11-18.

---

in taking him to a mental hospital as opposed to an emergency room. Given that the Supreme Court unequivocally has concluded that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process," County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (citations omitted); see also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (citing Smith v. City of Fontana, 818 F.2d 1411, 1418 n.9 (9th Cir. 1987)) ("[T]he Due Process Clause is simply not implicated by a negligent act of an official ...") (citation and internal quotation marks omitted), Plaintiff would not have succeeded on a negligence claim in this section 1983 action.

[7] In so concluding, the Court also notes that the district judge's August 18, 2009 Order appears to indicate his view that the claim relates back. See Doc. No. 118 at 7-8.

[8] Defendants note in their motion to dismiss that some of Plaintiff's allegations are directed not at the officer Defendants but at staff of the County Jail and County Mental Health Hospital. Defs.' Mem. at 9. To the extent Plaintiff views this as an invitation to amend his complaint yet again to add claims against the county, the Court refers Plaintiff back to its October 23, 2008 R&R [Doc. No. 61], wherein the Court explained that under California law, "[t]he general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." Woo v. Superior Court, 75 Cal. App. 4th 169, 176 (4th Dist. 1999) (citing Liberty Transport, Inc. v. Harry W. Gorst Co., 229 Cal. App. 3d 417, 428 (2nd Dist. 1991), disapproved on other grounds in Adams v. Murakami, 54 Cal. 3d 105, 115-116 (1991)). "A recognized exception to the general rule is the substitution under [California Code of Civil Procedure] section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." Id. Only if the requirements of section 474 are satisfied can the amended complaint substituting a new defendant for a fictitious Doe defendant and filed after the statute of limitations has expired be deemed filed as of the date the original complaint. Id. (citing Austin v. Mass. Bonding & Ins. Co., 56 Cal. 2d 596, 599 (1961)). Because Plaintiff did not list any Doe defendants in his original complaint, this option is unavailable to him.

This Court discussed the California Tort Claims Act and its impact on Plaintiff's claims extensively in its October 23, 2008 R&R. See Doc. No. 61. In short, the California Tort Claims Act provides that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented ... until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board..." Cal. Gov't Code § 945.4; Ovando v. County of Los Angeles, 159 Cal. App. 4th 42, 62-63 (2nd Dist. 2008) (confirming continued applicability of claim presentation requirement to those seeking money or damages from a local public entity); see also Cal. Gov't Code § 905 (imposing presentation requirement and listing limited exceptions, none of which are applicable to the facts of this case). A plaintiff also must file a claim against the public-entity employer before the plaintiff can sue an individual public employee on the basis of acts or omissions within the scope of his employment. Cal. Gov't Code §§ 950.2, 950.6; Briggs v. Lawrence, 230 Cal. App. 3d 605, 613 (6th Dist. 1991). In determining whether an act falls within "the scope of his employment," "[t]he proper inquiry is not 'whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the [employee] which were authorized by the [employer.]'" Fowler v. Howell, 42 Cal. App. 4th 1746, 1750-1751 (2nd Dist. 1996) (quoting Perez v. Van Groningen & Sons, Inc., 41 Cal. 3d 962, 970 (1986)). California courts "view 'scope of employment' broadly to include willful and malicious torts as well as negligence." Id. at 1751 (citing John R. v. Oakland Unified School Dist., 48 Cal. 3d 438, 447 (1989)).

As the foregoing makes clear, Plaintiff was required to present his claims against the four Defendants under California Government Code § 845.6 and California Civil Code § 1714 to the appropriate state entity before filing suit in this Court. He did not do so. He also has not presented any evidence that he timely applied for leave to present a late claim. See Doc. No. 61 (describing procedure and requirements for presenting a late claim). Because it now is too late for Plaintiff to file a claim or apply for leave to present a late claim, see id., Plaintiff could not possibly cure his SAC by alleging other facts. See Lopez v. Smith,

203 F.3d 1122, 1127, 1127 (9th Cir. 2000) (en banc).  Therefore, the Court **RECOMMENDS** that Plaintiff's state law claims under California Government Code § 845.6 and California Civil Code § 1714 be **DISMISSED WITH PREJUDICE**.

### 4. The Eleventh Amendment Bars Plaintiff's Official Capacity Claims

In his SAC, Plaintiff checked boxes indicating that he is suing Defendants in both their individual and official capacities.  SAC at 2.  To the extent Plaintiff sues Defendants in their official capacities, Defendants are immune from liability for damages under the Eleventh Amendment.  While Defendants did not address the applicability of Eleventh Amendment immunity, federal courts can raise the issue *sua sponte*.  In re Jackson, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised by a party at any time during judicial proceedings or by the court sua sponte").

"The Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court." Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (a suit for damages against a state official in his or her official capacity is a really a suit against the state itself, which is prohibited by the Eleventh Amendment).  The only exception to this rule lies when a plaintiff sues official actors for prospective injunctive relief.  Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007).

Here, Plaintiff requests only monetary damages, not injunctive relief.  SAC at 14.  Therefore, the Court **RECOMMENDS** that Plaintiff's claims against Defendants in their official capacities be **DISMISSED WITH PREJUDICE**.[9]

**B. Claim Two**

In his second claim for relief, Plaintiff contends that the officers created false police reports and perjured themselves at trial in order to obtain his conviction.  SAC at 8-11.  Plaintiff further claims that Tagaban fabricated evidence when she claimed to have

---

[9] This analysis applies to Claims One and Two.  However, as this Court explains *supra*, Claim Two also is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

recovered marked money from Plaintiff's hand since no money was entered into police custody or presented at trial. Id. at 8. And, though the Court in its R&R addressing Defendants' summary judgment motions already addressed to some degree Plaintiff's allegations about what Lemus did or did not see, Plaintiff alleges that Lemus mistakenly identified Plaintiff (because Plaintiff notes that Lemus lost track of the drug suspect).[10] Id. at 11. In a similar vein, Plaintiff also contends that Griffin erred by directing Wilson to detain Plaintiff since Griffin did not personally witness the drug deal and could not identify the subject. Id.

Defendants respond that Count Two is barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) since "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction and sentence." Defs.' Mem. at 6-7.

Defendants are correct that Heck bars Plaintiff's second claim. The Supreme Court confirmed in Heck that:

> ...in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-487 (emphasis in original). Subsequently, the Supreme Court also confirmed that even a section 1983 complaint challenging procedural aspects of the criminal case against the plaintiff may be barred by Heck if "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." Edwards v. Balisok, 520 U.S. 641, 645 (1997). For example, in Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006), Guerrero brought a section 1983 action against police officers alleging

---

[10] The Court notes that Lemus is the officer to whom Plaintiff sold the cocaine base.

wrongful arrest, malicious prosecution, and conspiracy to bring false charges against him. The Ninth Circuit confirmed that Guerrero's section 1983 claims were barred by Heck, explaining that his success "would necessarily imply the invalidity of his two convictions for possession of narcotics." Guerrero, 442 F.3d at 703.

As in Guerrero, Plaintiff's claims that Defendants committed perjury, falsified police reports, and fabricated evidence necessarily imply the invalidity of his convictions for selling/furnishing cocaine base in violation of California Health and Safety Code ("CHSC") § 11352(a) and possession/purchase of cocaine base for sale in violation of CHSC § 11351.5.[11] The elements of CHSC § 11352(a) are (a) selling or furnishing and (b) a controlled substance. Cocaine base is a controlled substance under California law. CHSC § 11054(f)(1) (West 2003). CHSC § 11351.5 requires a showing that Plaintiff "possesse[d] for sale or purchase[d] for purposes of sale cocaine base." Plaintiff claims the officers falsified their police reports and lied under oath in saying that they recovered a bindle of rock cocaine and a marked $20 bill from Plaintiff at the scene. SAC at 8-11. If that were true, it would undermine the government's proof at trial of all of the elements of CHSC §§ 11352(a) and 11351.5. As Plaintiff's conviction under these code sections has not been

---

[11] Both Plaintiff and Defendants ask this Court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of documents from Plaintiff's underlying criminal proceeding. See SAC at 6, 11; Defs.' Request for Judicial Notice Supp. Mot. to Dismiss SAC [Doc. No. 128-8] at 1-2; Pl.'s Request for Judicial Notice Supp. Opp'n [Doc. No. 133-1] at 1-2. In support of Defendants' request, Defendants filed a Notice of Lodgment. Doc. No. 128-2. Lodged as Exhibit C are the two verdict forms from Plaintiff's criminal trial, which list the code sections Plaintiff violated. Doc. No. 128-2, Ex. C.

Rule 201 permits a court to take judicial notice of two types of facts: (1) those that are generally known within the court's territorial jurisdiction, and (2) those that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In applying this rule, courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (quotation omitted)). Here, the verdict forms contain an original signed certification from the superior court indicating that they are "full, true, and correct cop[ies] of the original [] on file in [the superior court clerk's] office." Doc. No. 128-2, Ex. C. Because these are court records and this Court has assurances of their accuracy, and because this Court already took judicial notice of these documents in its June 15, 2009 R&R (see Doc. No. 109 at 9), the Court **GRANTS** both parties' request to take judicial notice of the verdict forms. The Court **DENIES WITHOUT PREJUDICE** the parties' requests to take judicial notice of other documents in these proceedings because the Court does not find them necessary to its determination of the issues presented.

invalidated, Plaintiff's claim necessarily is barred by Heck.[12] Heck, 512 U.S. at 486-487. The Court, therefore, **RECOMMENDS** that Claim Two be **DISMISSED WITH PREJUDICE**.

Plaintiff also alleges that Defendants committed perjury, falsified police reports, and fabricated evidence in relation to their use of excessive force. SAC at 8-11. While these allegations related to excessive force may not be barred by Heck, see Guerrero, 442 F.3d at 703, this Court nonetheless **RECOMMENDS** that they be **DISMISSED WITH PREJUDICE**. In his order dated August 18, 2009, the district judge granted Defendants' motion for summary judgment and dismissed "Plaintiff's Fourth and Fourteenth Amendment 'excessive use of force' and 'unreasonable search and seizure' claims." Doc. No. 118 at 5-6. Moreover, the district judge agreed with this Court that issue preclusion and claim preclusion barred relitigation of these claims in federal court. Thus, Plaintiff has no federal remedy for the allegations in this portion of his SAC.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation, (2) denying Defendants' motion to dismiss Claim One as to Defendants in their individual capacities, (3) granting Defendants' motion to dismiss Claim Two, and (4) *sua sponte* dismissing the claims as to Defendants in their official capacities.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than May 5, 2010**. The document should be captioned "Objections to Report and Recommendation."

///

///

---

[12] Similarly, Plaintiff's claims involving Lemus and Griffin are barred by Heck since the erroneous identification and arrest of Plaintiff, if proven true, necessarily would imply the invalidity of the conviction. In his Opposition, Plaintiff tries to distinguish Heck, arguing that the bar does not apply because he has not alleged an injury of conviction or imprisonment. Pl.'s Opp'n at 7. Instead, Plaintiff claims he is "alleging the constitution wrong of denial of a fair trial." Id. But again, if this Court were to find that Plaintiff was denied a fair trial, it necessarily would "imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.

1     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the
2 Court and served on all parties **no later than May 26, 2010.**  The parties are advised
3 that failure to file objections within the specified time may waive the right to raise those
4 objections on appeal of the Court's order.  See <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
5 Cir. 1998).
6     **IT IS SO ORDERED.**
7 DATED:  April 14, 2010

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge