


**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, Plaintiff, vs. D. WILSON, S.D.P.D.; E. TAGABAN, S.D.P.D.; DET. LEMUS, S.D.P.D.; SGT. GRIFFIN, S.D.P.D., Defendants. | CASE NO. 08cv408-WQH-BLM<br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (Doc. # 136) issued by United States Magistrate Judge Barbara L. Major, recommending that the Court grant in part and deny in part the Motion to Dismiss filed by all Defendants (Doc. # 128,129).

BACKGROUND

On March 3, 2008, Plaintiff William John Daughtery, a state prisoner proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983 against San Diego Police Officer Dennis Wilson, San Diego Police Officer Esmeralda Tagaban, San Diego Police Sergeant Griffin, and San Diego Police Detective Lemus. (Doc. # 1). The Complaint alleged that Defendants Wilson and Tagaban used excessive force while arresting Plaintiff on March 9, 2006, in violation of Plaintiff's Fourth and Fourteenth Amendment rights. (Doc. # 1 at 3-5; *see also* First Amended Complaint, Doc. # 25 at 4-6 (same)). Plaintiff further alleged that Defendants

Griffin and Lemus violated his constitutional rights because they witnessed the use of excessive force but did nothing to intervene. (Doc. # 1 at 2,4; *see also* First Amended Complaint, Doc. # 25 at 2, 5 (same)). The Complaint alleges that, after the "beating":

> I complained of injuries and was refused medical attention to conceal the abuse. Instead, I was taken to County mental hospital for psych evaluation, given cursory exam by psychiatric nurse who discovered part of wounds. Later photographs revealed head injuries, including 'booking' photo. I at no time received treatment while in officers' custody.

(Doc. # 1 at 4; *see also* First Amended Complaint, Doc. # 25 at 5 (same)).

On June 19, 2008, Plaintiff filed a First Amended Complaint adding the City of San Diego and the San Diego Police Department as Defendants. (Doc. # 25). On January 28, 2009, this Court issued an Order granting a motion to dismiss the City and the San Diego Police Department. (Doc. # 86).

On August 18, 2009, this Court issued an Order adopting a June 15, 2009 report and recommendation of the Magistrate Judge and granting a motion for summary judgment filed by Defendants for the following reasons:

> (1) the doctrine of issue preclusion bars relitigation of Plaintiff's Fourth Amendment excessive use of force claim; (2) to the extent Plaintiff attempts to re-frame his excessive force claim under various legal theories, those claims are barred by the doctrine of claim preclusion; (3) as an alternative basis for granting summary judgment, Plaintiff's Fourteenth Amendment claims fail as a matter of law because claims of unreasonable search and seizure and excessive force during arrest are properly analyzed under the Fourth Amendment; and, as an alternative basis for granting summary judgment, Defendants are entitled to qualified immunity.

(Doc. # 118 at 4 (citations omitted)). The Court also stated: "No later than sixty days from the date of this Order, Plaintiff may file a 'Motion for Leave to File a Second Amended Complaint,' alleging a claim against the individual Defendant(s) related to the alleged 'failure to provide medical assistance.'" (Doc. # 118 at 8 (quoting Plaintiff's July 24, 2009 Objections to the June 15, 2009 Report and Recommendation, Doc. # 112 at 16)).

On October 8, 2009, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (Doc. # 119). Plaintiff also filed an "alternate proposed Second Amended Complaint" against Defendants Wilson, Tagaban, Lemus and Griffin, which contains two Counts—one for violation of "Right to Medical Care, Due Process 4th, 5th, 14th Amendment,

Cal. Gov. Code § 845.6, CCC 1714" and one for "Perjury, False Police Reports, Fabricating Evidence, 4th, 5th, 6th Amendments & 14th Amendment." (Doc. # 125 at 3, 8).

On October 26, 2009, the Court granted Plaintiff's Motion for Leave to File Second Amended Complaint. (Doc. # 126). The Court found that the appropriate procedure was to "defer consideration of challenges to the merits of [the] proposed amended pleading until after leave to amend is granted and the amended pleading is filed." (Doc. # 126 at 3 (quotation omitted)). The Court ordered that the "alternate proposed Second Amended Complaint" (hereinafter, "Second Amended Complaint" or "SAC") is the operative complaint in this action. (Doc. # 126 at 3).

On December 2, 2009, all Defendants filed a Motion to Dismiss the Second Amended Complaint. (Doc. # 128, 129). Plaintiff filed an opposition to the Motion to Dismiss (Doc. # 133), and Defendants filed a reply in support of the Motion to Dismiss (Doc. # 134).

On April 14, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc. # 136). The Magistrate Judge summarized the factual allegations of the Second Amended Complaint as follows:

> This case stems from a March 9, 2006 'buy bust' operation by the San Diego Police Department. ... [Plaintiff] was walking down the street when Wilson pulled his car across Plaintiff's path, walked up to Plaintiff, grabbed him by the throat, choked him, and then kicked Plaintiff's legs out from under him and tripped him to the ground. SAC at 3. Plaintiff landed on his back, but claims Wilson then banged Plaintiff's forehead on the concrete sidewalk. *Id.* At that point, Tagaban arrived and beat Plaintiff in the head and left shoulder approximately twelve times with a large metal flashlight. *Id.* at 4. Thereafter, Plaintiff lost consciousness and awoke to find himself in Wilson's squad car. *Id.* Plaintiff asserts that Lemus and Griffin witnessed the beating but did nothing to halt it. *Id.*
>
> Plaintiff 'complained of injuries and was refused medical attention to conceal the abuse' and instead taken to the County Mental Health Hospital for a psychiatric evaluation. *Id.* At the hospital, he complained of his injuries and was given 'a cursory exam' by a nurse, who discovered bruising. *Id.* at 5. The psychiatric doctor did not physically examine him but promised pain medication if Plaintiff signed a contract not to commit suicide. *Id.* Plaintiff did so, but did not receive treatment. *Id.* He then was transported to county jail, where he told the intake nurse that he was injured and needed help. *Id.* He did not see a medical doctor until five or six days later. *Id.*
>
> Plaintiff claims Wilson and Tagaban's beating resulted in a crushed scrotum, damage to his third cervical vertebra, a fracture in his left lamina papyracea (a skull fracture), a torn left rotator cuff and labrum, bruising of several internal organs, and nerve damage in his neck. *Id.* He also claims

additional residual injuries stemming from the beating. *Id.* at 6.

(Doc. # 136 at 3). With respect to Count One, which alleges that Defendants were "deliberately indifferent" and "objectively unreasonable" in their "failure to provide medical assistance for Plaintiff" (Doc. # 125 at 7), the Magistrate Judge found that: (1) Plaintiff states a claim for failure to provide care for serious medical needs under the Fourteenth Amendment (Doc. # 136 at 5-7); (2) the statute of limitations does not bar Plaintiff's claim (Doc. # 136 at 7-9); (3) the California Tort Claims Act bars Plaintiff's pendant state claims (Doc. # 136 at 9-11); and (4) the Eleventh Amendment bars Plaintiff's official capacity claims (Doc. # 136 at 11). With respect to Count Two, which alleges that Defendants "committed police misconduct" "which resulted in [Plaintiff's] felony conviction for sale of crack cocaine" (Doc. # 125 at 8), the Magistrate Judge found that the claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and/or this Court's August 18, 2009 Order adopting the June 15, 2009 report and recommendation and granting Defendants' motion for summary judgment. (Doc. # 136 at 11-14).

On May 3, 2010, Defendants filed objections to the April 14, 2010 Report and Recommendation. (Doc. # 137). Defendants contend that the claims in Count One are "barred by the statute of limitations and waived since the First Amended Complaint omitted the claim." (Doc. # 137 at 6).

On May 3, 2010, Plaintiff filed objections to the April 14, 2010 Report and Recommendation. (Doc. # 138). Plaintiff also filed a "motion for the Court to renew his motions for judicial notice in all instances in which they have been requested." (Doc. # 140 at 1).[1] Plaintiff "objects and disagrees with [the Magistrate Judge's] conclusion that dismissal is appropriate due to the inapplicability of the *Heck* ... bar to procedural challenges to official misconduct." (Doc. # 138 at 10).

On May 24, 2010, Plaintiff filed a reply to Defendants' objections to the Report and Recommendation. (Doc. # 142).

---

[1] To the extent this Court or the Magistrate Judge has taken judicial notice of documents in prior orders, the Court continues to take judicial notice of those documents. Plaintiff's Motion to Renew Judicial Notice is denied as moot.

RULING OF THE COURT

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The Court has considered all objections filed by the parties and reviewed de novo all portions of the Report and Recommendation. The Magistrate Judge correctly concluded that Count One of the Second Amended Complaint states a claim for failure to provide care for serious medical needs under the Fourteenth Amendment. *See Lolli v. County of Orange*, 351 F.3d 410, 418-19 (9th Cir. 2003) ("Claims of failure to provide care for serious medical needs, when brought by a detainee ... who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment. ... [O]fficials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment.") (quotation omitted); *see also U.S. v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000) ("Pro se complaints ... from prisoners are to be liberally construed."). The Magistrate Judge correctly concluded that the applicable statute of limitations does not bar Plaintiff's claim because the federal law claim in Count One of the Second Amended Complaint relates back to Plaintiff's original Complaint. *See Massey v. Mercy Med. Ctr. Redding*, 180 Cal. App. 4th 690, 698 (2009) ("For an amended ... complaint to 'relate back' to the original complaint for statute of limitation purposes, the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality, as the original one.") (quotation omitted). *Compare* Complaint, Doc. # 1 at 4 ("I complained of injuries and was refused medical attention to conceal the abuse."), *with* First Amended Complaint, Doc. # 25 at 5 (same), *with* Second

Amended Complaint, Doc. # 125 at 4 (same). The Magistrate Judge correctly concluded that the California Tort Claims Act bars Plaintiff's pendant state claims in Count One, and the Eleventh Amendment bars Plaintiff's official capacity claims in Count One. The Magistrate Judge correctly concluded that Plaintiff's claims in Count Two are barred by *Heck* and/or this Court's August 18, 2009 Order.

IT IS HEREBY ORDERED that the Report and Recommendation (Doc. # 136) is ADOPTED IN ITS ENTIRETY; the Motion to Dismiss (Doc. # 128,129) is GRANTED IN PART and DENIED IN PART; the state law claims and official capacity claims in Count One of the Second Amended Complaint, and all claims in Count Two of the Second Amended Complaint, are DISMISSED WITH PREJUDICE; and the Motion to Renew Judicial Notice is DENIED as moot (Doc. # 140).

DATED: 6/24/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT COURT