# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM JOHN DAUGHTERY, | CASE NO. 08cv408-WQH-BLM |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| D. WILSON, S.D.P.D.; E. TAGABAN, S.D.P.D.; DET. LEMUS, S.D.P.D.; SGT. GRIFFIN, S.D.P.D., | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Ex Parte Motion for Emergency Preliminary Injunction Prohibiting Respondent from Taking Adverse Action by Way of Out-of-State Transfer ("Motion for Preliminary Injunction"). (ECF No. 152).

## BACKGROUND

On October 23, 2009, Plaintiff William John Daughtery, a state prisoner proceeding pro se, filed the Second Amended Complaint, which is the operative pleading in this action. (ECF No. 125). Plaintiff alleges that the Defendants, four San Diego Police Department employees, failed to provide care for serious medical needs at the time of his arrest on March 9, 2006, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

On December 30, 2010, Plaintiff, who is currently housed at California Men's Colony in San Luis Obispo, filed the Motion for Preliminary Injunction. (ECF No. 152). Plaintiff asserts that "[o]n December 8, 2010, a classification committee ... at CMC-West, Unit One, acted to endorse [Plaintiff] for out-of-state transfer ... as an involuntary transferee." *Id*. at 2.

Plaintiff contends that "the transfer will deny [Plaintiff] access to courts"; the transfer is a "retaliatory act for exercise of [Plaintiff's] right to litigate"; and the transfer "endangers [Plaintiff]'s life directly" because "the transfer will remove [Plaintiff] from his source of effective therapy [for depression], i.e. Buddhist meditation classes" and medical "monitor[ing]" of "tumors." *Id*. at 3, 7.

## LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 374 (citations omitted). An injunction "may only be awarded upon a clear showing that the plaintiff is entitled to relief." *See id*. at 376 (quotation omitted).

Pursuant to Federal Rule of Civil Procedure 65, an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with [them]." Fed. R. Civ. P. 65(d). In general, "[a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

"Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction. A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (citations omitted).

## DISCUSSION

Plaintiff has failed to make a "clear showing," *Winter*, 129 S. Ct. at 376, that the prison officials who approved Plaintiff's out-of-state transfer "are in active concert or participation"

with Defendants, who are employees of the San Diego Police Department. Fed. R. Civ. P. 65(d). Plaintiff has failed to specifically identify the prison officials responsible for his impending transfer or make a showing that he served his motion upon those officials. Absent such a showing, the Court may not enjoin the non-party prison officials responsible for Plaintiff's transfer. *See id*.

Even if Plaintiff had made a clear showing that the prison officials who ordered Plaintiff's transfer were in active concert with Defendants and those officials were notified of his motion, Plaintiff has failed to satisfy his burden of demonstrating immediate threatened injury. As presented in the Motion for Preliminary Injunction, Plaintiff's contentions that the impending transfer will impair his ability to litigate this action and/or endanger his health constitute "[s]peculative injury [that] does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine Servs. Co.*, 844 F.2d at 674.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction is DENIED. (ECF No. 152).

DATED: January 6, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge