# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIAM JOHN DAUGHTERY, | CASE NO. 08cv408-WQH-BLM |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| D. WILSON, S.D.P.D.; E. TAGABAN, S.D.P.D.; DET. LEMUS, S.D.P.D.; SGT. GRIFFIN, S.D.P.D., | |
| Defendants. | |

HAYES, Judge:

On July 1, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Summary Judgment be granted. (ECF No. 173).

The docket reflects that all parties were served with the Report and Recommendation and no objections to the Report and Recommendation were filed.

On August 19, 2011, the Court adopted the Report and Recommendation and granted Defendants' Motion for Summary Judgment. (ECF No. 174).

On August 19, 2011, Judgment was entered and this case was closed. (ECF No. 175).

On September 13, 2011, Plaintiff, a state prisoner proceeding pro se, filed a "Motion to Reconsider Order Pursuant to FRCP Rule(s) 59 and 60(b)." (ECF No. 177). Plaintiff stated that he did not receive a copy of the Report and Recommendation, and he "cannot request reconsideration on other grounds because [he] ha[s] no copy of the Report [and Recommendation]." *Id*. at 2.

On September 14, 2011, the Court issued an Order. (ECF No. 178). The Court stated:

> The Court construes Plaintiff's "Motion to Reconsider Order Pursuant to FRCP Rule(s) 59 and 60(b)" to be a motion for an extension of time to file a motion pursuant to Federal Rules of Civil Procedure 59 and/or 60(b) after Plaintiff has had an opportunity to review the Report and Recommendation. So construed, the motion is granted.
>
> IT IS HEREBY ORDERED that Plaintiff's motion for an extension of time to file a motion pursuant to Federal Rules of Civil Procedure 59 and/or 60(b) is **GRANTED**. (ECF No. 177). No later than **November 15, 2011**, Plaintiff may file a motion pursuant to Rules 59 and/or 60(b). The Clerk of the Court shall mail Plaintiff a copy of the Report and Recommendation filed on July 1, 2011.

*Id*. at 2.

On September 19, 2011, the Clerk of the Court received a Notice of Appeal of the August 19, 2011 Order of the Court. (ECF No. 179).

On September 19, 2011, the Clerk of the Court received a "Motion for Relief from Judgment Pursuant to F.R.A.P. Rule 60(b) or Alternatively, to Alter, Amend Judgment Pursuant to F.R.C.P. Rules 52(b) and 59(e), 60(b)" ("Motion for Relief from Judgment"). (ECF No. 183).

"Once an appeal is filed, the district court no longer has jurisdiction to consider motions to vacate judgment. However, a district court may entertain and decide a Rule 60(b) motion after notice of appeal is filed if the movant follows a certain procedure, which is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007) (quotation and citations omitted); *see also Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976) ("Because of the pending appeal, the District Court had no jurisdiction to enter an order under Rule 60(b). The most the District Court could do was to either indicate that it would 'entertain' such a motion or indicate that it would grant such a motion. If appellant had received such an indication, its next step would have been to apply to this Court for a remand."). Because an appeal has been filed, this Court has no jurisdiction to decide a motion pursuant to Federal Rule of Civil Procedure 60(b), although the Court may enter an order indicating that the Court would entertain a Rule 60(b) motion. *See id*. Accordingly, the Court construes the Motion for Relief from Judgment (ECF No. 183), to be a motion for an

1  indication pursuant to *Crateo*, 536 F.2d at 869. So construed, the motion is granted, and the
2  Court "indicate[s] that it would entertain" a Rule 60(b) motion. *Id*.
3      IT IS HEREBY ORDERED that the motion for *Crateo* indication is GRANTED (ECF
4  No. 183), and this Court indicates it would entertain a Rule 60(b) motion if the case were
5  remanded by the Court of Appeals for the Ninth Circuit.
6      IT IS FURTHER ORDERED that the Motion for Court Order to Prison Compelling the
7  Photocopying of More Than 100 Pages (ECF No. 186) is DENIED without prejudice on the
8  basis that there are no matters pending before this Court at this stage in the proceedings.
9      The case remains closed.

DATED: September 30, 2011

**WILLIAM Q. HAYES**
United States District Judge