**FILED**

APR 1 0 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY, | CASE NO. 08cv408-WQH-BLM |
| Plaintiff, | ORDER |
| vs. | |
| D. WILSON, S.D.P.D.; E. TAGABAN, S.D.P.D.; DET. LEMUS, S.D.P.D.; SGT. GRIFFIN, S.D.P.D., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Vacate Judgment pursuant to Fed. R. Civ. P. 60(b) (ECF No. 198), the Motion to Remand Case to District Court pending a ruling on the Motion to Vacate Judgment (ECF No. 200), and the Motion for Status of Motion to Vacate (ECF No. 204) filed by Plaintiff William John Daughtery.

## I.    Background

On July 1, 2011, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' Motion for Summary Judgment be granted. (ECF No. 173). No objections to the Report and Recommendation were filed.

On August 19, 2011, the Court adopted the Report and Recommendation and granted Defendants' Motion for Summary Judgment. (ECF No. 174). On August 19, 2011, Judgment was entered and this case was closed. (ECF No. 175).

On September 13, 2011, Plaintiff, a state prisoner proceeding pro se, filed a "Motion

1    to Reconsider Order Pursuant to FRCP Rule(s) 59 and 60(b)." (ECF No. 177). Plaintiff stated

2    that he did not receive a copy of the Report and Recommendation, and he "cannot request

3    reconsideration on other grounds because [he] ha[s] no copy of the Report [and

4    Recommendation]." *Id.* at 2.

5            On September 14, 2011, the Court issued an Order. (ECF No. 178). The Court stated:

6                  The Court construes Plaintiff's "Motion to Reconsider Order Pursuant to
             FRCP Rule(s) 59 and 60(b)" to be a motion for an extension of time to file a
7            motion pursuant to Federal Rules of Civil Procedure 59 and/or 60(b) after
             Plaintiff has had an opportunity to review the Report and Recommendation. So
8            construed, the motion is granted.

9                  IT IS HEREBY ORDERED that Plaintiff's motion for an extension of
             time to file a motion pursuant to Federal Rules of Civil Procedure 59 and/or
10           60(b) is **GRANTED**. (ECF No. 177). No later than **November 15, 2011**,
             Plaintiff may file a motion pursuant to Rules 59 and/or 60(b). The Clerk of the
11           Court shall mail Plaintiff a copy of the Report and Recommendation filed on
             July 1, 2011.
12

13   *Id.* at 2 (emphasis in original).

14           On September 19, 2011, the Clerk of the Court received a Notice of Appeal of the

15   August 19, 2011 Order of the Court (ECF No. 179) and a "Motion for Relief from Judgment

16   Pursuant to F.R.A.P. Rule 60(b) or Alternatively, to Alter, Amend Judgment Pursuant to

17   F.R.C.P. Rules 52(b) and 59(e), 60(b)" ("Motion for Relief from Judgment"). (ECF No. 183).

     The Court construed the Motion for Relief from Judgment to be a motion for an indication
18
     pursuant to *Crateo, Inc. v. Intermark, Inc.*, 536 F.2d 862, 869 (9th Cir. 1976). (ECF No. 187).
19
     The motion was granted and the Court indicated that it would entertain a Rule 60(b) motion.
20
     *Id.*
21
             On November 4, 2011, the Court of Appeals for the Ninth Circuit issued an order
22
     stating: "[T]he district court issued an order indicating its willingness to entertain appellant's
23
     Federal Rule of Civil Procedure 60(b) motion. This appeal is remanded to the district court
24
     for the limited purpose of enabling the district court to consider appellant's motion." (ECF No.
25
     190 at 1) (citations omitted).
26
             On November 8, 2011, Plaintiff filed a request for judicial notice of "all materials ... as
27
     evidence in support of Plaintiff's motion in opposition to summary judgment ... and that said
28
     materials be ruled authenticated and admissible at trial." (ECF No. 192 at 1).

1   On November 8, 2011, Plaintiff filed an Objection to the Report and Recommendation.
2   (ECF No. 196).  Defendants have not responded to Plaintiff's Objection to the Report and
3   Recommendation.

4   On November 8, 2011, Plaintiff filed a Motion to Vacate Judgment pursuant to Fed. R.
5   Civ. P. 60(b) (ECF No. 198) and a Motion to Remand Case to District Court pending a ruling
6   on the Motion to Vacate Judgment (ECF No. 200).  On November 18, 2011, Defendants filed
7   an Opposition to the Motion to Vacate Judgment.  (ECF No. 202).  On November 30, 2011,
8   Plaintiff filed a Reply.  (ECF No. 203).

9   **II.    Discussion**

10   Plaintiff requests that the Court vacate the judgment entered in this case and consider
11   Plaintiff's objection to the Report and Recommendation.  Plaintiff contends that he did not
12   receive a copy of the Report and Recommendation, although he kept the Court apprised of
13   changes in his address.  Plaintiff contends that he did not have an opportunity to oppose the
14   Report and Recommendation, so his objections were not considered by the Court de novo.

15   Defendants contend that the judgment should not be disturbed. Defendants contend that
16   it "seems extremely improbable" that Plaintiff did not receive a copy of the Report and
17   Recommendation. (ECF No. 202 at 4).  Defendants contend that it is more likely that Plaintiff
18   "simply failed to timely respond."  *Id.*  Defendants contend that they would be prejudiced if
19   the judgment were vacated because "Defendants should be allowed at some point to be free
20   from the worry and stress of having to defend themselves against an occurrence that happened
21   over five years ago."  *Id.* at 5.

22   Rule 60(b) provides in relevant part:

23   On motion and upon such terms as are just, the court may relieve a party ... from
     a final judgment, order, or proceeding for the following reasons: (1) mistake,
24   inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
     which by due diligence could not have been discovered in time to move for a
25   new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct of an
     adverse party; (4) the judgment is void; (5) the judgment has been satisfied...;
26   or (6) any other reason justifying relief from the operation of the judgment.

27   Fed. R. Civ. P. 60(b); *see also Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005) (Rule 60(b)
28   applies to habeas proceedings under 28 U.S.C. § 2254).  The burden of proof is on the party

- 3 -

1   bringing the Rule 60(b) motion. *See Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383

2   (1992); *see also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F .3d 1255, 1262 (9th Cir. 1993) (citations

3   omitted).

4          To justify relief under Rule 60(b)(1), a party must show "excusable neglect." Fed. R.

5   Civ. P. 60(b)(1). "The determination of whether neglect is excusable is at bottom an equitable

6   one, taking account of all relevant circumstances surrounding the party's omission.   To

7   determine when neglect is excusable, we conduct the equitable analysis ... by examining...: (1)

8   the danger of prejudice to the opposing party; (2) the length of the delay and its potential

9   impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in

10  good faith." *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quotations omitted). "To

11  justify relief under subsection (6) [of Rule 60], a party must show 'extraordinary

12  circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v.*

13  *Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). Courts "use Rule 60(b)(6) sparingly

14  as an equitable remedy to prevent manifest injustice.   To receive relief under Rule 60(b)(6),

15  a party must demonstrate extraordinary circumstances which prevented or rendered him unable

16  to prosecute his case." *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) (quotations

17  omitted); *see also Cmty. Dental Servs. V. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). "Relief

18  under Rule 60(b)(6) will not be granted unless the moving party is able to show both injury and

19  circumstances beyond its control prevented timely action to protect its interest." *Gardner v.*

20  *Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009).

21         After reviewing the record, the Court finds that Plaintiff has demonstrated injury

22  because he had no opportunity to timely file objections to the Report and Recommendation.

23  The Court finds that Plaintiff has demonstrated that his inability to timely file objections to the

24  Report and Recommendation resulted from circumstances beyond his control.   The Court

25  concludes that Plaintiff has demonstrated "extraordinary circumstances which prevented or

26  rendered him unable to prosecute his case" sufficient to warrant relief from judgment.

27  ///

28  ///

08cv408-WHQ-BLM

1

**III.    Conclusion**

2          IT IS HEREBY ORDERED that Motion to Vacate Judgment pursuant to Fed. R. Civ.

3 P. 60(b) (ECF No. 198) filed by Plaintiff William John Daughtery is GRANTED.  The August

4 19, 2011 Order adopting the Report and Recommendation (ECF No. 174) and the August 19,

5 2011 Judgment (ECF No. 175) are VACATED.

6          IT IS FURTHER ORDERED THAT the Motion to Remand Case to District Court

7 pending a ruling on the Motion to Vacate Judgment (ECF No. 200) and Motion for Status of

8 Motion to Vacate (ECF No. 204) filed by Plaintiff William John Daughtery are DENIED as

9 moot.

10          Plaintiff has filed an Objection to the Report and Recommendation (ECF No. 196), a

11 motion for the evidence submitted in support of Plaintiff's Opposition to Summary Judgment

12 to be ruled authenticated and admissible (ECF No. 192), and additional evidence (ECF No.

13 198-1 through 198-4).  Defendants shall file any reply to these filings (ECF Nos. 192, 196, and

14 198-1 through 198-4) by **no later than 21 days** from the date of this Order.

15

16

17 DATED: _____4/9/12_____

18                                             WILLIAM Q. HAYES
                                             UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

08cv408-WHQ-BLM