# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JOHN DAUGHTERY,<br><br>                 Plaintiff,<br>vs.<br><br>DENNIS WILSON, San Diego Police Officer; ESMERALDA TAGABAN, San Diego Police Officer; DET. LEMUS, San Diego Police Officer; SGT. GRIFFIN, San Diego Police Officer,<br><br>                 Defendants. | CASE NO. 08cv408-WQH-BLM<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Report and Recommendation of Magistrate Judge (ECF No. 173), recommending that the Court grant the Motion for Summary Judgment filed by all Defendants (ECF No. 154).

## BACKGROUND

On October 23, 2009, Plaintiff William John Daughtery, a state prisoner proceeding pro se, filed the Second Amended Complaint, which is the operative pleading in this action. (ECF No. 125). Plaintiff alleges that the Defendants, four San Diego Police Department employees, failed to provide care for serious medical needs on March 9, 2006, the day of Plaintiff's arrest, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

On January 7, 2011, Defendants filed a motion for summary judgment. (ECF No. 154). On January 24, 2011, Plaintiff filed an opposition. (ECF No. 159). On February 7, 2011,

Defendants filed a reply. (ECF No. 167). On May 25, 2011, with the Court's leave, Plaintiff filed a supplemental opposition to the motion for summary judgment. (ECF No. 171). On June 1, 2011, Defendants filed a sur-reply. (ECF No. 172).

On July 1, 2011, the Magistrate Judge issued the Report and Recommendation. (ECF No. 173). The Report and Recommendation states:

> Plaintiff has not established that he suffered a serious medical injury or had a serious medical need or that any Defendant denied him medical treatment, unreasonably delayed any medical treatment, or ignored or interfered with a doctor's orders to provide medical treatment. Rather, Defendants have established that they promptly and repeatedly brought Plaintiff before the appropriate medical personnel. Thus, no question of material fact exists as to whether Defendants were deliberately indifferent to Plaintiff's serious medical need and no reasonable jury could find for Plaintiff on this issue. Accordingly, the Court recommends that Defendants' motion for summary judgment be granted as to all Defendants.

*Id.* at 25. The Report and Recommendation states that "any written objections to this Report must be filed with the Court and served on all parties no later than July 22, 2011." *Id.* at 28.

Plaintiff failed to file timely objections to the Report and Recommendation, but submitted belated objections on November 8, 2011, stating that he did not receive the Report and Recommendation earlier. (ECF No. 196). On April 10, 2012, the Court accepted Plaintiff's late objections to the Report and Recommendation. (ECF No. 205). On April 30, 2012, with the Court's leave, Defendants filed a reply. (ECF No. 207). On May 22, 2012, Plaintiff filed a sur-reply (ECF No. 210) and a motion to renew his January 21, 2011 motion for the admission of records in anticipation of trial (ECF No. 212).

**RULING OF THE COURT**

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). When a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objections are filed, the district court need not review the Report and Recommendation de novo. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). A district

1  court may "accept, reject, or modify, in whole or in part, the findings or recommendations
2  made by the magistrate judge." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

3      The Court has reviewed the Report and Recommendation in its entirety, along with the
4  briefing and evidence submitted by both parties. Plaintiff fails to submit evidence or argument
5  in objection to the Report and Recommendation that alters the conclusions reached by the
6  Magistrate Judge. The Magistrate Judge correctly concluded that Defendants met their burden
7  of demonstrating the absence of a genuine issue of material fact as Plaintiff's claim for
8  deliberate indifference to serious medical needs. The evidence before the Court shows that
9  Defendants promptly and repeatedly brought Plaintiff before the appropriate medical
10 personnel, none of whom reported to Defendants that Plaintiff required any treatment or that
11 Defendant was exhibiting signs of physical distress or discomfort on the day of his arrest. The
12 Magistrate Judge correctly concluded that Plaintiff fails to produce evidence demonstrating
13 that a genuine issue of material fact exists as to Plaintiff's claim for violation of the Fourteenth
14 Amendment and 42 U.S.C. § 1983. The Court concludes that the Report and Recommendation
15 should be adopted in its entirety.

## CONCLUSION

17     IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 173) is
18 ADOPTED in its entirety. The Motion for Summary Judgment filed by Defendants (ECF No.
19 154) is GRANTED. The Motion to Renew Consideration of his earlier evidentiary motion
20 filed by Plaintiff (ECF No. 212) is denied as moot.

21     The Clerk of the Court is instructed to enter judgment in this case for Defendants and
22 close the case.

23 DATED:  October 29, 2012

24                                                       _William Q. Hayes_
25                                         **WILLIAM Q. HAYES**
                                        United States District Judge

26
27
28